FILED

2014 JUL -3 PM 12:52

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY _____

1 Richard K. Howell (State Bar No. 144241)
email: rhowell@rutan.com
2 Ronald P. Oines (State Bar No. 145016)
email: roines@rutan.com
3 Kathryn Domin (State Bar No. 274771)
email: kdomin@rutan.com
4 RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
5 Costa Mesa, California 92626-1931
Telephone: 714-641-5100
6 Facsimile: 714-546-9035

7 Attorneys for Plaintiff JOHN WAYNE ENTERPRISES, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

JOHN WAYNE ENTERPRISES, LLC, a California limited liability company,

Plaintiff,

vs.

DUKE UNIVERSITY, a North Carolina corporation; and DOES 1 through 10,

Defendants.

Case No. SACV14-01020 DOC (ANx)

**COMPLAINT FOR DECLARATORY RELIEF RE TRADEMARKS**

**DEMAND FOR JURY TRIAL**

Plaintiff JOHN WAYNE ENTERPRISES, LLC ("JWE"), for its Complaint against defendant DUKE UNIVERSITY ("Duke University") and DOES 1 through 10, inclusive (collectively, "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this Complaint pursuant to 15 U.S.C. § 1121 (Lanham Act) because it includes claims for declaratory relief regarding trademarks, including federally registered trademarks.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), as Duke University resides in this judicial district, a substantial part of the events, omissions and acts which are the subject matter of this action occurred within the Central District of California, and a substantial part of the property that is the subject of the action is located in the Central District of California.

## THE PARTIES

3. JWE is, and at all relevant times was, a California limited liability company having its principal place of business located in Newport Beach, California.

4. JWE is informed and believes, and based thereon alleges, that Duke University is a North Carolina corporation having its principal place of business located in Durham, North Carolina. Duke University resides in this judicial district because, among other things, it is subject to personal jurisdiction in this judicial district.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to JWE, which therefore sues said defendants by such fictitious names. JWE will seek leave of this Court to amend this Complaint to include their proper names and capacities when they have been ascertained. JWE is informed and believes, and based thereon alleges, that each of the fictitiously named defendants participated in and are in some manner responsible for the acts described in this Complaint.

6. JWE alleges on information and belief that each of the defendants named herein as DOES 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, and proximately caused the injury alleged herein, and are liable to JWE for the relief sought herein.

7. JWE alleges on information and belief that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the defendants was the agent and employee of each of the other defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other defendants.

## JOHN WAYNE AND JWE

8. From the earliest points in his life and career, world renowned actor, director, and producer, John Wayne, was known to family, friends, and fans alike as Duke Morrison, Duke Wayne, Duke, and The Duke.

9. John Wayne was born Marion Robert Morrison in Winterset, Iowa in 1907. When he was a boy, his family moved west to Lancaster, California and later to Glendale, California in 1911. While living in Glendale, Wayne had a dog named Duke. The local firefighters soon starting calling Wayne Duke too. He preferred "Duke" to "Marion," and the name stuck for the rest of his life.

10. Wayne played football for the 1924 champion Glendale High School team and earned a football scholarship to the University of Southern California. A body surfing accident in Newport Beach cut short his promising athletic career, so Wayne looked to studio work to pay his tuition. In a film called *The Big Trail*, Marion Morrison became John Wayne, and the movie business -- and the country -- would never be the same.

11. Wayne's monumental film career spanned five decades. He appeared in more than 175 films and for an entire generation, was Hollywood's biggest and most durable box-office star. Incredibly versatile, Wayne starred in just about every

genre Hollywood offered: war movies, romantic comedies, police dramas, and histories. But it was the Western where Wayne made his most lasting mark. He was nominated three times for an Academy Award, winning the Oscar for Best Actor in 1969 for *True Grit*. His powerful performance in *The Searchers* has been singled out by filmmakers and actors alike as the greatest performance by an actor on film, ever.

12. Throughout his career, Wayne's nickname, Duke, remained, and he was, and is to this day, often referred to simply as "Duke" or "The Duke."

13. Wayne moved to Orange County in the 1960s and was a prominent political figure in both Orange County and Los Angeles. He was diagnosed with lung cancer in 1964 and beat it after a successful surgery. Fifteen years later he was again diagnosed with cancer, succumbing to the disease in 1979. Posthumously, Wayne was awarded the Congressional Gold Medal. A year later, in 1980, President Jimmy Carter awarded him the Presidential Medal of Freedom, America's highest civilian honor. To this day, Wayne appears in the Harris Poll's annual listings of America's favorite movie stars. He has never been out of the top ten since the Poll's inception.

14. JWE -- a Wayne family business -- was established in order to preserve and protect the name, image, and likeness of John Wayne by associating the John Wayne brand with quality and timeless products and experiences that embody the spirit of John Wayne and give back to the community.

## DUKE UNIVERSITY'S BUSINESS AND OPPOSITIONS FILED AGAINST JWE

15. On or about February 26, 2013, JWE filed a trademark application for the mark "Duke," registration serial no. 85860463, for alcoholic beverages except beers, all in connection with indicia denoting the late internationally known movie star John Wayne, who is also known as Duke. The application was published for

opposition in the Official Gazette on or about July 16, 2013.

16. On or about March 1, 2013, JWE filed a trademark application for the mark "Duke John Wayne," registration serial no. 85864358, for alcoholic beverages except beers, all in connection with indicia denoting the late and internationally renowned movie star John Wayne, who is also known as Duke. The application was published for opposition in the Official Gazette on or about August 6, 2013.

17. The marks that are the subjects of registration serial numbers 85860463 and 85864358 may hereinafter collectively be referred to as the "JWE Marks."

18. JWE's use of and attempts to register the JWE Marks and any other marks that may include the word "Duke" have always been in direct connection with John Wayne's name, image, or likeness.

19. On information and belief, Duke University is a private research university. Duke University is not and never has been associated with John Wayne. Duke University is not and never has been in the business of producing, marketing, distributing, or selling alcohol. It has never sought to register or use trademarks in any class associated with either the manufacture or sale of alcoholic beverages.

20. On information and belief, the actual and potential customer base of Duke University is vastly different from the customer base of JWE. Likewise, the marketing channels used by Duke University to market its university-related products and services are vastly different from channels used by JWE to market its products.

21. On information and belief, Duke University sometimes uses marks that consist of the word "Duke" in connection with the sale of its university-related products and services (the "Duke University Marks"). However, Duke University does not own the word "Duke" in all contexts for all purposes. Duke is a common word that has been in use for centuries in a wide array of commercial and other applications wholly independent of Duke University. Yet by the actions alleged

herein, Duke University seems to think it owns the word "Duke" for all purposes and applications.

22. On or about October 24, 2005, Duke University filed a Notice of Opposition to JWE's application no. 76546721 to register the mark "Duke" in connection with restaurant services.

23. On or about November 29, 2010, Duke University filed a petition for cancellation of JWE's "Duke" mark, registration no. 3128325

24. On or about November 13, 2013, Duke University filed a Notice of Opposition and Opposition to Registration of Mark, opposing JWE's application no. 85860463. On or about December 4, 2013, Duke University filed a Notice of Opposition and Opposition to Registration of Mark, opposing JWE's application no. 85864358 (together, the "Oppositions").

25. Duke University states that the grounds for the Oppositions are "deceptiveness," "false suggestion of a connection," "priority and likelihood of confusion," and "dilution." The Oppositions allege that JWE "seeks to register a mark that is substantially similar to [Duke University]'s famous mark . . . for goods that are closely related to goods and services with which [Duke University]'s Duke Marks are used . . . ." The Oppositions also allege that the JWE Marks "so resemble[] [Duke University]'s marks as to be likely to cause confusion, to cause mistake, and to deceive." In the Oppositions, Duke University further alleges that use of the JWE Marks "is likely to interfere with [Duke University]'s use and exploitation of [Duke University]'s Duke Marks, to falsely suggest a connection with [Duke University], and to diminish, dilute, and tarnish [Duke University]'s rights in said Duke Marks and the distinctive quality thereof and the goodwill associated therewith which presently inures to the benefit of [Duke University]."

26. Apparently, Duke University believes that products bearing John Wayne's world renowned image and signature, like the bottle of bourbon depicted

in Exhibit A attached hereto, will somehow be confused as being associated with Duke University. The bottle of bourbon in Exhibit A is imprinted with "Monument Valley Distillers." John Wayne's image and signature are prominently featured on the label, along with the words "Kentucky Straight Bourbon Whiskey Small Batch" and the image of a shot gun shell casing. Suffice to say, as is evident from Exhibit A, JWE regards Duke University's apparent belief that the JWE Marks cause confusion and dilution as ludicrous.

27. In light of the multiple oppositions and cancellation proceedings Duke University has filed against JWE and the claims made therein, JWE believes Duke University contends JWE's registration and use of the JWE Marks, or any other mark that may include the term "Duke," are likely to cause confusion with the Duke University Marks and intends to sue JWE for trademark infringement, notwithstanding that JWE's use is directly associated with and expressly linked to John Wayne. As a result, JWE moves forward with its investment of time into the products marked with the JWE Marks with the cloud of an eventual infringement claim. JWE believes that the JWE Marks and other similar marks are not likely to cause confusion, do not dilute, and do not infringe the Duke University Marks, and seeks a judicial declaration of no likelihood of confusion and nondilution to remove that cloud.

## DUKE UNIVERSITY'S CONTINUOUS AND SYSTEMATIC CONTACTS WITH THE CENTRAL DISTRICT OF CALIFORNIA

28. On information and belief, Duke University is in the business of providing educational services and related products through its private research university. For years, Duke University has had, and continues to have, continuous and systematic contacts in California, and in particular, the Central District of California.

29. On information and belief, Duke University advertises its educational

1  services in the Central District of California and actively recruits students residing in
2  the Central District of California to attend its university. Students in the Central
3  District of California can pay an application fee and submit an application to Duke
4  University on its interactive website.
5     30.   On information and belief, Duke University raises money in the Central
6  District of California, including through its fundraising campaigns like Duke
7  Forward, and through its interactive website.
8     31.   On information and belief, Duke University advertises and maintains
9  alumni associations in the Central District of California.
10    32.   On information and belief, Duke University participates in collegiate
11 athletic events in the Central District of California.
12    33.   On information and belief, Duke University advertises and sells its
13 university-related products to customers residing in the Central District of
14 California, through, among other things, its online store.
15    34.   Under applicable law, the foregoing allegations of Duke University's
16 continuous and systematic contacts with California are clearly sufficient to support
17 this Court's exercise of personal jurisdiction over Duke University.

### FIRST CLAIM FOR RELIEF

(Declaratory Judgment – No Likelihood of Confusion)

20    35.   JWE realleges each and every allegation set forth in paragraphs 1
21 through 34, inclusive, and incorporates them herein by this reference.
22    36.   An actual controversy has arisen and now exists between JWE and
23 Duke University in that Duke University contends that JWE's registration and use of
24 the JWE Marks, as well as any other marks that include the word "Duke," cause a
25 likelihood of confusion with the Duke University Marks.
26    37.   JWE desires a judicial determination and declaration that JWE's
27 registration and use of the JWE Marks and other similar marks are not likely to
28

cause confusion with any of the Duke University Marks and do not infringe on any valid trademark rights of Duke University, or otherwise violate any of Duke University's rights. Such declaration is necessary and appropriate at this time so that JWE may ascertain its rights with respect to the registration and use of the JWE Marks and other similar marks.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment – Nondilution of Trademark)

38. JWE realleges each and every allegation set forth in paragraphs 1 through 37, inclusive, and incorporates them herein by this reference.

39. An actual controversy has arisen and now exists between JWE and Duke University in that Duke University contends that JWE's registration and use of the JWE Marks, and other marks that include the word "Duke," dilute the Duke University Marks.

40. JWE desires a judicial determination and declaration that JWE's registration and use of the JWE Marks and other similar marks do not dilute any valid trademark of Duke University, or otherwise violate any of Duke University's rights. Such a declaration is necessary and appropriate at this time so that JWE may ascertain its rights with respect to registration and use of the JWE Marks.

## PRAYER FOR RELIEF

WHEREFORE, JWE prays for judgment against Defendants as follows:

1. For a Declaratory Judgment that JWE's registration and use of the JWE Marks are not likely to cause confusion with any of the Duke University Marks, infringe on any valid trademark right of Defendants, or otherwise violate any of Defendants' rights;

2. For a Declaratory Judgment that JWE's registration and use of the JWE Marks do not dilute any valid trademark of Defendants or otherwise violate any of Defendants' rights;

1      3.    For reasonable attorneys' fees, to the extent authorized by law, including because this is an exceptional case under the Lanham Act;

    4.    For costs of suit; and

    5.    For such other and further relief as the Court deems just and proper.

Dated: July 3, 2014

RUTAN & TUCKER, LLP
RICHARD K. HOWELL
RONALD P. OINES
KATHRYN DOMIN

By: /s/ Kathryn Domin
Kathryn Domin
Attorneys for Plaintiff JOHN WAYNE ENTERPRISES, LLC

## DEMAND FOR JURY TRIAL

Pursuant to Local Rule 38-1 of the Local Rules of the United States District Court for the Central District of California, JWE hereby demands a jury trial.

Dated: July 3, 2014

RUTAN & TUCKER, LLP
RICHARD K. HOWELL
RONALD P. OINES
KATHRYN DOMIN

By: /s/ Kathryn Domin
Kathryn Domin
Attorneys for Plaintiffs JOHN WAYNE ENTERPRISES, LLC

# EXHIBIT A




EXHIBIT A, PAGE 11