1 | Richard K. Howell (State Bar No. 144241)
rhowell@rutan.com
2 | Ronald P. Oines (State Bar No. 145016)
roines@rutan.com
3 | Jeffrey B. Fohrer (State Bar No. 251308)
jfohrer@rutan.com
4 | Kathryn Domin (State Bar No. 274771)
kdomin@rutan.com
5 | RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
6 | Costa Mesa, California 92626-1931
Telephone:  714-641-5100
7 | Facsimile:   714-546-9035

8 | Attorneys for Plaintiff
JOHN WAYNE ENTERPRISES, LLC

9

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA

12 | SOUTHERN DIVISION

13 | JOHN WAYNE ENTERPRISES,
LLC, a California limited liability
14 | company,

Case No. SACV 14-01020 DOC (ANx)

15 |      Plaintiff,

**PLAINTIFF'S OPPOSITION TO
DEFENDANT DUKE UNIVERSITY'S
MOTION TO DISMISS**

16 |     vs.

17 | DUKE UNIVERSITY, a North
Carolina corporation; and DOES 1
18 | through 10,

Date:          September 8, 2014
Time:          8:30 a.m.
Courtroom:   9D
Honorable David. O. Carter

19 |      Defendants.

20

21

22

23

24

25

26

27

28

Rutan & Tucker, LLP
attorneys at law

2345/029179-0011
7355556.2 a08/18/14

Case No. SACV 14-01020 DOC (ANx)
PLAINTIFF'S OPPOSITION TO DEFENDANT
DUKE UNIVERSITY'S MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ............................1

II.   RELEVANT BACKGROUND.......................................................5

    A.    "Duke" – John Wayne.................................................5

    B.    Duke University's Business and Oppositions Filed Against
        JWE ...............................................................6

    C.    JWE Initiates This Action To Remove The Cloud Of An
        Eventual Infringement Claim..............................................11

III.  DUKE UNIVERSITY'S MOTION TO DISMISS SHOULD BE
    DENIED ...............................................................11

    A.    The Court Has Personal Jurisdiction Over Duke University..............11

        1.    Duke University Purposely Availed Itself of the
            Privilege of Conducting Activities in California,
            Thereby Invoking Its Benefits and Protections ........................13

        2.    JWE's Claims Arise Out Of Or Are Related To
            Duke University's Activities In California..............................16

        3.    The Exercise Of Jurisdiction Over Duke University
            In California Is Reasonable ......................................17

    B.    Venue is Proper in the Central District ...............................19

IV.   CONCLUSION ...............................................................20

Rutan & Tucker, LLP
attorneys at law

2345/029179-0011
7355556.2 a08/18/14

-i-

Case No. SACV 14-01020 DOC (ANx)
PLAINTIFF'S OPPOSITION TO
DEFENDANT DUKE UNIVERSITY'S

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*AAA v. Darba Enters, Inc.*,
2009 U.S. Dist. LEXIS 37564 (N.D. Cal. April 21, 2009) ................................ 11

*Avocent Huntsville Corp. v. Aten Int'l Co.*,
552 F.3d 1324 (Fed.Cir. 2008) ................................................................. 15

*Ballard v. Savage*,
65 F.3d 1495 (9th Cir. 1995) ..................................................3, 4, 12, 13, 16, 17

*Brayton Purcell LLP v. Recordon & Recordon*,
606 F.3d 1124 (9th Cir. 2010) ................................................................. 12

*Buck's, Inc. v. Buc-ee's, Ltd.*,
2009 U.S. Dist. LEXIS 53861 (D. Neb. June 25, 2009) ...................4, 13, 15, 16

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 ....................................................................................12, 17

*Calder v. Jones*,
465 U.S. 783 (1984) ...........................................................................4, 13, 15

*Doe v. Unocal Corp.*,
248 F.3d 915 (9th Cir. 2001) ................................................................. 12

*Dole Food Co., Inc. v. Watts*,
303 F.3d 1104 (9th Cir. 2002) ................................................................. 13

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984) ............................................................................. 12

*Hirsch v. Blue Cross, Blue Shield*,
800 F.2d 1474 (9th Cir. 1986) ................................................................. 13

*Inamed Corp. v. Kuzmak*,
249 F.3d 1356 (Fed. Cir. 2001) .............................................................4, 17

*Omeluk v. Langsten Slip & Batbyggeri A/S*,
52 F.3d 267 (9th Cir. 1995) ..................................................................4, 12, 16

*Tuazon v. R.J. Reynolds Tobacco Co.*,
433 F.3d 1163 (9th Cir. 2006) ................................................................. 11

*Yahoo! Inc. v. La Ligue Contre Le Racisme*,
433 F.3d 1199 (9th Cir. 2006) ................................................................. 14

Rutan & Tucker, LLP
*attorneys at law*

2345/029179-0011
7355556.2 a08/18/14

-ii-

Case No. SACV 14-01020 DOC (ANx)
PLAINTIFF'S OPPOSITION TO
DEFENDANT DUKE UNIVERSITY'S

**Page(s)**

**FEDERAL STATUTES**

28 U.S.C.
    section 1391(b)(1)................................................................................ 19
    28 U.S.C. section 1391(b)(2)............................................................... 19
    28 U.S.C. section 1391(c)................................................................... 19
    28 U.S.C. section 1391(c)(2).............................................................. 19

**OTHER AUTHORITIES**

http://www.afi.com/100years/stars.aspx.................................................... 1

http://www.businessweek.com/articles/2014-07-15/john-waynes-estate-is-
    suing-duke-university-over-the-name-duke. ........................................ 2

http://www.latimes.com/local/la-me-duke-on-duke-20140711-story.html......... 2, 10

Jill Cowan, *John Wayne Heirs Duke It Out With University*, L.A. TIMES,
    July 11, 2014................................................................................ 2, 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Rutan & Tucker, LLP
*attorneys at law*

2345/029179-0011
7355556.2 a08/18/14

-iii-

Case No. SACV 14-01020 DOC (ANx)
PLAINTIFF'S OPPOSITION TO
DEFENDANT DUKE UNIVERSITY'S

## I.  INTRODUCTION AND SUMMARY OF ARGUMENT.

John "Duke" Wayne is one of the most well known and recognizable actors of all time.  His name, likeness and movies are legendary.[1]  He is well known throughout the world, but perhaps nowhere more than in Orange County, California.  The county where Mr. Wayne spent the last decades of his life honored him by adorning the Orange County airport with his name and likeness.  It is also well known that Mr. Wayne has been known, and will forever be identified as "Duke" and "The Duke."

Plaintiff John Wayne Enterprises, LLC ("JWE") is a small company based in Newport Beach that owns the rights to Mr. Wayne's name, image, likeness, etc.  Mr. Wayne's son Ethan is primarily responsible for the operation of JWE.  JWE has used the name, image and likeness of Mr. Wayne in connection with various endeavors.  This action arises out of JWE's use and attempts to register Mr. Wayne's nickname "Duke" and his image and likeness in connection with the sale of high end alcoholic beverages.

Duke University, which the public knows never has and never will sell alcoholic beverages under a "Duke" brand, has aggressively challenged JWE's actual and proposed uses of marks that include the word "Duke," remarkably, even when "Duke" is used along with the term "John Wayne" or other clear indicia of John Wayne, and, incredibly, when used in connection with alcoholic beverages bearing the likeness, name, image and signature of John Wayne.  Duke University's position in this dispute is absurd, a reality it has no doubt become aware of given the amount of media attention questioning Duke University's posture that it somehow owns the word "Duke."

In its Motion, Duke University argues that this action "should never have been filed."  On the contrary, this action is necessary to put an end to Duke

---

[1]   The American Film Institute named Mr. Wayne thirteenth on its list of greatest male film actors of **all time**.  *See*, http://www.afi.com/100years/stars.aspx

Rutan & Tucker, LLP
attorneys at law

2345/029179-0011
7355556.2 a08/18/14                    -1-

Case No. SACV 14-01020 DOC (ANx)
PLAINTIFF'S OPPOSITION TO DEFENDANT
DUKE UNIVERSITY'S MOTION TO DISMISS

University's overly aggressive attacks on JWE's attempts to use "Duke" with indicia of John Wayne, which attacks include the filing of oppositions to the use of such marks as the image of John Wayne shown below:



The other mark Duke University has objected to is the mark "Duke" expressly to be used **with indicia of John Wayne**.  Duke University's position that the use of John Wayne's image, or the use of "Duke" along with John Wayne's image, likeness or other indicia is likely to cause confusion is, to put it bluntly, ridiculous.  Not surprisingly, when the press picked up on the filing of this lawsuit, Duke University back peddled to try to save face.  Duke University's spokesman, Michael Schoenfeld, now says the university does not object to JWE's use of "Duke" in connection with the sale of alcoholic beverages or other products as long as the use of "Duke" is accompanied with a connection to John Wayne with words or an image.[2]  Of course, Mr. Schoenfeld failed to mention that JWE has **always** indicated, including in the marks that are the subject of the opposition proceedings filed by the University, that JWE intended to use "Duke" only with indicia of John

---

[2]  *See*, http://www.businessweek.com/articles/2014-07-15/john-waynes-estate-is-suing-duke-university-over-the-name-duke.; *see also*, Jill Cowan, *John Wayne Heirs Duke It Out With University*, L.A. TIMES, July 11, 2014, http://www.latimes.com/local/la-me-duke-on-duke-20140711-story.html

Rutan & Tucker, LLP
attorneys at law

2345/029179-0011
7355556.2 a08/18/14

-2-

Case No. SACV 14-01020 DOC (ANx)
PLAINTIFF'S OPPOSITION TO DEFENDANT
DUKE UNIVERSITY'S MOTION TO DISMISS

Wayne.  Despite this apparent "meeting of the minds," Duke University continues with its frivolous challenges to JWE's use and registration of the marks.  Duke University's heavy handed tactics have been directed at JWE here in Orange County.  The harm is felt here in Orange County.  The marks being challenged are here in Orange County.  Given that Duke University seems to believe that it owns the word "Duke" in all commercial applications throughout this country and Duke University systematically and regularly uses its mark in its educational endeavors – and in its sales of school paraphernalia in stores throughout the state – here in the Central District, JWE should not be compelled to seek a resolution in North Carolina.

Duke University's motion seeks to dismiss JWE's Complaint on the ground that personal jurisdiction does not exist and on the ground that venue is improper. The venue argument is simply a recast of Duke University's argument that there is no personal jurisdiction. The motion should be denied.  The majority of Duke University's motion is devoted to the argument that general jurisdiction does not exist.  Yet Duke University fails to refute the evidence demonstrating that specific jurisdiction is present here.

To demonstrate that specific personal jurisdiction is appropriate: (1) the nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections[;] (2) the claim must be one which arises out of or results from the defendant's forum-related activities[; and] (3) exercise of jurisdiction must be reasonable. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).  Each of these elements are met.

*First*, Duke University purposefully directed its conduct to the residents of the forum state (California) in filing its Oppositions with the TTAB, knowing that the effect of these Oppositions would be to blunt JWE's (an Orange County entity)

Rutan & Tucker, LLP
attorneys at law

2345/029179-0011
7355556.2 a08/18/14

-3-

Case No. SACV 14-01020 DOC (ANx)
PLAINTIFF'S OPPOSITION TO DEFENDANT
DUKE UNIVERSITY'S MOTION TO DISMISS

ability to conduct its business. *Calder v. Jones*, 465 U.S. 783 (1984); *Buck's, Inc. v. Buc-ee's, Ltd.*, 2009 U.S. Dist. LEXIS 53861 (D. Neb. June 25, 2009) (finding that the filing of TTAB Oppositions constituted "purposefully directed" conduct at the forum state and thus denying defendant' motion to dismiss). Moreover, Duke University has directly communicated its heavy-handed "demands" relating to JWE's use of the marks to JWE and its counsel both of whom Duke University knows is located in Orange County.

*Second*, with regard to whether a particular claim arises out of or is related to the defendant's forum activities, the Ninth Circuit uses the "but for" test. *Ballard*, 65 F.3d at 1500. Therefore, a claim arises out of or relates to the forum activities if it would not have happened but for the forum activities. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270-71 (9th Cir. 1995). Here, JWE's claims for declaratory judgment arise out of Duke University's forum activities, i.e., Duke University's TTAB oppositions and demands expressly aimed at blunting JWE's (an Orange County business) ability to use its Marks. (Dkt. 1, ¶¶ 24-40.) Thus, this case arises out of or is related to Duke University's contacts with Orange County, California.

*Third*, having established that this Court may exercise personal jurisdiction over Duke University, the last remaining query is "whether assertion of personal jurisdiction is 'reasonable and fair.'" *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001). The defendant has the burden of rebutting the strong presumption in favor of jurisdiction. *Ballard,* 65 F.3d at 1500. Duke University, however, fails to meet its burden. Admittedly, Duke University for decades has enjoyed the privilege of doing business in California. Not surprisingly, Duke University fails to provide any argument or evidence why North Carolina's interest in this dispute is greater than California's. Likewise, Duke University fails to provide any explanation for its statement that "the burden of defending the suit" in California is "heavier" than doing so in North Carolina. Nonetheless, this "reasonable" test is

Rutan & Tucker, LLP
attorneys at law

2345/029179-0011
7355556.2 a08/18/14                    -4-

Case No. SACV 14-01020 DOC (ANx)
PLAINTIFF'S OPPOSITION TO DEFENDANT
DUKE UNIVERSITY'S MOTION TO DISMISS

1  Duke University's burden to prove, and because it fails to demonstrate that

2  jurisdiction is neither unreasonable nor unfair, its motion to dismiss must also fail.

3       In the final analysis, Duke University should not be permitted to specifically

4  target Southern California entities such as JWE with meritless TTAB Oppositions

5  and "demands" on the ground that the University's brand and mark are so "well

6  known" and famous, and then not answer for such conduct in the forum where the

7  conduct was directed.  Moreover, because the exercise of specific personal

8  jurisdiction is appropriate for the reasons discussed herein, Duke University's

9  motion to dismiss for improper venue should also be denied.

10 **II.**     **RELEVANT BACKGROUND.**

11      **A.**     **"Duke" – John Wayne.**

12      From the earliest points in his life and career, world renowned actor, director,

13 and producer, John Wayne, was known to family, friends, and fans alike as Duke

14 Morrison, Duke Wayne, Duke, and The Duke.  (Dkt 1, ¶ 8.)

15      John Wayne was born Marion Robert Morrison in Winterset, Iowa in 1907.

16 When he was a boy, his family moved west to Lancaster, California and later to

17 Glendale, California in 1911.  (*Id*., ¶ 9.)  While living in Glendale, Mr. Wayne had a

18 dog named Duke.  The local firefighters soon starting calling him "Duke" as well.

19 Mr. Wayne preferred "Duke" to "Marion," and the name stuck for the rest of his

20 life.  (*Id*.)

21      Mr. Wayne played football for the 1924 champion Glendale High School

22 team and earned a football scholarship to the University of Southern California.

23 (*Id*., ¶ 10.)  A body surfing accident in Newport Beach cut short his promising

24 athletic career, so Mr. Wayne looked to studio work to pay his tuition.  In a film

25 called *The Big Trail*, Marion Morrison became John Wayne, and the movie business

26 – and the country – would never be the same.  (*Id*.)

27      Mr. Wayne's monumental film career spanned five decades.  He appeared in

28 more than 175 films and for an entire generation, was Hollywood's biggest and most

Rutan & Tucker, LLP
attorneys at law

2345/029179-0011
7355556.2 a08/18/14                    -5-

Case No. SACV 14-01020 DOC (ANx)
PLAINTIFF'S OPPOSITION TO DEFENDANT
DUKE UNIVERSITY'S MOTION TO DISMISS

durable box-office star, starring in war movies, romantic comedies, police dramas, and histories.  But it was the Western where Mr. Wayne made his most lasting mark. He was nominated three times for an Academy Award, winning the Oscar for Best Actor in 1969 for *True Grit*.  (*Id.*, ¶ 11.)

Throughout his career, Mr. Wayne's nickname, Duke, remained, and he was, and is to this day, often referred to simply as "Duke" or "The Duke."  (*Id.*, ¶ 12.)

Mr. Wayne moved to Orange County in the 1960s and was a prominent political figure in both Orange County and Los Angeles.  (*Id.*, ¶ 13.)  He was diagnosed with lung cancer in 1964 and beat it after a successful surgery.  Fifteen years later he was again diagnosed with cancer, succumbing to the disease in 1979. Posthumously, Mr. Wayne was awarded the Congressional Gold Medal.  A year later, in 1980, President Jimmy Carter awarded him the Presidential Medal of Freedom, America's highest civilian honor.  To this day, Mr. Wayne appears in the Harris Poll's annual listings of America's favorite movie stars.  (*Id.*)  He has never been out of the top ten since the Poll's inception.  (*Id.*)

JWE – a Wayne family business – was established in order to preserve and protect the name, image, and likeness of John Wayne by associating the John Wayne brand with quality and timeless products and experiences that embody the spirit of John Wayne and give back to the community.  (*Id.*, ¶ 14.)

**B.    Duke University's Business and Oppositions Filed Against JWE.**

Duke University is a non-profit research and educational institution. According to Duke University, it is "one of the finest research universities in the United States," with a well-known athletic program, that actively recruits students and student athletes from California.  (Dkt. 10-1, pp. 8-9.)  Duke University also has multiple global educational programs in California as well as an extensive alumni association in California.  (*Id.*)  Furthermore, Duke University advertises and sells its University paraphernalia through its online store and various other retail outlets to residents and non-residents of California.  (*Id.*)

Rutan & Tucker, LLP
attorneys at law

2345/029179-0011
7355556.2 a08/18/14                    -6-

Case No. SACV 14-01020 DOC (ANx)
PLAINTIFF'S OPPOSITION TO DEFENDANT
DUKE UNIVERSITY'S MOTION TO DISMISS

1   The current dispute arises out of JWE's use and attempts to register marks
2   using "Duke" with indicia of John Wayne in connection with alcoholic beverages.

3   On or about February 26, 2013, JWE filed a trademark application for the
4   mark "Duke," with the description that it would be used in connection with
5   "Alcoholic beverages except beers, all in connection with indicia denoting the late
6   internationally known movie star John Wayne, who is also known as Duke,"
7   registration serial no. 85860463.  (*Id.*, ¶ 15.)  The application was published for
8   opposition in the Official Gazette on or about July 16, 2013.  (*Id.*)

9   On or about March 1, 2013, JWE filed a trademark application for the
10  following:



21  This mark, registration serial no. 85864358, also is for alcoholic beverages
22  except beers, all expressly in connection with indicia denoting the late and
23  internationally renowned movie star John Wayne, who is also known as Duke.  (*Id.*,
24  ¶ 16.)[3]  The application was published for opposition in the Official Gazette on or
25  about August 6, 2013.  (*Id.*)  Put simply, JWE has made it clear from the inception
26  of its applications that it does not seek to use "Duke" on a standalone basis.

27

28  [3]   The marks that are the subjects of registration serial numbers 85860463 and
    85864358 are sometimes referred to as the "JWE Marks" or the "Marks."

Rutan & Tucker, LLP
attorneys at law

2345/029179-0011
7355556.2 a08/18/14                    -7-

Case No. SACV 14-01020 DOC (ANx)
PLAINTIFF'S OPPOSITION TO DEFENDANT
DUKE UNIVERSITY'S MOTION TO DISMISS

JWE's use of and attempts to register the JWE Marks and any other marks that may include the word "Duke" have always been in direct connection with John Wayne's name, image, or likeness. (*Id.*, ¶ 18.)

Duke University is not and never has been associated with John Wayne. (*Id.*, ¶ 19.) Duke University is not and never has been in the business of producing, marketing, distributing, or selling alcohol. (*Id.*) It has never sought to register or use trademarks in any class associated with either the manufacture or sale of alcoholic beverages. (*Id.*) Thus, the actual and potential customer base of Duke University is vastly different from the customer base of JWE. (*Id.*, ¶ 20.) Likewise, the marketing channels used by Duke University to market its university-related products and services are vastly different from channels used by JWE to market its products. (*Id.*)

Duke University does not own the word "Duke" in all contexts for all purposes. (*Id.*, ¶ 21.) Notably, Duke University does not dispute that "Duke" is a common word that has been in use for centuries in a wide array of commercial and other applications wholly independent of Duke University. (*Id.*)

There is no conceivable possibility that anyone seeing "Duke" with indicia of John Wayne on an alcoholic beverage would believe "Duke" referred to Duke University. Yet Duke University still contends such use is likely to cause confusion. This is nonsense. Duke University's heavy-handed tactics have been going on for years. Enough is enough.

In its Motion, Duke University notes that there were prior disputes between the parties. In particular, on or about October 24, 2005, Duke University filed a Notice of Opposition to JWE's application no. 76546721 to register the mark "Duke" in connection with restaurant services. (*Id.*, ¶ 22.) On or about November 29, 2010, Duke University filed a petition for cancellation of JWE's "Duke" mark, registration no. 3128325 to be used in connection with celebrity licensing services. (*Id.*, ¶ 23.) In its Motion, Duke University implies that these prior disputes were

Rutan & Tucker, LLP
attorneys at law

2345/029179-0011
7355556.2 a08/18/14

-8-

Case No. SACV 14-01020 DOC (ANx)
PLAINTIFF'S OPPOSITION TO DEFENDANT
DUKE UNIVERSITY'S MOTION TO DISMISS

1  decided on the merits; they were not.  The prior proceedings were resolved because

2  JWE did not to go forward with the use of those particular marks on the particular

3  products and services.

4       Given that JWE did not pursue the earlier marks, Duke University may have

5  believed it could simply bully JWE into forever relinquishing its right to use "Duke"

6  to promote the image of John Wayne.  Duke University is wrong.  JWE has the right

7  to use "Duke" to promote the image of John Wayne and will continue to fight Duke

8  University's unreasonable demands.

9       In the current Oppositions, Duke University states that the grounds for the

10 Oppositions are "deceptiveness," "false suggestion of a connection," "priority and

11 likelihood of confusion," and "dilution."  (*Id.*, ¶ 25.)  The Oppositions allege that

12 JWE "seeks to register a mark that is substantially similar to [Duke University]'s

13 famous mark . . . for goods that are closely related to goods and services with which

14 [Duke University]'s Duke Marks are used . . . ."  (*Id.*)  The Oppositions also allege

15 that the JWE Marks "so resemble[] [Duke University]'s marks as to be likely to

16 cause confusion, to cause mistake, and to deceive."  (*Id.*)  In the Oppositions, Duke

17 University further alleges that use of the JWE Marks "is likely to interfere with

18 [Duke University]'s use and exploitation of [Duke University]'s Duke Marks, to

19 falsely suggest a connection with [Duke University], and to diminish, dilute, and

20 tarnish [Duke University]'s rights in said Duke Marks and the distinctive quality

21 thereof and the goodwill associated therewith which presently inures to the benefit

22 of [Duke University]."  (*Id.*)

23      It is, frankly, difficult to comprehend how Duke University can make such

24 allegations in its Oppositions.  Duke University cannot possibly truly believe that

25 the mark copied above, with the image and signature of John Wayne would lead

26 someone to believe that "Duke" in the mark refers to Duke University.  Nor could

27 Duke University possibly truly believe the label from the bottle of bourbon depicted

28 in Exhibit A to the Complaint (shown below) will somehow be confused as being

Rutan & Tucker, LLP
attorneys at law

2345/029179-0011
7355556.2 a08/18/14                              -9-

Case No. SACV 14-01020 DOC (ANx)
PLAINTIFF'S OPPOSITION TO DEFENDANT
DUKE UNIVERSITY'S MOTION TO DISMISS

1 | associated with Duke University:



11 | The bottle of bourbon in Exhibit A is imprinted with "Monument Valley
12 | Distillers." (*Id.*, ¶ 26.) John Wayne's image and signature are prominently featured
13 | on the label, along with the words "Kentucky Straight Bourbon Whiskey Small
14 | Batch" and the image of a shot gun shell casing. (*Id.*)

15 | It is ludicrous to argue that it is "likely" persons will believe the alcoholic
16 | beverage above is being offered for sale by Duke University. Yet that is exactly the
17 | position Duke University is taking in its Oppositions and in its demands to JWE.
18 | Not surprisingly, when Duke University's position became public knowledge, Duke
19 | University "publicly" back-tracked, stating that "the university doesn't object to the
20 | use of 'Duke' on alcoholic beverages, as long as it is clearly linked to John Wayne's
21 | likeness."[4] Yet in the Oppositions and in this case, Duke University continues to
22 | forge ahead with its ridiculous position, apparently hoping JWE will simply "give
23 | up. And to add insult to injury, Duke University asserts JWE, a small company with
24 | limited resources, must seek any resolution of Duke University's unreasonable
25 | demands in North Carolina.

---

[4] Jill Cowan, *John Wayne Heirs Duke It Out With University*, L.A. Times, July 11,
2014, http://www.latimes.com/local/la-me-duke-on-duke-20140711-story.html.

Rutan & Tucker, LLP
attorneys at law

2345/029179-0011
7355556.2 a08/18/14                    -10-

Case No. SACV 14-01020 DOC (ANx)
PLAINTIFF'S OPPOSITION TO DEFENDANT
DUKE UNIVERSITY'S MOTION TO DISMISS

**C.**   **JWE Initiates This Action To Remove The Cloud Of An Eventual Infringement Claim.**

In light of the multiple oppositions and cancellation proceedings Duke University has filed against JWE and the claims made therein, JWE believes Duke University contends JWE's registration and use of the JWE Marks, and any other mark that may include the term "Duke" along with indicia of John Wayne, are likely to cause confusion with the Duke University Marks and intends to sue JWE for trademark infringement.  Tellingly, Duke University does not refute this in its moving papers.[5]  JWE has made a significant investment of time and money in the products marked with the JWE Marks, and should not have to proceed with further investment under a cloud of uncertainty as to when Duke University will file its infringement claim consistent with its unreasonable demands.  JWE believes that the JWE Marks and other similar marks are not likely to cause confusion, do not dilute, and do not infringe the Duke University Marks, and in this action seeks a judicial declaration of no likelihood of confusion and nondilution to remove that cloud.  (*Id.*, ¶ 27.)

**III.**   **DUKE UNIVERSITY'S MOTION TO DISMISS SHOULD BE DENIED.**

**A.**   **The Court Has Personal Jurisdiction Over Duke University.**

Where a defendant challenges personal jurisdiction, and absent an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdiction to avoid the motion to dismiss. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1168 (9th Cir. 2006); *AAA v. Darba Enters, Inc.*, 2009 U.S. Dist. LEXIS 37564, *5 (N.D. Cal. April 21, 2009).  "That is, the plaintiff must present facts which, if true, establish jurisdiction." *AAA*, 2009 U.S. Dist. LEXIS 37564 at *5.  For purposes of plaintiff's prima facie jurisdictional showing, uncontroverted allegations in the

---

[5]  Although it does not challenge subject matter jurisdiction, Duke University asserts that it does not concede that there exists subject matter jurisdiction.  This is simply gamesmanship.  If Duke University does not intend to sue JWE for trademark infringement, it could simply covenant that it will not do so, which would divest the Court of subject matter jurisdiction.

Rutan & Tucker, LLP
attorneys at law

2345/029179-0011
7355556.2 a08/18/14                                    -11-

Case No. SACV 14-01020 DOC (ANx)
PLAINTIFF'S OPPOSITION TO DEFENDANT
DUKE UNIVERSITY'S MOTION TO DISMISS

plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor.  *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129 (9th Cir. 2010).

California permits the exercise of personal jurisdiction to the full extent permitted by due process.  *See, Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001).  There are two recognized bases for personal jurisdiction over nonresident defendants: (1) "general jurisdiction" which arises when a defendant's contacts with the forum state are so pervasive as to justify the exercise of jurisdiction over the person in all matters, and (2) "specific jurisdiction" which arises out of the defendant's contacts with the forum which relate to the litigation. *See, Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).  JWE does not contend that the Court has general jurisdiction over Duke University, but does contend that the Court has specific jurisdiction.

Courts in the Ninth Circuit use a three part test to determine whether the exercise of specific personal jurisdiction is appropriate:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections[;]
>
> (2) the claim must be one which arises out of or results from the defendant's forum-related activities[; and]
>
> (3) exercise of jurisdiction must be reasonable.

*Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (quoting *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995)).  If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78.  Here, application of the three prong test demonstrates that personal jurisdiction is

Rutan & Tucker, LLP
attorneys at law

2345/029179-0011
7355556.2 a08/18/14                                   -12-

Case No. SACV 14-01020 DOC (ANx)
PLAINTIFF'S OPPOSITION TO DEFENDANT
DUKE UNIVERSITY'S MOTION TO DISMISS

1  appropriate.

2        **1.     Duke University Purposely Availed Itself of the Privilege of**

3             **Conducting Activities in California, Thereby Invoking Its**

4             **Benefits and Protections.**

5        In the Ninth Circuit, "the 'purposeful availment' requirement is satisfied if the

6  defendant has taken deliberate action within the forum state or if he has created

7  continuing obligations to forum residents." *Ballard*, 65 F.3d at 1498 (citing *Hirsch*

8  *v. Blue Cross, Blue Shield*, 800 F.2d 1474, 1478 (9th Cir. 1986); emphasis added).

9  Significantly, "[i]t is not required that a defendant be physically present within, or

10 have physical contacts with, the forum, provided that his efforts are 'purposefully

11 directed' toward forum residents." *Hirsch*, 800 F.2d at 1478. (internal quotations

12 omitted).  In analyzing "purposeful direction" cases, the Ninth Circuit applies an

13 "effects test" derived from the Supreme Court's decision in *Calder v. Jones*, 465

14 U.S. 783, 787 (1984).

15       The Court in *Calder* found that the defendants' intent to direct their activities

16 to the forum state could be inferred from the defendants' knowledge that (1) the

17 article it published would have a "potentially devastating impact" on the plaintiff,

18 and (2) the "brunt" of that injury would be felt in California, where the publication

19 had its largest circulation. *Id.* at 789-90. ("In sum, California is the focal point both

20 of the story and of the harm suffered. . . . [Defendants] knew that the brunt of that

21 injury would be felt by respondent in the State in which she lives and works and in

22 which the National Enquirer has its largest circulation.").  Following *Calder*, the

23 "effects test" is satisfied if the defendant has "(1) committed an intentional act, (2)

24 expressly aimed at the forum state, (3) causing harm that the defendant knows is

25 likely to be suffered in the forum state." *Dole Food Co., Inc. v. Watts*, 303 F.3d

26 1104, 1111 (9th Cir. 2002).

27       *Buck's, Inc v. Buc-ee's, Ltd.*, 2009 U.S. Dist. LEXIS 53861 (D. Neb. June 25,

28 2009), a case relying on *Calder*, is directly on point.  There, the Texas-based

Rutan & Tucker, LLP
*attorneys at law*

2345/029179-0011
7355556.2 a08/18/14                    -13-

Case No. SACV 14-01020 DOC (ANx)
PLAINTIFF'S OPPOSITION TO DEFENDANT
DUKE UNIVERSITY'S MOTION TO DISMISS

defendant filed an opposition in the TTAB opposing the Nebraska plaintiff's application.  After the Nebraska plaintiff filed suit for, *inter alia*, declaratory judgment, the defendant challenged jurisdiction.  The court concluded that the defendant's "actions in filing its opposition before the TTAB were done for the 'very purpose' of having 'consequences felt in the forum state [Nebraska].'"  *Id.* at *16.  As the Court further stated, when the defendant filed its opposition before the TTAB, it "knew the brunt of the injury would be suffered in Nebraska, since Nebraska is the state where the plaintiff conducts the majority of its business."  *Id.* at *17.  In further support of this finding, the Court also stated: "Additionally, the court notes that defendant's counsel, Mr. Brian Wunder, sent a number of settlement letters directly to the plaintiff's offices located in Omaha, Nebraska. Declaration of John P. Passarelli, Filing No. 25, Exhs. A and B. The court finds these letters provide further support for the conclusion that the defendant knew the brunt of the injury caused by its actions would be felt in the State of Nebraska."  *Id.* at * 18, n. 2. For these reasons, the court found personal jurisdiction proper in Nebraska because it was the state where the plaintiff would suffer damage caused by the defendant's unmeritorious filing of an opposition to the plaintiff's trademark application.  *Id.* at *18.

*Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1205-1206 (9th Cir. 2006), also is instructive.  There, Yahoo! brought a California declaratory judgment action in diversity against French defendants, seeking an order that certain orders from a French court were unrecognizable and unenforceable.  *Id.* at 1201. The defendants challenged the district court's jurisdiction.  On appeal, the Ninth Circuit noted that the only bases for personal jurisdiction were (1) defendants action's sending cease and desist letters to Yahoo! in California; (2) serving process on Yahoo! in Santa Clara to commence the French suit; (3) obtaining two orders from the French court; and (4) serving the orders on Yahoo! in Santa Clara.  *Id.* at 1205.

Rutan & Tucker, LLP
attorneys at law

2345/029179-0011
7355556.2 a08/18/14

-14-

Case No. SACV 14-01020 DOC (ANx)
PLAINTIFF'S OPPOSITION TO DEFENDANT
DUKE UNIVERSITY'S MOTION TO DISMISS

1   Applying the "effects test," the Ninth Circuit found that these activities were
2   sufficient to subject the defendants to California jurisdiction.  The court noted that:

3   The suit sought, and the French court granted, orders

4   directing Yahoo! to perform significant acts in California.

5   It is of course true that the effect desired by the French

6   court would be felt in France, but that does not change the

7   fact that significant acts were to be performed in

8   California.  The servers that support yahoo.com are

9   located in California, and compliance with the French

10   court's orders necessarily would require Yahoo! to make

11   some changes to those servers.  Further, to the extent that

12   any financial penalty might be imposed pursuant to the

13   French court's orders, <u>the impact of that penalty would be</u>

14   <u>felt by Yahoo! at its corporate headquarters in California.</u>

15   *Id.* at 1209 (emphasis added); see also, *Avocent Huntsville Corp. v. Aten Int'l Co.*,

16   552 F.3d 1324, 1332-1333 (Fed.Cir. 2008) ("The relevant inquiry for specific

17   personal jurisdiction purposes then becomes to what extent has the defendant

18   patentee 'purposefully directed [such enforcement activities] at residents of the

19   forum,' and the extent to which the declaratory judgment claim 'arises out of or

20   relates to those activities.'")(citations omitted).

21   Application of the *Calder* "effects test" principles supports a finding that

22   Duke University purposefully availed itself of the privilege of conducting activities

23   in California and/or purposely directed its conducts at residents of California, and,

24   thus, personal jurisdiction is appropriate.  Similar to the defendant in *Buck's, Inc.*,

25   Duke University intentionally filed an opposition in the TTAB in which it knew that

26   the "brunt" impact of the injury caused by its filing of the opposition would be felt

27   in the forum state of the plaintiff – here, California.  (Dkt. 1, ¶¶ 24-40.)  In so doing,

28   Duke University expressly aimed this conduct at the forum state, California, as

Rutan & Tucker, LLP
attorneys at law

2345/029179-0011
7355556.2 a08/18/14                    -15-

Case No. SACV 14-01020 DOC (ANx)
PLAINTIFF'S OPPOSITION TO DEFENDANT
DUKE UNIVERSITY'S MOTION TO DISMISS

Duke University was aware that JWE was and is a California enterprise based in Orange County and that this conduct would have an adverse effect on JWE's ability to do business with its Marks.  (*Id.*)  In addition, it bears emphasizing that Duke University has taken the position that its mark is so pervasive that it occupies all trademark categories for the word "Duke" in all of the United States, including in the Central District where JWE is located.  In this context, there can be no question that Duke University has directed its activities to the forum state – California, and the Central District of California in particular.  Even more, Duke University's attorney has sent JWE's counsel (who are CA attorneys based in Orange County) a number of "settlement" letters.  (Dkt 10-3, p. 3.)  And as Duke University admits, it has had direct conversations with Ethan Wayne, knowing full well he is a resident of Orange County.  (Dkt 10-2, p. 4.)  Per *Buck's, Inc.*, "these letters provide further support for the conclusion that the defendant knew the brunt of the injury caused by its actions would be felt in the State of Nebraska."  *Buck's Inc.,* 2009 U.S. Dist. LEXIS 53861 at *18, n. 2.

Based on the foregoing, the purposeful availment/purposeful directed conduct prong is satisfied.

## 2.   JWE's Claims Arise Out Of Or Are Related To Duke University's Activities In California.

With regard to whether a particular claim arises out of or is related to the defendant's forum activities, the Ninth Circuit uses the "but for" test. *Ballard,* 65 F.3d at 1500.  Therefore, a claim arises out of or relates to the forum activities if it would not have happened but for the forum activities. *Omeluk,* 52 F.3d at 270-271. Here, JWE's claims for declaratory judgment arise out of Duke University's forum activities, i.e., Duke University's TTAB oppositions expressly aimed at blunting JWE's (an Orange County business) ability to use its Marks.  (Dkt 1, ¶¶ 24-40.)  In light of the foregoing, this case arises out of or is related to Duke University's contacts with Orange County, California.

Rutan & Tucker, LLP
attorneys at law

2345/029179-0011
7355556.2 a08/18/14                                            -16-

Case No. SACV 14-01020 DOC (ANx)
PLAINTIFF'S OPPOSITION TO DEFENDANT
DUKE UNIVERSITY'S MOTION TO DISMISS

### 3.    The Exercise Of Jurisdiction Over Duke University In California Is Reasonable.

Having established that this Court may exercise personal jurisdiction over Duke University, the last remaining query is "whether assertion of personal jurisdiction is 'reasonable and fair.'" *Inamed Corp.*, 249 F.3d at 1360-61.  Indeed, the court "presumes that an otherwise valid exercise of specific jurisdiction is reasonable" and the defendant has the burden of rebutting the strong presumption in favor of jurisdiction.  *Ballard,* 65 F.3d at 1500.  Moreover, when a defendant seeks to rely on the "'fair play and substantial justice'" factor to avoid the exercise of jurisdiction by a court that otherwise would have personal jurisdiction over the defendant, he must "'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Inamed Corp.,* 249 F.3d at 1360-61 (quoting *Burger King*, 471 U.S. at 476-77).  Duke University fails to meet its heavy burden.

In response, Duke University argues that jurisdiction in California is not reasonable and fair because (1) Duke University's "purposeful interjection" into California has been limited; (2) the burden of defending the suit in California "clearly is heavier" than defending the suit in North Carolina; and (3) North Carolina's interest in the dispute is "significantly greater" than California's interest. (Dkt. 10-1, p. 17:1-11.)  As a threshold matter, with respect to Duke University's "limited involvement in California" argument, Duke University concedes that this is the same argument/issue addressed in the first and second prong of the specific jurisdiction test, and, thus, for the reasons discussed above, Duke University's arguments fail.  (*Id.* at p. 17:4-5.)

Duke University's second argument that the burden of defending the suit in California is "clearly heavier" than defending the suit in North Carolina falls flat. Duke University provides no evidence for this statement that it is somehow more of a burden to litigate in California.  Instead, the only "evidence" Duke University

Rutan & Tucker, LLP
attorneys at law

2345/029179-0011
7355556.2 a08/18/14                    -17-

Case No. SACV 14-01020 DOC (ANx)
PLAINTIFF'S OPPOSITION TO DEFENDANT
DUKE UNIVERSITY'S MOTION TO DISMISS

references is to "see generally Hendricks Decl.", yet there is nothing in Ms. Hendricks declaration whatsoever about the purportedly "heavier burden" Duke University incurs in defending this lawsuit in California as opposed to North Carolina.  (See, Dkt 10-2.)  Additionally, being haled into court in California does not unfairly burden Duke University due to modern technological advances allowing for e-filing, service by e-mail, and telephonic appearances (given that Duke University has retained an international law firm that it has used on multiple occasions, finding an attorney has not been a problem as Duke University is utilizing the same law firm it has engaged repeatedly throughout the years).  In this regard, it also bears emphasizing that Duke University has litigated a number of cases in this district and throughout California, including as a plaintiff.[6]

Third, Duke University fails to provide any evidence – let alone credible argument – for its contention that "North Carolina's interest in this dispute is significantly greater than California's interest, as this suit concerns the strength of and protections to be afforded the trademarks of a North Carolina institution." (Dkt., 10-1, p. 17: 9-11.)  Again, Duke University fails to provide any evidence for this argument.  As framed in the Complaint, this action involves JWE's Marks, and Duke University's spurious argument that the silhouette of John Wayne somehow will lead to confusion with Duke University's own mark.  It is because Duke University continues to challenge JWE's Marks on these meritless grounds that this action has been filed, not because of Duke University's trademarks being challenged.  Regardless, even if there was some latent challenge to the trademarks, Duke University fails to substantiate its argument as to why North Carolina has a superior interest in this dispute to that of California.  Accordingly, Duke University fails to meet its burden to demonstrate that exercise of jurisdiction would not be reasonable.

---

[6]  *See, e.g., Allergan Inc, Murray A. Johnstone, M.D., Duke University v. Athena Cosmetics Inc et al* Case No. SA CV 09328 JVS (RNBx).

Rutan & Tucker, LLP
attorneys at law

2345/029179-0011
7355556.2 a08/18/14                                -18-

Case No. SACV 14-01020 DOC (ANx)
PLAINTIFF'S OPPOSITION TO DEFENDANT
DUKE UNIVERSITY'S MOTION TO DISMISS

1    **B.**     **Venue is Proper in the Central District.**

2         Duke University also argues that the dispute be dismissed because venue in

3    California is purportedly improper.  Duke University is wrong.

4         Under 28 U.S.C. § 1391(b)(1), "[a] civil action may be brought in— . . . a

5    judicial district in which any defendant resides, if all defendants are residents of the

6    State in which the district is located . . . ." For venue purposes, a defendant "resides"

7    in any state where it is subject to personal jurisdiction:

8                   For all venue purposes— . . . an entity with the capacity to

9                   sue and be sued in its common name under applicable law,

10                  whether or not incorporated, shall be deemed to reside, if a

11                  defendant, in any judicial district in which such defendant

12                  is subject to the court's personal jurisdiction with respect

13                  to the civil action in question . . . .

14   28 U.S.C. § 1391(c), (c)(2).  Because this Court has personal jurisdiction over Duke

15   University in this action for the reasons discussed herein, Duke University is a

16   California resident for venue purposes.  Venue is therefore proper in California

17   under 28 U.S.C. § 1391(b)(1).

18        In addition, venue is also proper under 28 U.S.C. § 1391(b)(2), which confers

19   venue on any "judicial district in which a substantial part of the events or omissions

20   giving rise to the claim occurred."  This standard is satisfied because, as previously

21   discussed, Duke University's actions in filing the spurious oppositions in the TTAB

22   with respect to the JWE Marks impact JWE, an Orange County entity located in the

23   Central District of California.  (Dkt., 1 ¶¶ 24-40.)  Accordingly, venue is proper.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

Rutan & Tucker, LLP
*attorneys at law*

2345/029179-0011
7355556.2 a08/18/14                                    -19-

Case No. SACV 14-01020 DOC (ANx)
PLAINTIFF'S OPPOSITION TO DEFENDANT
DUKE UNIVERSITY'S MOTION TO DISMISS

1    **IV.    <u>CONCLUSION.</u>**

2          Based on the foregoing, JWE respectfully requests that Duke University's

3    motion be denied in its entirety.

4    Dated: August 18, 2014                    RUTAN & TUCKER, LLP

5                                              By:    */s/ Ronald P. Oines*

6                                                     Ronald P. Oines
                                                      Attorneys for Plaintiff JOHN
7                                                     WAYNE ENTERPRISES, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Rutan & Tucker, LLP
attorneys at law

2345/029179-0011
7355556.2 a08/18/14                    -20-                Case No. SACV 14-01020 DOC (ANx)
                                                           PLAINTIFF'S OPPOSITION TO DEFENDANT
                                                           DUKE UNIVERSITY'S MOTION TO DISMISS