1   JOHN A. O'MALLEY (BAR NO. 101181)
    john.omalley@nortonrosefulbright.com
2   CRISTINA C. LONGORIA (BAR NO. 295612)
    cristina.longoria@nortonrosefulbright.com
3   **FULBRIGHT & JAWORSKI LLP**
    555 South Flower Street
4   Forty-First Floor
    Los Angeles, California  90071
5   Telephone:   (213) 892-9200
    Facsimile:   (213) 892-9494
6
7   Attorneys for Defendant
    DUKE UNIVERSITY

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                        SOUTHERN DIVISION

12

| | |
|---|---|
| 13  JOHN WAYNE ENTERPRISES, LLC, a California limited liability company, | Case No.: SACV14-01020 DOC (ANx) |
| 14  Plaintiff, | **DEFENDANT DUKE UNIVERSITY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** |
| 15  v. | |
| 16 | |
| 17  DUKE UNIVERSITY, a North Carolina corporation; and DOES 1 through 10, | Hearing Date: September 8, 2014 Hearing Time: 8:30 a.m. |
| 18  Defendants. | (Hon. David O. Carter) |

19

20

21

22

23

24

25

26

27

28

40920804.2

## I.   **INTRODUCTION**

Evidently attempting to try this case to the media instead of this Court, Plaintiff John Wayne Enterprises, LLC ("Plaintiff") devotes much of its brief to distorting the merits and the facts to draw the focus away from the only issues before the Court: whether personal jurisdiction over Duke exists and whether venue in this District is proper.

Plaintiff abandons any attempt to establish general jurisdiction and concedes there is none. (Dkt 15, p. 12.)  In arguing for specific jurisdiction, Plaintiff claims that the proceedings before the Trademark Trial and Appeal Board ("TTAB") in Virginia somehow supply the necessary California-related contacts and hangs its hat on two cases that are readily distinguishable and do not help Plaintiff at all. Further, Plaintiff improperly offers argument—not facts or evidence—in support of jurisdiction.   Plaintiff has failed to carry its burden to establish that personal jurisdiction over Duke exists and similarly has failed to establish that venue is proper.   This case must be dismissed accordingly.

## II.   **PLAINTIFF HAS FAILED TO CARRY ITS BURDEN OF ESTABLISHING PERSONAL JURISDICTION**

Because Plaintiff has conceded the absence of general jurisdiction, only specific jurisdiction is at issue.  Specific jurisdiction "'depends on an "affiliatio[n] between the forum and the underlying controversy"' (*i.e.*, an 'activity or an occurrence that takes place *in the forum State* and is therefore subject to the State's regulation')."  *Walden v. Fiore*, 134 S. Ct. 1115, 1122 n. 6 (2014) (emphasis added) (quoting *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 131 S.Ct. 2846, 2851 (2011)).  *Id.*  In other words, the suit must arise out of or relate to the defendant's contacts with the forum.  *Goodyear*, 131 S.Ct. at 2853.  The Ninth Circuit applies the following test for specific jurisdiction:

(1) The defendant must have performed some act or consummated some

1   transaction within the forum or otherwise purposefully availed itself of the privilege
2   of conducting activities in the forum;

3       (2)     The claim arises out of or results from the defendant's forum-related
4   activities; and

5       (3)     The exercise of jurisdiction is reasonable.

6   *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 863 (9th Cir. 2003).

7       Plaintiff largely discusses two bases for specific jurisdiction:  Duke's filing
8   of TTAB oppositions and unspecified related correspondence.[1]  As discussed in
9   Duke's Memorandum of Points and Authorities in Support of its Motion to Dismiss
10  ("Memorandum"), the correspondence does not establish personal jurisdiction as a
11  matter of law and therefore is legally irrelevant.  (Dkt 10-1, pp. 15-16.)  Duke's
12  controlling authority from this Circuit trumps Plaintiff's lone, unpublished
13  Nebraska case on this issue (*Buck's*).  Moreover, though it vaguely refers to
14  "heavy-handed demands" and "settlement letters" in its Opposition, Plaintiff has
15  failed to detail these communications (in a supporting declaration or otherwise) and
16  confirm that they concern the marks at issue or explain how they satisfy the
17  requirements of specific jurisdiction.  Plaintiff is therefore left with the TTAB
18  proceedings, which fail to satisfy the first two requirements of specific jurisdiction.

19  _____

[1] Plaintiff makes two additional, passing bids for jurisdiction in its Opposition,
20  claiming jurisdiction exists because Duke 1) regularly uses its mark throughout
21  California; and 2) claims its mark occupies all trademark categories for the word
    "Duke" in the U.S.  (Dkt 15, pp. 3, 16.)  These arguments not only lack any
22  supporting authority, they are non-starters.  First, a defendant's display of its mark
23  and sales activity in the forum are not sufficient to establish personal jurisdiction in
    the context of a declaratory judgment action for non-infringement.  *See, e.g.*, *Am.
24  Univ. Sys., Inc. v. Am. Univ.*, 858 F. Supp. 2d 705, 716-17 (N.D. Tex. 2012); *SIBU,
25  LLC v. Bubbles, Inc.*, No. 2:11-cv-00477 DN, 2011 U.S. Dist. LEXIS 139299, at
    *11-12 (D. Utah Dec. 5, 2011).  Second, the TTAB itself has recognized that
26  Duke's mark is famous.  (Dkt 10-1, Exhibit A, pp. 13, 15.)  But having a famous
27  mark and taking positions at the TTAB consistent with the TTAB's finding does
    not mean that Duke has expressly aimed conduct at California; nor does it
28  otherwise satisfy the requirements of specific jurisdiction.

A.   **The TTAB Proceedings Do Not Satisfy the Purposeful Availment**
**Requirement**

Plaintiff recognizes that courts in the Ninth Circuit apply the "effects test" for determining purposeful availment in non-contract cases, which requires that the defendant has 1) committed an intentional act, 2) expressly aimed at the forum state, 3) causing harm the defendant knows is likely to be suffered in the forum state.[2] Instead of proceeding to apply this test, Plaintiff relies on an unpublished case from Nebraska, *Buck's, Inc. v. Buc-ee's, Ltd.*, in claiming that the TTAB oppositions satisfy the purposeful availment requirement. Apart from lacking any precedential value, *Buck's* is distinguishable in important respects: the defendant in that case had filed a "fraudulent" TTAB opposition; the plaintiff's lawsuit claimed that the defendant intended to harm it through the allegedly tortious filing; and the plaintiff brought claims (very different from the claims here) based on the fraudulent nature of the filing: unfair competition, violations of the Nebraska Uniform Deceptive Trade Practice Act, and declaratory relief enjoining the defendant from using its trademark outside Texas. *Buck's, Inc. v. Buc-ee's, Ltd.*, No. 8:08CV519, 2009 U.S. Dist. LEXIS 53861, at *2, 5-7, 16-17 (D. Neb. June 25, 2009). Moreover, rather than employ a test for specific jurisdiction similar to the Ninth Circuit's test, the court took the lax (and likely unconstitutional) position that merely acting with the purpose of having consequences felt in the forum state is sufficient for specific jurisdiction. *See id.* at *14-16. Finally, the court reached its decision by analogizing the case before it with trademark infringement actions, in which courts look at where the intellectual property owner suffers damage. *Id.* at *17-18. Of course, this case law is inapplicable here, as Plaintiff is in the reverse role and seeks declarations of ***non-infringement*** and ***non-dilution***.

---

[2] *See also Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006), *cert. denied*, 547 U.S. 1163 (2006).

1    Here, Duke has filed good-faith, non-frivolous oppositions before the

2 TTAB.[3] Plaintiff's complaint does not allege that it has suffered any actual harm as

3 a result of Duke's conduct or that Duke filed the Notices of Opposition for the

4 specific purpose of harming Plaintiff, as opposed to protecting its own marks.

5 Plaintiff's only allegations of harm appear in its Opposition, and these allegations

6 are not supported by any evidence.[4] Plaintiff claims that Duke filed the TTAB

7 oppositions knowing that their effect would be to "blunt" Plaintiff's ability to

8 conduct its business,[5] yet it offers nothing but argument to substantiate any harm.[6]

9 Even the argument is deficient, as it fails to detail specifics about any alleged harm.

10 Plaintiff has failed to establish the third prong of the "effects test."

11    Plaintiff also has failed to establish the second prong of this test—that

12 Duke's conduct was expressly aimed at the forum state. Duke filed oppositions to

13

14 [3] Duke's track record at the TTAB supports this. (*See* Dkt 10-3, ¶ 3.) In addition, Exhibit A contains one of Plaintiff's two trademark applications Duke currently is

15 opposing, which is for the standard character mark DUKE. Exhibit A underscores the appropriateness of Duke's actions before the TTAB and demonstrates that

16 Plaintiff's proposed marks are not limited to the images it chose to include in its

17 Opposition. The application also is available at

18 http://tsdr.uspto.gov/#caseNumber=85860463&caseType=SERIAL_NO&searchType=statusSearch.

19 [4] The only evidence Plaintiff has offered is a declaration that appears to bolster a

20 general jurisdiction argument, which Plaintiff never made.

21 [5] (Dkt 15, pp. 3-4). Duke expressly denies this allegation, and it denies that Plaintiff has been harmed by Duke's filing of the TTAB oppositions. Plaintiff has

22 suffered no legally cognizable harm; any alleged injury arises as a result of Plaintiff

23 seeking registration of a mark to which it is not entitled.

24 [6] In determining whether the plaintiff has made a prima facie showing of jurisdictional facts, the court must look only to the plaintiff's pleadings and

25 affidavits. *Tiangang Sun v. China Petroleum & Chem. Corp.*, No. CV 13-05355

26 BRO (Ex), 2014 U.S. Dist. LEXIS 107167, at *31 (C.D. Cal. Apr. 15, 2014) (citing

27 *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 127-28 (9th Cir. 1995)). Bare bones assertions of minimum contacts with the forum or legal conclusions

28 unsupported by specific factual allegations will not suffice. *Id.*

DOCUMENT PREPARED ON RECYCLED PAPER

1  two of Plaintiff's trademark applications before the TTAB in Virginia. The effect

2  of these filings, should Duke prevail, simply would be that Plaintiff's proposed

3  marks are not registered. As Plaintiff's own authority acknowledges, TTAB

4  proceedings are not coercive proceedings that have the ability to impose penalties

5  on Plaintiff. *See Buck's*, 2009 U.S. Dist. LEXIS 53861, at *6 n. 1 (citing 15 U.S.C.

6  § 1068 and stating: "As an administrative tribunal of limited jurisdiction, the TTAB

7  is empowered only to decide whether a given trademark is registrable."). This fact,

8  and the fact that Duke did not initiate an independent suit against Plaintiff,[7]

9  distinguishes this case from the *Yahoo!* case, in which the defendants sought and

10  actually obtained orders from a French court directing Yahoo! to perform

11  significant acts in California and providing for significant penalties should Yahoo!

12  fail to perform. *Yahoo!*, 433 F.3d at 1209. Indeed, the finding of jurisdiction in

13  *Yahoo!* hinged on the specter of enormous, concrete penalties hanging over the

14  plaintiff in that case. *Id.* at 1210. And the majority acknowledged that it was a

15  "close question" and that the decision was highly fact-specific. *Id.* at 1211.

16      Plaintiff supplies no authority indicating that a defendant's good faith actions

17  to protect its intellectual property rights in one forum, particularly in a non-coercive

18  administrative proceeding, constitute "express aiming" at a another forum sufficient

19  to establish the constitutionally required minimum contacts with that other forum.

20  And no wonder. Courts across the country reject a defendant's initiation of TTAB

21  proceedings as a basis for specific jurisdiction.[8]

22

23  [7] As discussed in Duke's Memorandum, Duke is required to take actions to protect
    its trademark rights and prevent dilution of these rights. (Dkt 10-1, p. 17.)

24  [8] *See, e.g., Prakash v. Altadis U.S.A., Inc.*, No. 5:10CV0033, 2012 U.S. Dist.
25  LEXIS 46337, at *115-116 (N.D. Ohio Mar. 30, 2012) ("Privileged efforts to
    protect trademark rights cannot be the basis for personal jurisdiction."); *SIBU*, 2011
26  U.S. Dist. LEXIS 139299, at *10-12 ("[T]he cancellation action does not establish a
    nexus, because it is a protection of Bubbles' rights. If the cancellation action could
27  be a nexus, Bubbles would be subjected to jurisdiction in Utah by SIBU's actions in
28  adopting its marks. This would shift control of jurisdiction from the defendant.");

40920804.2                          - 6 -

1    Finally, while Plaintiff relies on the Federal Circuit's *Avocent* opinion in

2  support of its apparent argument that merely directing enforcement activities at

3  forum residents is sufficient for specific jurisdiction, more recent Federal Circuit

4  authority makes crystal clear that "enforcement activities taking place outside the

5  forum state do not give rise to personal jurisdiction in the forum[.]"   *Radio Sys.*,

6  638 F.3d at 792.   Indeed, just this year this Court recognized that "[f]or specific

7  jurisdiction to lie in a declaratory judgment action for patent noninfringement, the

8  suit must 'arise out of or relate to' the defendant patentee's enforcement activities

9  *in the forum*[,]" as Plaintiff should know, since its counsel represented the plaintiff

10  in this Court's recent *Hid Global* decision.   *See Hid Global Corp. v. Isonas, Inc.*,

11  No. SA CV 14-0052-DOC(ANx), 2014 U.S. Dist. LEXIS 56024, at *14-15 (C.D.

12  Cal. Apr. 21, 2014) (emphasis added).   This action does not arise out of or relate to

13  enforcement activities by Duke in California, so this line of intellectual property

14  cases does not help Plaintiff.

15    Plaintiff asks the Court to find specific jurisdiction because it resides in

16  Orange County and theoretically could suffer harm there, and because Duke

17  allegedly knew this. But this approach has been soundly and repeatedly rejected,[9]

18

19  *Music Makers Holdings, LLC v. Sarro*, No.: RWT 09cv1836, 2010 U.S. Dist.
20  LEXIS 71920, at *19 n. 8 (D. Md. July 14, 2010) ("[T]he PTO is located in
21  Virginia and there is no connection between the filing of the Notice of Opposition
   and the State of Maryland."); *see also Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d
22  785, 792 (Fed. Cir. 2011); *Denver Urban Homesteading, LLC v. Dervaes Inst.*, No.
   13-cv-00917-REB-KMT, 2014 U.S. Dist. LEXIS 40148, at *7-8 (D. Colo. Mar. 26,
23  2014).

24  [9] *See, e.g., J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2789 (2011)
25  (plurality opinion) ("This Court's precedents make clear that it is the defendant's
   actions, not his expectations, that empower a State's courts to subject him to
26  judgment."); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295, 297
27  (1980) ("'[F]oreseeability' alone has never been a sufficient benchmark for
   personal jurisdiction under the Due Process Clause. . . . [The foreseeability that is
28  critical to due process analysis] is that the defendant's conduct and connection with

1   including recently by the U.S. Supreme Court in *Walden*, which unanimously
2   recognized that purposefully directing conduct at and even causing injury to
3   plaintiffs known to have forum connections is not enough, stating: "our 'minimum
4   contacts' analysis looks to the defendant's contacts ***with the forum State itself, not***
5   ***the defendant's contacts with persons who reside there***." 134 S. Ct. at 1122, 1125
6   (emphasis added); *see also id.* at 1122 ("We have consistently rejected attempts to
7   satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating
8   contacts between the plaintiff (or third parties) and the forum State."); *id.* at 1123
9   ("Due process requires that a defendant be haled into court in a forum State based
10  on his own affiliation with the State[.]"); *id.* at 1124-25 (rejecting the Ninth
11  Circuit's view that knowledge of a plaintiff's strong forum connections combined
12  with foreseeable harm in the forum satisfies the "minimum contacts" inquiry); *id.* at
13  1125 ("The proper question is not where the plaintiff experienced a particular injury
14  or effect but whether the defendant's conduct connects him to the forum in a
15  meaningful way."). In line with *Walden*, the "effects" of Duke's filing the TTAB
16  oppositions would have to connect Duke to California, not just to Plaintiff who
17  resides there, and they do not do so here.[10] *See id.* at 1123-24. Plaintiff has failed
18  to demonstrate purposeful availment by Duke in California or jurisdictionally-
19  relevant minimum contacts with the forum.

20
21
22  the forum State are such that he should reasonably anticipate being haled into court
23  there." ).

24  [10] *Walden*'s emphasis on actual contacts by the defendant in or with the forum, and
25  its observation that the Ninth Circuit erred in focusing on the plaintiff's contacts
    with the forum instead of the defendant's, severely undermines the finding of
26  jurisdiction in *Yahoo!*. As *Walden* points out, in *Calder v. Jones* (the case from
27  which the "effects test" derives), apart from the fact that the plaintiff felt harm in
    California, the tort committed by the defendants (libel) actually occurred there. *Id.*
28  at 1124. Of course, there is no tort at issue here to tether this case to California.

**B.    The TTAB Proceedings Do Not Satisfy the "Arising Out Of" Requirement**

Plaintiff gives this requirement short shrift and absolutely fails to establish that its claims would not have arisen but for Duke's contacts *with California*, which is its burden in this Circuit. *See Mattel*, 354 F.3d at 864. Plaintiff concedes that only *forum* activities can satisfy this requirement (Dkt 15, p. 4); yet instead of pointing to California activities of Duke, it relies on the TTAB proceedings in Virginia. There is simply no forum-related activity at issue.

**C.    The Exercise of Jurisdiction Here is Unreasonable**

Plaintiff also has failed to address the important policy reasons discussed in Duke's Memorandum that courts have found make the exercise of jurisdiction based on non-forum enforcement-related activity unreasonable. (Dkt, 10-1 p. 15-17.)  Plaintiff misrepresents Duke's position on Plaintiff's marks and then refers to this twisted position as "ludicrous," "ridiculous" and "absurd," but the notion that merely filing TTAB oppositions as required to preserve trademark rights opens up a party to suit in any district in which the registrant resides is truly ridiculous.

**III.   PLAINTIFF HAS FAILED TO CARRY ITS BURDEN OF ESTABLISHING PROPER VENUE**

As Plaintiff recognizes, venue is tied to personal jurisdiction.  Because personal jurisdiction over Duke is lacking, venue here is similarly improper.

In addition, Plaintiff claims that because the TTAB proceedings "impact" an Orange County entity, a substantial part of the events or omissions giving rise to the claim must have occurred in Orange County. (Dkt 15, p. 19.)  Plaintiff provides no authority or evidence supporting this far-fetched conclusion and fails to detail what sort of "impact" the TTAB proceedings have had on it.  Moreover, any "impact" Plaintiff is experiencing flows directly from its own decision to file trademark applications in the Trademark Office (which must then determine whether to issue registrations based, in part, on information brought before it by third parties through

DOCUMENT PREPARED
ON RECYCLED PAPER

1    opposition proceedings).  Plaintiff has failed to carry its burden regarding venue.

2    **IV.**    <u>**CONCLUSION**</u>

3        This action should never have been filed and, in particular, it should never

4    have been filed in California.  The actions cited by Plaintiff are far too attenuated to

5    support a showing of personal jurisdiction.  If Plaintiff truly feels that it cannot go

6    forward because of a cloud of uncertainty, it is free to bring suit in a proper district.

7    Because personal jurisdiction is lacking here, and venue is improper, this case

8    should be dismissed.

9

10    Dated:  August 25, 2014          JOHN A. O'MALLEY
                                   CRISTINA C. LONGORIA

11                                        **FULBRIGHT & JAWORSKI LLP**

12

13

14                               By  <u>/s/ Cristina C. Longoria</u>
                                       CRISTINA C. LONGORIA

15                                        Attorneys for Defendant
                                       DUKE UNIVERSITY

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

SACV14-01020 DOC (ANX)

# EXHIBIT A

Generated on: This page was generated by TSDR on 2014-08-20 23:28:07 EDT

Mark: DUKE

# DUKE

US Serial Number: 85880463      Application Filing Date: Feb. 26, 2013

Register: Principal

Mark Type: Trademark

Status: An opposition after publication is pending at the Trademark Trial and Appeal Board. For further information, see TTABVUE on the Trademark Trial and Appeal Board web page.

Status Date: May 08, 2014

Publication Date: Jul. 16, 2013

## Mark Information

Mark Literal Elements: DUKE

Standard Character Claim: Yes. The mark consists of standard characters without claim to any particular font style, size, or color.

Mark Drawing Type: 4 - STANDARD CHARACTER MARK

Name Portrait Consent: The name(s), portrait(s), and/or signature(s) shown in the mark does not identify a particular living individual.

## Related Properties Information

Claimed Ownership of US 3245232
Registrations:

## Goods and Services

Note: The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

For: Alcoholic beverages except beers, all in connection with indicia denoting the late internationally known movie star John Wayne, who is also known as Duke

International Class(es): 033 - Primary Class      U.S Class(es): 047, 049

Class Status: ACTIVE

Basis: 1(b)

## Basis Information (Case Level)

| | | |
|---|---|---|
| Filed Use: No | Currently Use: No | Amended Use: No |
| Filed ITU: Yes | Currently ITU: Yes | Amended ITU: No |
| Filed 44D: No | Currently 44D: No | Amended 44D: No |
| Filed 44E: No | Currently 44E: No | Amended 44E: No |
| Filed 66A: No | Currently 66A: No | |
| Filed No Basis: No | Currently No Basis: No | |

## Current Owner(s) Information

Owner Name: John Wayne Enterprises, LLC

Owner Address: 210 62nd Street
Newport Beach, CALIFORNIA 92663
UNITED STATES

Legal Entity Type: LIMITED LIABILITY COMPANY      State or Country Where Organized: CALIFORNIA

## Attorney/Correspondence Information

Attorney of Record

Attorney Name: Lindsay J. Hulley      Docket Number: 029179.0003T

Attorney Primary Email: trademarks@rutan.com      Attorney Email: Yes

EXHIBIT A
12

| | |
|---|---|
| **Address:** | **Authorized:** |

**Correspondent**

**Correspondent Name/Address:** RONALD P OINES
RUTAN & TUCKER LLP
611 ANTON BLVD
SUITE 1400
COSTA MESA, CALIFORNIA 92626-1931
UNITED STATES

**Phone:** 714-641-5100                                     **Fax:** 714-546-9035

**Correspondent e-mail:** trademarks@rutan.com ihulley@rutan.com        **Correspondent e-mail Authorized:** Yes

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| May 06, 2014 | OPPOSITION INSTITUTED NO. 999999 | 216233 |
| Dec. 23, 2013 | WITHDRAWN FROM ISSUE-TTAB REQUEST | 69656 |
| Dec. 05, 2013 | CASE ASSIGNED TO TTAB | 76538 |
| Dec. 05, 2013 | NOTICE OF ALLOWANCE CANCELLED | 76538 |
| Nov. 21, 2013 | TEAS STATEMENT OF USE RECEIVED | |
| Nov. 12, 2013 | NOA E-MAILED - SOU REQUIRED FROM APPLICANT | |
| Sep. 30, 2013 | EXTENSION OF TIME TO OPPOSE PROCESS - TERMINATED | |
| Aug. 15, 2013 | EXTENSION OF TIME TO OPPOSE RECEIVED | |
| Jul. 16, 2013 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Jul. 16, 2013 | PUBLISHED FOR OPPOSITION | |
| Jun. 26, 2013 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| Jun. 12, 2013 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Jun. 10, 2013 | ASSIGNED TO EXAMINER | 83191 |
| Mar. 05, 2013 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Mar. 01, 2013 | NEW APPLICATION ENTERED IN TRAM | |

## TM Staff and Location Information

**TM Staff Information**

**TM Attorney:** LORENZO, KATHLEEN H                **Law Office Assigned:** LAW OFFICE 109

**File Location**

**Current Location:** TTAB                          **Date In Location:** Dec. 23, 2013

## Proceedings

**Summary**

**Number of Proceedings:** 9

**Type of Proceeding: Opposition**

**Proceeding Number:** 91216586                    **Filing Date:** May 28, 2014

**Status:** Pending                                **Status Date:** May 28, 2014

**Interlocutory Attorney:** ELIZABETH WINTER

**Defendant**

**Name:** Daisies & Dukes

**Correspondent Address:** STEPHEN P BURR
BURR & BROWN
PO BOX 7068
SYRACUSE NY , 13261-7068
UNITED STATES

**Correspondent e-mail:** jstevens@burrandbrown.com

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| DAISIES & DUKES 1993 | Opposition Pending | 86059242 | |

EXHIBIT A
13

**Plaintiff(s)**

| | | |
|---|---|---|
| Name: | John Wayne Enterprises, LLC | |
| Correspondent Address: | Ronald P. Oines & Lindsay J. Hulley | |
| | Rutan & Tucker, LLP | |
| | 611 Anton Boulevard14th Floor | |
| | Costa Mesa CA , 92626 | |
| | UNITED STATES | |
| Correspondent e-mail: | lhulley@rutan.com , trademarks@rutan.com | |

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| DUKE'S PLACE | Section 8 and 15 - Accepted and Acknowledged | 76270478 | 3245232 |
| DUKE 44-40 | Request For Extension of Time to File Opposition | 86002277 | |
| DUKE JOHN WAYNE | Opposition Pending | 85864358 | |
| DUKE | Opposition Pending | 85860463 | |
| THE DUKE | Report Completed Suspension Check - Case Still Suspended | 85184102 | |

**Prosecution History**

| Entry Number | History Text | Date | Due Date |
|---|---|---|---|
| 1 | FILED AND FEE | May 28, 2014 | |
| 2 | NOTICE AND TRIAL DATES SENT; ANSWER DUE: | May 28, 2014 | Jul 07, 2014 |
| 3 | PENDING, INSTITUTED | May 28, 2014 | |
| 4 | NOTIFICATION OF CORRECTED CERTIFICATE OF SERVICE | May 28, 2014 | |
| 5 | STIP FOR EXT | Jun 26, 2014 | |
| 6 | EXTENSION OF TIME GRANTED | Jun 26, 2014 | |

**Type of Proceeding: Opposition**

| | | | |
|---|---|---|---|
| Proceeding Number: | 91216856 | Filing Date: | May 28, 2014 |
| Status: | Pending | Status Date: | May 28, 2014 |
| Interlocutory Attorney: | BENJAMIN U OKEKE | | |

**Defendant**

| | | |
|---|---|---|
| Name: | Scuffham Amps OO | |
| Correspondent Address: | TODD BRAVERMAN | |
| | PEARL COHEN ZEDEK LATZER BARATZ LLP | |
| | 1500 BROADWAY FL 12 | |
| | NEW YORK NY , 10036-4068 | |
| Correspondent e-mail: | tm-uspto@pearlcohen.com | |

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| THE DUKE | Opposition Pending | 86103095 | |

**Plaintiff(s)**

| | | |
|---|---|---|
| Name: | John Wayne Enterprises, LLC | |
| Correspondent Address: | Ronald P. Oines & Lindsay J. Hulley | |
| | Rutan & Tucker, LLP | |
| | 611 Anton Boulevard14th Floor | |
| | Costa Mesa CA , 92626 | |
| | UNITED STATES | |
| Correspondent e-mail: | roines@rutan.com , lhulley@rutan.com , trademarks@rutan.com | |

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| DUKE'S PLACE | Section 8 and 15 - Accepted and Acknowledged | 76270478 | 3245232 |
| DUKE 44-40 | Request For Extension of Time to File Opposition | 86002277 | |
| DUKE JOHN WAYNE | Opposition Pending | 85864358 | |

EXHIBIT A

14

| DUKE | | Opposition Pending | | 85860463 |
| THE DUKE | | Report Completed Suspension Check - Case Still Suspended | | 85184102 |

**Prosecution History**

| Entry Number | History Text | Date | Due Date |
|---|---|---|---|
| 1 | FILED AND FEE | May 28, 2014 | |
| 2 | NOTICE AND TRIAL DATES SENT; ANSWER DUE: | Jun 13, 2014 | Jul 23, 2014 |
| 3 | PENDING, INSTITUTED | Jun 13, 2014 | |
| 4 | STIP FOR EXT | Jul 02, 2014 | |
| 5 | EXTENSION OF TIME GRANTED | Jul 02, 2014 | |

**Type of Proceeding: Extension of Time**

| | | |
|---|---|---|
| Proceeding Number: 85952057 | Filing Date: May 22, 2014 | |
| Status: Terminated | Status Date: Aug 20, 2014 | |
| Interlocutory Attorney: | | |

**Defendant**

Name: Kuk, Sung Shik

Correspondent Address: MICHAEL N. COHEN
COHEN I.P. LAW GROUP P.C.
9025 WILSHIRE BLVD., STE. 301
BEVERLY HILLS CA , 90211

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| DUKE OF DENIM | Opposition Pending | 85952057 | |

**Potential Opposer(s)**

Name: Duke University

Correspondent Address: Susan Freya Olive
Olive & Olive, P.A.
500 Memorial St
Durham NC , 27701
UNITED STATES

Correspondent e-mail: emailboxTTAB@oliveandolive.com

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|

Name: John Wayne Enterprises, LLC

Correspondent Address: Ronald Oines & Lindsay Hulley
Rutan & Tucker, LLP
611 Anton Boulevard14th Floor
Costa Mesa CA , 92626

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| DUKE 44-40 | Request For Extension of Time to File Opposition | 86002277 | |

Name: John Wayne Enterprises, LLC

Correspondent Address: Ronald Oines & Lindsay Hulley
Rutan & Tucker, LLP
611 Anton Boulevard14th Floor
Costa Mesa CA , 92626

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| DUKE | Opposition Pending | 85860463 | |

Name: John Wayne Enterprises, LLC

Correspondent Address: Ronald Oines & Lindsay Hulley
Rutan & Tucker, LLP
611 Anton Boulevard14th Floor
Costa Mesa CA , 92626

**Associated marks**

| Mark | Application Status | Serial | Registration |
|---|---|---|---|

EXHIBIT A

15

| | | | Number | Number |
|---|---|---|---|---|
| DUKE'S PLACE | | Section 8 and 15 - Accepted and Acknowledged | 76270478 | 3245232 |

Name: John Wayne Enterprises, LLC
Correspondent Address: Ronald Oines & Lindsay Hulley
Rutan & Tucker, LLP
611 Anton Boulevard14th Floor
Costa Mesa CA , 92626

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| DUKE JOHN WAYNE | Opposition Pending | 85864358 | |

Name: John Wayne Enterprises, LLC
Correspondent Address: Ronald Oines & Lindsay Hulley
Rutan & Tucker, LLP
611 Anton Boulevard14th Floor
Costa Mesa CA , 92626

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| THE DUKE | Report Completed Suspension Check - Case Still Suspended | 85184102 | |

**Prosecution History**

| Entry Number | History Text | Date | Due Date |
|---|---|---|---|
| 1 | INCOMING - EXT TIME TO OPPOSE FILED | May 22, 2014 | |
| 2 | EXTENSION OF TIME GRANTED | May 22, 2014 | |

**Type of Proceeding: Opposition**

Proceeding Number: 91216508          Filing Date: May 22, 2014
Status: Pending                      Status Date: May 22, 2014
Interlocutory Attorney: BENJAMIN U OKEKE

**Defendant**

Name: Sung Shik Kuk
Correspondent Address: MICHAEL N COHEN
COHEN IP LAW GROUP PC
9025 WILSHIRE BLVD STE 301
BEVERLY HILLS CA , 90211
UNITED STATES
Correspondent e-mail: mcohen@cohenip.com

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| DUKE OF DENIM | Opposition Pending | 85952057 | |

**Plaintiff(s)**

Name: John Wayne Enterprises, LLC
Correspondent Address: RONALD OINES
RUTAN & TUCKER LLP
611 ANTON BLVD 14TH FL
COSTA MESA CA , 92626
UNITED STATES
Correspondent e-mail: roines@rutan.com , lhulley@rutan.com , trademarks@rutan.com

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| DUKE'S PLACE | Section 8 and 15 - Accepted and Acknowledged | 76270478 | 3245232 |
| DUKE 44-40 | Request For Extension of Time to File Opposition | 86002277 | |
| DUKE JOHN WAYNE | Opposition Pending | 85864358 | |
| DUKE | Opposition Pending | 85860463 | |
| THE DUKE | Report Completed Suspension Check - Case Still Suspended | 85184102 | |

EXHIBIT A

16

## Prosecution History

| Entry Number | History Text | Date | Due Date |
|---|---|---|---|
| 1 | FILED AND FEE | May 22, 2014 | |
| 2 | NOTICE AND TRIAL DATES SENT; ANSWER DUE: | May 22, 2014 | Jul 01, 2014 |
| 3 | PENDING, INSTITUTED | May 22, 2014 | |
| 4 | NOTICE OF DEFAULT | Jul 19, 2014 | |

### Type of Proceeding: Extension of Time

| | | | |
|---|---|---|---|
| Proceeding Number: 86069928 | | Filing Date: Apr 16, 2014 | |
| Status: Terminated | | Status Date: Jul 16, 2014 | |
| Interlocutory Attorney: | | | |

### Defendant

Name: Wing Global Ltd

Correspondent Address: YAKOV BROMBERG
WING GLOBAL LTD
458 WORTMAN AVE
BROOKLYN NY , 11208-5426

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| DUKE DE BRIM | Abandoned - After Inter-Partes Decision | 86069928 | |

#### Potential Opposer(s)

Name: Duke University

Correspondent Address: Susan Freya Olive
Olive & Olive, P.A.
500 Memorial St
Durham NC , 27701
UNITED STATES

Correspondent e-mail: emailboxTTAB@oliveandolive.com

Name: John Wayne Enterprises, LLC

Correspondent Address: Ronald P. Oines and Lindsay J. Hulley
Rutan & Tucker, LLP
611 Anton Boulevard14th Floor
Costa Mesa CA , 92626

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| DUKE 44-40 | Request For Extension of Time to File Opposition | 86002277 | |

Name: John Wayne Enterprises, LLC

Correspondent Address: Ronald P. Oines and Lindsay J. Hulley
Rutan & Tucker, LLP
611 Anton Boulevard14th Floor
Costa Mesa CA , 92626

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| DUKE'S PLACE | Section 8 and 15 - Accepted and Acknowledged | 76270478 | 3245232 |

Name: John Wayne Enterprises, LLC

Correspondent Address: Ronald P. Oines and Lindsay J. Hulley
Rutan & Tucker, LLP
611 Anton Boulevard14th Floor
Costa Mesa CA , 92626

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| DUKE JOHN WAYNE | Opposition Pending | 85864358 | |

Name: John Wayne Enterprises, LLC

Correspondent Address: Ronald P. Oines and Lindsay J. Hulley
Rutan & Tucker, LLP
611 Anton Boulevard14th Floor
Costa Mesa CA , 92626

EXHIBIT A

17

Associated marks

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| DUKE | Opposition Pending | 85860463 | |

Name: John Wayne Enterprises, LLC

Correspondent Address: Ronald P. Oines and Lindsay J. Hulley
Rutan & Tucker, LLP
611 Anton Boulevard 14th Floor
Costa Mesa CA , 92626

Associated marks

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| THE DUKE | Report Completed Suspension Check - Case Still Suspended | 85184102 | |

Prosecution History

| Entry Number | History Text | Date | Due Date |
|---|---|---|---|
| 1 | INCOMING - EXT TIME TO OPPOSE FILED | Apr 16, 2014 | |
| 2 | EXTENSION OF TIME GRANTED | Apr 17, 2014 | |

## Type of Proceeding: Opposition

| Proceeding Number: 91215715 | Filing Date: Apr 02, 2014 |
|---|---|
| Status: Terminated | Status Date: Jul 15, 2014 |
| Interlocutory Attorney: ELIZABETH A DUNN | |

### Defendant

Name: Wing Global Ltd

Correspondent Address: YAKOV BROMBERG
WING GLOBAL LTD
458 WORTMAN AVE
BROOKLYN NY , 11208-5426
UNITED STATES

Correspondent e-mail: ybrom58@optonline.net

Associated marks

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| DUKE DE BRIM | Abandoned - After Inter-Partes Decision | 86069928 | |

### Plaintiff(s)

Name: John Wayne Enterprises, LLC

Correspondent Address: RONALD P OINES
RUTAN & TUCKER LLP
611 ANTON BOULEVARD, 14TH FLOOR
COSTA MESA CA , 92626
UNITED STATES

Correspondent e-mail: roines@rutan.com , lhulley@rutan.com , trademarks@rutan.com

Associated marks

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| DUKE'S PLACE | Section 8 and 15 - Accepted and Acknowledged | 76270478 | 3245232 |
| DUKE 44-40 | Request For Extension of Time to File Opposition | 86002277 | |
| DUKE JOHN WAYNE | Opposition Pending | 85864358 | |
| DUKE | Opposition Pending | 85860463 | |
| THE DUKE | Report Completed Suspension Check - Case Still Suspended | 85184102 | |

Prosecution History

| Entry Number | History Text | Date | Due Date |
|---|---|---|---|
| 1 | FILED AND FEE | Apr 02, 2014 | |
| 2 | NOTICE AND TRIAL DATES SENT; ANSWER DUE: | Apr 02, 2014 | May 12, 2014 |
| 3 | PENDING, INSTITUTED | Apr 02, 2014 | |
| 4 | NOTICE OF DEFAULT | May 27, 2014 | |

EXHIBIT A

18

| 5 | BD DECISION: SUSTAINED | Jul 15, 2014 |
| 6 | TERMINATED | Jul 15, 2014 |

**Type of Proceeding: Opposition**

| | |
|---|---|
| Proceeding Number: 91216233 | Filing Date: Nov 13, 2013 |
| Status: Pending | Status Date: May 06, 2014 |
| Interlocutory Attorney: CHRISTEN M ENGLISH | |

**Defendant**

Name: John Wayne Enterprises, LLC

Correspondent Address: RONALD P OINES
RUTAN & TUCKER LLP
611 ANTON BLVD, SUITE 1400
COSTA MESA CA , 92626-1931
UNITED STATES

Correspondent e-mail: trademarks@rutan.com , roines@rutan.com , lhulley@rutan.com , kdomin@rutan.com

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| DUKE | Opposition Pending | 85860463 | |

**Plaintiff(s)**

Name: Duke University

Correspondent Address: SUSAN FREYA OLIVE
OLIVE & OLIVE PA
500 MEMORIAL ST
DURHAM NC , 27701
UNITED STATES

Correspondent e-mail: emailboxTTAB@oliveandolive.com

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| IRON DUKES ID | Renewed | 73002136 | 1003662 |
| DUKE UNIVERSITY | Renewed | 74208935 | 1701827 |
| DUKE UNIVERSITY STORES | Renewed | 74208327 | 1702350 |
| DUKE UNIVERSITY | Renewed | 74208934 | 1702830 |
| UNIVERSITAS DUKIANA ERUDITIO ET RELIGIO | Renewed | 74208924 | 1713473 |
| DKE | Renewed | 74693793 | 2026492 |
| DKE | Renewed | 75976141 | 2082553 |
| D KE | Renewed | 75976140 | 2092314 |
| DKE | Renewed | 74694684 | 2122067 |
| DUKE CENTER FOR LIVING | Renewed | 75321843 | 2203764 |
| DUKE | Renewed | 75347293 | 2317603 |
| DUKECARD | Renewed | 75892149 | 2415817 |
| DUKIE | Section 8 and 15 - Accepted and Acknowledged | 78674480 | 3157222 |
| DUKEENGAGE | Registered | 77700792 | 3780204 |
| DUKE | Registered | 78944344 | 3878213 |
| DUKE | Registered | 75567914 | 3936096 |
| DUKE UNIVERSITY ATHLETICS EXCELLENCE LOYALTY DIVERSITY EDUCATION ACCOUNTABILITY SPORTSMANSHIP COMMITMENT INTEGRITY RESPECT D | Registered | 85049335 | 3995015 |
| IRON DUKES | Registered | 85356737 | 4108223 |
| DUKE | Registered | 78944306 | 4172132 |
| DUKE CHILDREN'S | Registered | 85658564 | 4323346 |
| WASHINGTON DUKE INN & GOLF CLUB | Registered | 85756810 | 4342645 |
| DUKE MEDICINE | Registered | 78933450 | 4372828 |
| DUKE FORWARD | Registered | 85738029 | 4397703 |

**Prosecution History**

| Entry Number | History Text | Date | Due Date |
|---|---|---|---|
| 1 | FILED AND FEE | Nov 13, 2013 | |
| 2 | NOTICE AND TRIAL DATES SENT; ANSWER DUE: | May 06, 2014 | Jun 15, 2014 |
| 3 | PENDING, INSTITUTED | May 06, 2014 | |
| 4 | ANSWER | Jun 12, 2014 | |
| 5 | D MOT TO SUSP PEND DISP CIV ACTION | Jul 24, 2014 | |
| 6 | P OPP/RESP TO MOTION | Aug 08, 2014 | |

**Type of Proceeding: Extension of Time**

Proceeding Number: 85860463     Filing Date: Aug 15, 2013
Status: Terminated     Status Date: Nov 29, 2013
Interlocutory Attorney:

**Defendant**

Name: John Wayne Enterprises, LLC
Correspondent Address: LINDSAY J HULLEY
RUTAN & TUCKER LLP
611 ANTON BLVD STE 1400
COSTA MESA CA , 92626-1931
UNITED STATES

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| DUKE | Opposition Pending | 85860463 | |

**Potential Opposer(s)**

Name: Duke University
Correspondent Address: SUSAN FREYA OLIVE
OLIVE & OLIVE PA
500 MEMORIAL ST
DURHAM NC , 27701
UNITED STATES
Correspondent e-mail: emailboxTTAB@oliveandolive.com

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|

Name: The Duke Destillerie; D. Schönacker und M. Schauerte GbR
Correspondent Address: Paulo A. de Almeida
Patel & Almeida, P.C.
16830 VENTURA BLVD, SUITE 360
ENCINO CA , 91436
UNITED STATES
Correspondent e-mail: Paulo@PatelAlmeida.com

**Prosecution History**

| Entry Number | History Text | Date | Due Date |
|---|---|---|---|
| 1 | INCOMING - EXT TIME TO OPPOSE FILED | Aug 15, 2013 | |
| 2 | EXTENSION OF TIME GRANTED | Aug 15, 2013 | |
| 3 | INCOMING - EXT TIME TO OPPOSE FILED | Aug 15, 2013 | |
| 4 | EXTENSION OF TIME GRANTED | Aug 15, 2013 | |
| 5 | TERMINATED | Sep 30, 2013 | |
| 6 | NOTICE OF OPPOSITION | Nov 13, 2013 | |
| 7 | OPPOSITION TO BE PROCESSED | Nov 27, 2013 | |

**Type of Proceeding: Opposition**

Proceeding Number: 91210712     Filing Date: May 15, 2013
Status: Terminated     Status Date: Sep 17, 2013
Interlocutory Attorney: MARY CATHERINE FAINT

**Defendant**

Name: Ainsworth Game Technology Limited
Correspondent Address: AINSWORTH GAME TECH
10 HOLKER ST

EXHIBIT A
20

NEWINGTON 2127 AUSTRALIA

Correspondent e-mail: tom.davidson@ainsworth.com.au

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| THE DUKE | Abandoned - After Inter-Partes Decision | 77764720 | |

**Plaintiff(s)**

Name: John Wayne Enterprises, LLC

Correspondent Address: LINDSAY J HULLEY
RUTAN & TUCKER LLP
611 ANTON BLVD, SUITE 1400
COSTA MESA CA , 92826
UNITED STATES

Correspondent e-mail: trademarks@rutan.com , lhulley@rutan.com

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| DUKE'S PLACE | Section 8 and 15 - Accepted and Acknowledged | 76270478 | 3245232 |
| THE DUKE | Report Completed Suspension Check - Case Still Suspended | 85184102 | |
| DUKE JOHN WAYNE | Opposition Pending | 85864358 | |
| DUKE | Opposition Pending | 85860463 | |

**Prosecution History**

| Entry Number | History Text | Date | Due Date |
|---|---|---|---|
| 1 | FILED AND FEE | May 15, 2013 | |
| 2 | NOTICE AND TRIAL DATES SENT; ANSWER DUE: | May 21, 2013 | Jun 30, 2013 |
| 3 | PENDING, INSTITUTED | May 21, 2013 | |
| 4 | NOTICE OF DEFAULT | Jul 26, 2013 | |
| 5 | BD DECISION: SUSTAINED | Sep 17, 2013 | |
| 6 | TERMINATED | Sep 17, 2013 | |