1 | Richard K. Howell (State Bar No. 144241)
rhowell@rutan.com
2 | Ronald P. Oines (State Bar No. 145016)
roines@rutan.com
3 | Jeffrey B. Fohrer (State Bar No. 251308)
jfohrer@rutan.com
4 | Kathryn Domin (State Bar No. 274771)
kdomin@rutan.com
5 | RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
6 | Costa Mesa, California 92626-1931
Telephone:  714-641-5100
7 | Facsimile:  714-546-9035

8 | Attorneys for Plaintiff
JOHN WAYNE ENTERPRISES, LLC

9

10 |                 UNITED STATES DISTRICT COURT

11 |                 CENTRAL DISTRICT OF CALIFORNIA

12 |                       SOUTHERN DIVISION

13 | JOHN WAYNE ENTERPRISES,          Case No. SACV 14-01020 DOC (ANx)
LLC, a California limited liability
14 | company,

15 |              Plaintiff,          **PLAINTIFF'S EX PARTE
                                  APPLICATION TO CONTINUE THE
16 |     vs.                       HEARING ON DEFENDANT'S
                                  MOTION TO DISMISS TO ENABLE
17 | DUKE UNIVERSITY, a North      THE COURT FIRST TO HEAR
Carolina corporation; and DOES 1  PLAINTIFF'S MOTION TO
18 | through 10,                   DISQUALIFY DEFENDANT'S
                                  COUNSEL; MEMORANDUM OF
19 |              Defendants.      POINTS AND AUTHORITIES;
                                  DECLARATION OF DAVID H.
                                  HOCHNER**

20

21 |                              Date:          August 26, 2014
                                  Courtroom:     9D
22

23 |                              Honorable David. O. Carter

24

25

26

27

28

Rutan & Tucker, LLP
attorneys at law

088/029179-0011
7413442.1 a08/26/14

Case No. SACV 14-01020 DOC (ANx)
PLFS' EX PARTE APPL. FOR ORDER
CONTINUING MOTION TO DISMISS

## APPLICATION

Plaintiff filed its complaint on July 3, 2014.  Defendant then filed a motion to dismiss on August 7, 2014.  The hearing on the motion is set for September 8, 2014.  (Hochner Decl., ¶ 2.)

Plaintiff is in the process of preparing a motion to disqualify defendant's counsel under California Rule of Court 3-310 based on defendant's counsel's representing adverse interests.  Plaintiff is planning to file the motion later this week.  (Hochner Decl., ¶ 3.)

Plaintiff and defendant have met and conferred by email regarding plaintiff's prospective disqualification motion.  As part of the meet and confer process, plaintiff requested that defendant agree to continue the hearing on its motion to dismiss so that plaintiff's disqualification motion could be heard first, but defendant declined.  (Hochner Decl.,¶ ¶ 3, 4.)

Because defendant declined plaintiff's request, plaintiff is presenting the instant ex parte application to request that the hearing on defendant's motion to dismiss be continued so that plaintiff's disqualification motion can be heard first.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   PLAINTIFF WILL BE IRREPARABLY HARMED WITHOUT THE REQUESTED EX PARTE RELIEF.

If plaintiff is correct that defendant's counsel should be disqualified based on the representation of adverse interests under California Rule of Court 3-310, then defendant's counsel should be disqualified as quickly as possible in order to promote the policy considerations underlying Rule 3-310.  Without the requested ex parte relief, the hearing on defendant's motion to dismiss perforce would proceed before the hearing on plaintiff's motion to disqualify.

Plaintiff is not seeking to shorten defendant's briefing period on the prospective disqualification motion.  Nor has plaintiff sought to change the briefing

Rutan & Tucker, LLP
attorneys at law

088/029179-0011
7413442.1 a08/26/14

-1-

Case No. SACV 14-01020 DOC (ANx)
PLFS' EX PARTE APPL. FOR ORDER
CONTINUING MOTION TO DISMISS

1  schedule on the motion to dismiss.  It simply is that plaintiff's motion to disqualify

2  cannot be heard prior to the hearing on the motion to dismiss unless ex parte relief is

3  granted to continue the hearing on the motion to dismiss.

4       It is very early in the case, and plaintiff sees no prospect of prejudice to

5  defendant as a result of the court's granting this ex parte relief.

6       If plaintiff's motion is heard according to regular noticed motion procedures,

7  then plaintiff will be irreparably harmed because its motion to disqualify will not be

8  heard prior to the motion to dismiss.

9       No one is at fault for the current situation.  Plaintiff did not know who

10  defendant would retain as litigation counsel, and defendant of course is fully within

11  its rights in filing a motion to dismiss.  It simply is that there is insufficient time for

12  a noticed motion to be heard on the disqualification issue prior to when the hearing

13  currently is set on the motion to dismiss.

14  **II.   COUNSEL FOR THE PARTIES**

15       Pursuant to Local Rule 7-19, Plaintiff has contacted defendant's counsel in

16  connection with this ex parte application.  Plaintiff anticipates that defendant will

17  oppose plaintiff's prospective motion to disqualify defendant's counsel.  In light of

18  the fact defendant's counsel declined plaintiff's request to continue the hearing on

19  defendant's motion to dismiss so that the motion to disqualify could be heard first

20  and in light of one of defendant's counsel's emails, plaintiff anticipates that

21  defendant will oppose this ex parte application.  (Hochner Decl., ¶ 4.)

22       Contact information for defendant's counsel is as follows:

23       John A. O'Malley and Cristina C. Longoria, Fulbright & Jaworski LLP, 555

24  South Flower Street, Forty-First Floor, Los Angeles CA 90071, 213-892-9200;

25  john.omalley@nortonrosefulbright.com, cristina.longoria@nortonrosefulbright.com.

26       Contact information for plaintiff's counsel is as follows:

27       Richard K. Howell and Ronald P. Oines, Rutan & Tucker, LLP, 611 Anton

28  Boulevard, Suite 1400, Costa Mesa, California 92626, 714-641-5100;

Rutan & Tucker, LLP
attorneys at law

088/029179-0011
7413442.1 a08/26/14

-2-

Case No. SACV 14-01020 DOC (ANx)
PLFS' EX PARTE APPL. FOR ORDER
CONTINUING MOTION TO DISMISS

rhowell@rutan.com, roines@rutan.com.

## III.  NOTICE OF THIS EX PARTE APPLICATION

Plaintiff first mentioned the possibility of proceeding with an ex parte application on August 23 and then mentioned it again in emails dated August 24 and August 25.  Plaintiff invited defendant's counsel to enter into a stipulation to continue the hearing on defendant's motion to dismiss until after plaintiff's motion to disqualify could be heard.  On August 25, plaintiff learned that defendant would not agree to enter into such a stipulation.  It seems clear defendant intends to oppose this request for ex parte relief in light of defendant's unwillingness to enter into the stipulation to resolve the issue regarding the timing of the motions and in light of one of the emails from defendant's counsel in which he stated he could see no reason to continue the hearing on the motion to dismiss.  (Hochner Decl., ¶ 4.)

## IV.  CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the court grant this request for ex parte relief and that it continue the hearing on defendant's motion to dismiss so that plaintiff's motion to disqualify defendant's counsel can be heard first.

Dated: August 26, 2014                    RUTAN & TUCKER, LLP


By:_____/s/ David H. Hochner_____
         David H. Hochner
         Attorneys for Plaintiff JOHN
         WAYNE ENTERPRISES, LLC

Rutan & Tucker, LLP
attorneys at law

088/029179-0011
7413442.1 a08/26/14

-3-

Case No. SACV 14-01020 DOC (ANx)
PLFS' EX PARTE APPL. FOR ORDER
CONTINUING MOTION TO DISMISS

## DECLARATION OF DAVID H. HOCHNER

I, David H. Hochner, declare;

1. I am an attorney duly licensed to practice law in the State of California, am admitted to practice before this Court, and am a partner with the law firm Rutan & Tucker LLP, counsel in this action to John Wayne Enterprises. I have personal knowledge of the matters set forth in this declaration and could and would competently testify to them if called as a witness.

2. Defendant's motion to dismiss was filed on August 7, 2014 and is set for hearing on September 8, 2014.

3. Attached to this declaration collectively as Exhibit 1 are true and correct copies of emails I have exchanged with defendant's attorneys at Fulbright & Jaworski. These emails reflect the issue in dispute regarding whether Fulbright & Jaworski should be disqualified from serving as defendant's counsel in this case because of a conflict of interest. Based on the email exchange, it appears to me that the meet and confer process has been completed or that it is very close to being completed. I now am in the process of preparing a motion to disqualify Fulbright & Jaworski from serving as defendant's counsel in this case. I typically would include a copy of the motion that is the subject of the ex parte application with my ex parte papers, but in this instance I feel it is critical that this ex parte application be submitted as soon as possible because the court has discretion to rule on the motion to dismiss prior to the date set for the hearing on the motion, and yesterday defendant filed its reply papers in connection with the motion to dismiss. The motion to disqualify will address the issues which defendant's counsel has mentioned in his email exchange such as that Norton Rose Fulbright and Fulbright & Jaworski are not part of the same legal practice and that no confidential information has been shared between Norton Rose Fulbright and Fulbright & Jaworski. I am planning to file the motion this week, hopefully by tomorrow or Thursday at the latest, depending in part when I can complete the process of

Rutan & Tucker, LLP
attorneys at law

088/029179-0011
7413442.1 a08/26/14

-4-

Case No. SACV 14-01020 DOC (ANx)
PLFS' EX PARTE APPL. FOR ORDER
CONTINUING MOTION TO DISMISS

1  obtaining a supporting declaration from a witness who presently is overseas.

2      4.      I invited defendant's counsel at Fulbright & Jaworski to enter into a

3  stipulation to continue the hearing on the motion to dismiss until after plaintiff's

4  motion to disqualify is heard, but defendant's counsel declined.  It thus is necessary

5  to proceed with this ex parte application in order to ensure that plaintiff's motion to

6  disqualify is heard prior to the hearing on defendant's motion to dismiss.  In light of

7  defendant's unwillingness to enter into the stipulation to resolve this issue and in

8  light of one of the emails from defendant's counsel in which he stated he could see

9  no reason to continue the hearing on the motion to dismiss, it seems clear that

10  defendant intends to oppose this request for ex parte relief.  I first mentioned the

11  possibility of proceeding with an ex parte application to defendant's counsel in an

12  email on August 23 and then mentioned it again in emails dated August 24 and

13  August 25.  I learned on August 25 that defendant would not agree to enter into such

14  a stipulation.  In accordance with Judge Carter's procedures and as reflected in the

15  last page of Exhibit 1, I notified defendant's counsel earlier today that any

16  opposition which defendant intends to file in opposition to this application should be

17  filed within 24 hours after service of this application.

18      5.      Unless plaintiff is granted the requested ex parte relief, there is no

19  possibility that plaintiff's motion can be heard prior to the hearing on the motion to

20  dismiss.  Based on my understanding of the policy considerations underlying Rule

21  3-310, whether or not Fulbright & Jaworski should be representing defendant in this

22  action is an important issue that should be addressed before any further proceedings

23  take place in this matter.

24      I declare under penalty of perjury under the laws of the United States of

25  America that the foregoing is true and correct and that I have executed this

26  declaration on August 26, 2014, at Costa Mesa, California.

27                              _/s/ David H. Hochner_

28                              David H. Hochner

Rutan & Tucker, LLP
attorneys at law

088/029179-0011
7413442.1 a08/26/14

-5-

Case No. SACV 14-01020 DOC (ANx)
PLFS' EX PARTE APPL. FOR ORDER
CONTINUING MOTION TO DISMISS

# EXHIBIT "1"

## Hochner, David

| | |
|---|---|
| **From:** | Hochner, David [dhochner@rutan.com] |
| **Sent:** | Friday, August 22, 2014 2:22 PM |
| **To:** | 'john.omalley@nortonrosefulbright.com'; 'cristina.longoria@nortonrosefulbright.com' |
| **Subject:** | John Wayne Enterprises v. Duke University -- meet and confer |

Dear John and Cristina:

I called you, John, earlier today to further meet and confer on the conflict of interest issue. I called you because the email from Michael Wylie indicated that you were the one to be contacted for further discussion on this issue. You did not answer when I called, and I left a message to please call me back. I do not know what your availability is today, but if you are unavailable, perhaps I could hear from you, Cristina. Either way, I hope to hear from one of you soon.

Take care.

David

**David H. Hochner**
Rutan & Tucker, LLP
611 Anton Boulevard, 14th Floor
Costa Mesa, CA 92626
(714) 662-4606 (direct)
dhochner@rutan.com
www.rutan.com

# RUTAN

Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

Exhibit 1, Page 6

**Hochner, David**

| | |
|---|---|
| **From:** | O'Malley, John [john.omalley@nortonrosefulbright.com] |
| **Sent:** | Friday, August 22, 2014 2:22 PM |
| **To:** | Hochner, David |
| **Subject:** | Automatic reply: John Wayne Enterprises v. Duke University -- meet and confer |


   I will be out of the office until Wednesday, August 27.  I will be generally available by
email, but if you need to speak to a real person, please contact my assistant Mylene Ruiz at
213-892-9255 or mylene.ruiz@nortonrosefulbright.com

CONFIDENTIALITY NOTICE:  This email, including any attachments, is confidential and may be
privileged.  If you are not the intended recipient please notify the sender immediately, and
please delete it; you should not copy it or use it for any purpose or disclose its contents
to any other person.  Norton Rose Fulbright entities reserve the right to monitor all email
communications through their networks.

Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP,
Norton Rose Fulbright South Africa (incorporated as Deneys Reitz Inc) and Fulbright &
Jaworski LLP, each of which is a separate legal entity, are members of Norton Rose Fulbright
Verein, a Swiss Verein.  Details of each entity, with certain regulatory information, are at
nortonrosefulbright.com.  Norton Rose Fulbright Verein helps coordinate the activities of the
members but does not itself provide legal services to clients.

Exhibit 1, Page 7

## Hochner, David

| | |
|---|---|
| **From:** | Hochner, David [dhochner@rutan.com] |
| **Sent:** | Friday, August 22, 2014 2:30 PM |
| **To:** | 'john.omalley@nortonrosefulbright.com' |
| **Cc:** | 'cristina.longoria@nortonrosefulbright.com' |
| **Subject:** | John Wayne Enterprises v. Duke University -- meet and confer |

Hello again.

I just received an auto reply email from you which reflects you will be out of the office until Wednesday, August 27 but that you will be available by email. I do not want to hold off completing the meet and confer process until you return to your office. Perhaps your view is that the meet and confer process has been completed in light of Mr. Wylie's email? If that is the case, please let me know. If that is not your view, are you available to discuss this matter sometime today or over the weekend? My direct dial number is indicated below, and my cell number is 714-342-4872. Or should I confer further with Cristina on this?

Thanks.

David

### David H. Hochner
Rutan & Tucker, LLP
611 Anton Boulevard, 14th Floor
Costa Mesa, CA 92626
(714) 662-4606 (direct)
dhochner@rutan.com
www.rutan.com
# RUTAN

Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

Exhibit 1, Page 8

**Hochner, David**

| | |
|---|---|
| **From:** | O'Malley, John [john.omalley@nortonrosefulbright.com] |
| **Sent:** | Saturday, August 23, 2014 6:06 AM |
| **To:** | Hochner, David |
| **Cc:** | Longoria, Cristina C. |
| **Subject:** | John Wayne Enterprises v. Duke University |

David,

Thank your for your emails. I am out of the country until next Tuesday evening, but am generally receiving emails.

I have Michael Wylie's response to your firm's emails, but I do not have your firm's emails concerning the claim of conflict. I am assuming from your emails to me that you do not believe that Mr. Wylie's response resolves the matter. If that is the case, please send me any information you wish me to see regarding the claim of conflict of interest, and I will review it promptly. If you would prefer to send me a summary of facts and authorities on which you base the claim that Fulbright & Jaworski should withdraw from handling this litigation, that would be fine as well.

Once I have reviewed any materials you send, I will "meet and confer" with you regarding this matter as quickly as possible.

Kind regards,

John O'Malley

CONFIDENTIALITY NOTICE:  This email, including any attachments, is confidential and may be privileged.  If you are not the intended recipient please notify the sender immediately, and please delete it; you should not copy it or use it for any purpose or disclose its contents to any other person.  Norton Rose Fulbright entities reserve the right to monitor all email communications through their networks.

Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa (incorporated as Deneys Reitz Inc) and Fulbright & Jaworski LLP, each of which is a separate legal entity, are members of Norton Rose Fulbright Verein, a Swiss Verein.  Details of each entity, with certain regulatory information, are at nortonrosefulbright.com.  Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients.

Exhibit 1, Page 9

## Hochner, David

| | |
|---|---|
| **From:** | Hochner, David [dhochner@rutan.com] |
| **Sent:** | Saturday, August 23, 2014 4:26 PM |
| **To:** | 'O'Malley, John' |
| **Cc:** | Longoria, Cristina C. |
| **Subject:** | RE: John Wayne Enterprises v. Duke University |

Hello John.

Here is the substance of the emails that I understand were exchanged between Rob Rakochey of your firm and Rich Howell of my firm:

Mr. Rakochey's first email dated April 14, 2014, with a subject line "Partnership Agreements"

Great to meet you and hope all is well.

Could you please send to me the partnership or shareholder agreements for the hundred acre group as well as for the duke corporation please. As executor I want to be clear on all holdings and such major agreements.

Thx so much. Any questions just call Jayson or me.

Mr. Howell's email in response on April 14, 2014

Rob--

Attached are the following:

1. Bookmarked PDF containing organizational documents (i.e. certificate of incorporation, bylaws, operating agreement) for all entities in the Hundred Acre structure.
2. Monument Valley Distillers Operating Agreement 3. Duke Spirits Operating Agreement

Mr. Howell's email of August 12, 2014, 2:23 p.m.

Rob—See attached FYI. Your firm is adverse in the Duke University matter.  Jayson and Chris asked me to let you know.  (I believe your motion to dismiss was attached to this email.)

Mr. Rakochey's email of August 12, 2014, 2:02 p.m. (I believe Calgary time is an hour ahead of Los Angeles time.)

Thanks for this - Jayson called me as well.

If you need or want to talk about this, please call. The issue is this - we are not and have not been counsel for John Wayne Enterprises. In our books and records for this purpose, we act for Jayson. I believe that one of my partners in eastern Canada acted once in relation to a Layer Cake trademark issue. I am not pleased in these circumstances that my firm is acting against you in this case, but I am not sure there is anything I can do. Had we ever acted for any entity that is related to this legally, our systems would have caught it.

I believe you understand this as well - but if you are requesting that an issue of conflict exists, please let me know. I know you and your firm have done the bulk of the US legal work for the corporations, and I am not aware that we ever have.

Please let me know if we need a dialogue on this.

Mr. Howell's email of August 12, 2014, 2:14 p.m.

I can't do your conflicts analysis for you.  I know that you have had many, many sensitive conversations with Jayson and Chris about Hawg, Duke Spirits, and, perhaps, even our specific issues with Duke University.  You traveled to and  attended the premier of the Whiskey in Las Vegas for several days, some of it potentially funded by the Company.  You have posted public comments deriding the University and its approach to this action.   I am concerned that you have received confidential information about Duke Spirits through all of these interchanges.  I would need to investigate the specifics further.  That said, the situation is, at a bare minimum, concerning and uncomfortable…

Mr. Howell's email of August 13, 2014, 10:29 a.m.

More on the conflicts issue.  Recall that right after you and I returned from Las Vegas for the Premier of the Duke Bourbon, you wrote to me asked me for the organizational documents of Hawg AND both Duke Spirits and Monument Valley Distillers.  Presumably, you asked for them so that you could review them in some form of legal capacity and performed legal analysis in connection therewith. You referenced your status as Executor, presumably for Jayson's estate.  I never would have sent you these documents had I known that your firm would feel free to be adverse to our interests in the Duke University dispute.  Regardless, Jayson owns 27.5% of MVD and Duke Spirits and this action by Duke University is directly adverse to Jayson's significant interests in these enterprises.  I am also confident that you have had confidential communications with Jayson regarding both MVD and Duke Spirits.  Rob, I have a immense amount of respect for you, but it seems to me that this is getting more uncomfortable and your firm should consider withdrawing.

Mr. Rakochey's email of August 13, 2014, 10:08 a.m. (Again, I believe Calgary time is an hour ahead of Los Angeles time.)

I will be discussing this with our conflicts committee and we will get back to you as soon as possible. I can assure you that I have had no discussion or communication with the people in the US. I had no idea that our firm was involved in the Duke dispute until yesterday, and I am sure that they have no idea of my existence or what I was doing either.

Mr. Howell's email of August 13, 2014, 10:27 a.m.

You have had lots of communications with us about Duke, MVD and JWE.  The issues in this case go FAR beyond jurisdiction.  You should see the breadth of the discovery requests by the University in the PTO matter.  They want to know everything about Duke Spirits, MVD and JWE.  The scope of discovery in this case will likely be broader.  There is no doubt that you have had confidential communications with Jayson about matters very sensitive to MVD and Duke Spirits.  You felt compelled to get all of our corporate governance records upon our return from the premiere of Duke Bourbon in Las Vegas.  I would not have sent them to you and would not have provided you such access without a firm understanding that you were acting on behalf of MVD and Duke Spirits' most significant "shareholder."  What you did with those documents and discussed with Jayson is unknown to me, but if your firm is not going to withdraw I would like copies of any such correspondence, as well as a detailed explanation of what you did and a detailed explanation of your communications on the topics referenced.

-------------

In looking at Mr. Wylie's email, he is asserting the position that Mr. Rakochey's firm is Norton Rose Fulbright in Canada and that your firm is Fulbright & Jaworski in Los Angeles and that they are different firms.  Our understanding is that they are part of the same firm as a result of a merger that I understand took place in 2013.  So this is one area of disagreement.  In meeting and conferring on this issue, does it remain your firm's position that Norton Rose Fulbright, which has rendered legal services to Jayson Woodbridge, is a separate firm?

Mr. Wylie's email addresses the issue of the confidentiality of the information that Mr. Woodbridge provided to Mr. Rakochey.  Mr. Wylie asserts the position that Mr. Woodbridge's confidential is safe at Norton Rose Fulbright and that there is no risk to Mr. Woodbridge or his business interests because of the nature of the relationship between Norton Rose Fulbright and Fulbright & Jaworski.  Our view is that if Norton Rose Fulbright and Fulbright & Jaworski are the

Exhibit 1, Page 11

same firm, all knowledge regarding the confidential information which Mr. Woodbridge provided to Mr. Rakochey would be imputed to all other members of the firm.

Those seem to be the two issues raised in Mr. Wylie's email, and I would like to hear further as to Fulbright & Jaworski's position on these issues.  You indicate in your email that you will meet and confer with me.  Do you want to do this via email or over the phone?  If you want to speak over the phone – which to me seems preferable – when would you be available?  Your email indicates that you are out of the country, but I don't know what time zone you are in.

On a related subject, in our view any motion to disqualify which we file should be heard before the hearing on your motion to dismiss, which is set for hearing on September 8.  Do you concur? Will you continue the hearing date on the motion to dismiss in order to allow time for our motion to be filed, for you to file opposition, for us to file a reply, and then for the motion to heard prior to the hearing on the motion to dismiss?  We of course could enter a stipulation to this effect.  We would rather not seek ex parte relief over the schedule for the two motions for a number of reasons, including that I believe the court would appreciate it if we could work this out ourselves without bothering the court with needing to seek ex parte relief.

I look forward to hearing from you.  Just so you know, I am in the office now at 714-662-4606, and my cell number is 714-342-4872.

Take care.

David

David H. Hochner
Rutan & Tucker, LLP
611 Anton Boulevard, 14th Floor
Costa Mesa, CA 92626
(714) 662-4606 (direct)
dhochner@rutan.com
www.rutan.com

Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

-----Original Message-----
From: O'Malley, John [mailto:john.omalley@nortonrosefulbright.com]
Sent: Saturday, August 23, 2014 6:06 AM
To: Hochner, David
Cc: Longoria, Cristina C.
Subject: John Wayne Enterprises v. Duke University

David,

Thank your for your emails. I am out of the country until next Tuesday evening, but am generally receiving emails.

I have Michael Wylie's response to your firm's emails, but I do not have your firm's emails concerning the claim of conflict. I am assuming from your emails to me that you do not believe that Mr. Wylie's response resolves the matter. If that is the case, please send me any information you wish me to see regarding the claim of conflict of interest, and I will review it promptly. If you would prefer to send me a summary of facts and authorities on which you base the claim that Fulbright & Jaworski should withdraw from handling this litigation, that would be fine as well.

Exhibit 1, Page 12

Once I have reviewed any materials you send, I will "meet and confer" with you regarding this matter as quickly as possible.

Kind regards,

John O'Malley

CONFIDENTIALITY NOTICE:  This email, including any attachments, is confidential and may be privileged.  If you are not the intended recipient please notify the sender immediately, and please delete it; you should not copy it or use it for any purpose or disclose its contents to any other person.  Norton Rose Fulbright entities reserve the right to monitor all email communications through their networks.

Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa (incorporated as Deneys Reitz Inc) and Fulbright & Jaworski LLP, each of which is a separate legal entity, are members of Norton Rose Fulbright Verein, a Swiss Verein.  Details of each entity, with certain regulatory information, are at nortonrosefulbright.com.  Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients.

Exhibit 1, Page 13

## Hochner, David

| | |
|---|---|
| **From:** | Hochner, David [dhochner@rutan.com] |
| **Sent:** | Monday, August 25, 2014 1:54 PM |
| **To:** | 'O'Malley, John' |
| **Cc:** | Longoria, Cristina C. |
| **Subject:** | John Wayne Enterprises v. Duke University -- meet and confer/possible stipulation or ex parte proceeding |

Dear John:

It has been a couple of days since I have heard from you.  You had indicated in the email you sent to me on Saturday morning that you were prepared to meet and confer, but I have heard nothing further since I sent an email to you on Saturday afternoon.  I realize you are out of the country until tomorrow night, but I had the impression from what you said that you nevertheless would be in a position to meet and confer.  I also note that Cristina Longoria's name is on the pleadings along with yours, and I have heard nothing from her, either.

I also had asked about entering into an agreement on the timing of your motion to dismiss and our motion to disqualify.  Here is what I had written in my previous email:

"On a related subject, in our view any motion to disqualify which we file should be heard before the hearing on your motion to dismiss, which is set for hearing on September 8.  Do you concur?  Will you continue the hearing date on the motion to dismiss in order to allow time for our motion to be filed, for you to file opposition, for us to file a reply, and then for the motion to heard prior to the hearing on the motion to dismiss?  We of course could enter a stipulation to this effect.  We would rather not seek ex parte relief over the schedule for the two motions for a number of reasons, including that I believe the court would appreciate it if we could work this out ourselves without bothering the court with needing to seek ex parte relief."

Can you or someone at your firm work with me to submit a stipulation to the court on this?  I would like to see a stipulation submitted to the court either today or at the latest tomorrow.  Otherwise I will plan to move forward with seeking ex parte relief.

I look forward to hearing something soon on this from you or someone else at your firm.

David

### David H. Hochner
Rutan & Tucker, LLP
611 Anton Boulevard, 14th Floor
Costa Mesa, CA 92626
(714) 662-4606 (direct)
dhochner@rutan.com
www.rutan.com

# RUTAN

Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

Exhibit 1, Page 14

## Hochner, David

| | |
|---|---|
| **From:** | Hochner, David [dhochner@rutan.com] |
| **Sent:** | Tuesday, August 26, 2014 11:47 AM |
| **To:** | 'O'Malley, John' |
| **Cc:** | Longoria, Cristina C. |
| **Subject:** | RE: John Wayne Enterprises v. Duke University -- meet and confer/possible stipulation or ex parte proceeding |

I have re-read Mr. Wylie's email.  In your most recent email to me, I believe you are referring to the portion of Mr. Wylie's email where he says no information in the possession of Mr. Rakochey will be shared with any of the attorneys at Fulbright & Jaworski.  Am I correct on that?

David H. Hochner
Rutan & Tucker, LLP
611 Anton Boulevard, 14th Floor
Costa Mesa, CA 92626
(714) 662-4606 (direct)
dhochner@rutan.com
www.rutan.com

Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.


-----Original Message-----
From: O'Malley, John [mailto:john.omalley@nortonrosefulbright.com]
Sent: Tuesday, August 26, 2014 11:31 AM
To: Hochner, David
Cc: Longoria, Cristina C.
Subject: RE: John Wayne Enterprises v. Duke University -- meet and confer/possible stipulation or ex parte proceeding

No, David.  I do not agree with that statement or the premise contained within it. I think Michael Wylie's email is clear on this subject.


From: Hochner, David [dhochner@rutan.com]
Sent: Tuesday, August 26, 2014 11:13 AM
To: O'Malley, John
Cc: Longoria, Cristina C.
Subject: RE: John Wayne Enterprises v. Duke University -- meet and confer/possible stipulation or ex parte proceeding

Hi again.

Yes, I understand your view on that, but you would agree the confidential information would be imputed to you and the other attorneys at Fulbright & Jaworski if Fulbright & Jaworski and Norton Rose Fulbright were considered to be the same legal practice, yes?

Exhibit 1, Page 15

Thanks.

David

David H. Hochner
Rutan & Tucker, LLP
611 Anton Boulevard, 14th Floor
Costa Mesa, CA 92626
(714) 662-4606 (direct)
dhochner@rutan.com
www.rutan.com

Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the
Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential
and/or legally privileged information, and (c) are for the sole use of the intended recipient
named above. If you have received this electronic message in error, please notify the sender
and delete the electronic message. Any disclosure, copying, distribution, or use of the
contents of the information received in error is strictly prohibited.


-----Original Message-----
From: O'Malley, John [mailto:john.omalley@nortonrosefulbright.com]
Sent: Tuesday, August 26, 2014 10:59 AM
To: Hochner, David
Cc: O'Malley, John; Longoria, Cristina C.
Subject: Re: John Wayne Enterprises v. Duke University -- meet and confer/possible
stipulation or ex parte proceeding

No. I am saying that Fulbright & Jaworski has no confidential information of Mr. Woodbridge.

Sent from my iPhone

> On Aug 26, 2014, at 12:48 PM, "Hochner, David" <dhochner@rutan.com> wrote:
>
> Hi again.
>
> When you say, "We have no confidential information, as I have assured you in the past," you
are referring to confidential information that neither Ms. Longoria nor you have personally,
yes?  From my understanding, there is no doubt that Jayson Woodbridge provided confidential
information to Mr. Rakochey and that they have had extensive discussions regarding a number
of issues related to the instant matter. You are aware of that, aren't you?  What you really
are saying here is that whatever confidential information Mr. Woodbridge had provided to Mr.
Rakochey has not made its way to your office, yes?
>
> Thanks.
>
> David
>
> David H. Hochner
> Rutan & Tucker, LLP
> 611 Anton Boulevard, 14th Floor
> Costa Mesa, CA 92626
> (714) 662-4606 (direct)
> dhochner@rutan.com
> www.rutan.com
>

Exhibit 1, Page 16

> Privileged And Confidential Communication.
> This electronic transmission, and any documents attached hereto, (a) are protected by the
Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential
and/or legally privileged information, and (c) are for the sole use of the intended recipient
named above. If you have received this electronic message in error, please notify the sender
and delete the electronic message. Any disclosure, copying, distribution, or use of the
contents of the information received in error is strictly prohibited.
>
> -----Original Message-----
> From: O'Malley, John [mailto:john.omalley@nortonrosefulbright.com]
> Sent: Tuesday, August 26, 2014 6:16 AM
> To: Hochner, David
> Cc: O'Malley, John; Longoria, Cristina C.
> Subject: Re: John Wayne Enterprises v. Duke University -- meet and
> confer/possible stipulation or ex parte proceeding
>
> David-
>
> We have no confidential information, as I have assured you in the past. If you wish to
supply greater details, please do so. Were the inferences I drew from the information you
provided incorrect?
>
> John
>
> Sent from my iPhone
>
> On Aug 25, 2014, at 7:51 PM, "Hochner, David"
<dhochner@rutan.com<mailto:dhochner@rutan.com>> wrote:
>
> Hello again John.
>
> Thank you for getting back to me on this so that I know what the situation is.
>
> It seems you have undertaken an investigation of the relationship that Mr. Woodbridge has
to this matter.  It is unclear to me why you are referring to one "unidentified entity" and
then another "unidentified entity."  It sounds like some confidential information may have
been disclosed to you when you undertook your investigation, or perhaps you are referring to
companies in that manner because confidential information was not disclosed.  I would hope
that Mr. Rakochey has not disclosed any confidential information to you (although in our view
his knowledge is imputed to all other attorneys at Norton Rose Fulbright).  You say in your
email that no confidential information has been or will be shared, but again, I believe the
law imputes the knowledge of that information to all other attorneys at Norton Rose
Fulbright.
>
> As far as Norton Rose Canada and Fulbright & Jaworski are concerned, both are part of
Norton Rose Fulbright, and it seems quite clear that all of the firms that comprise Norton
Rose Fulbright are part of the same legal practice.  I note that Mr. Rakochey and Ms.
Longoria and you all have the same form of email address, viz.,
NAME@nortonrosefulbright.com<mailto:NAME@nortonrosefulbright.com>.  That suggests to me you
all work at the same company.  Mr. Wylie previously said and now you are reiterating that you
are not the same company.  It seems Norton Rose Fulbright is happy to accept the benefits of
combining a number of firms together while concomitantly being unwilling to accept the
potential burdens that might come from this, such as finding an increased number of conflicts
because so many attorneys are working together in the same practice.
>
> I am sorry that we could not resolve these issues, but I very much appreciate that you took
time from your schedule to attend to this.

3

>
> I wish you had agreed to a stipulation on the sequence of the motions, but in any event we
intend to proceed with an ex parte application on that.
>
> Take care for now.
>
> David
>
> David H. Hochner
> Rutan & Tucker, LLP
> 611 Anton Boulevard, 14th Floor
> Costa Mesa, CA 92626
> (714) 662-4606 (direct)
> dhochner@rutan.com<mailto:dhochner@rutan.com>
> www.rutan.com<http://www.rutan.com>
>
> Privileged And Confidential Communication.
> This electronic transmission, and any documents attached hereto, (a) are protected by the
Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential
and/or legally privileged information, and (c) are for the sole use of the intended recipient
named above. If you have received this electronic message in error, please notify the sender
and delete the electronic message. Any disclosure, copying, distribution, or use of the
contents of the information received in error is strictly prohibited.
>
> -----Original Message-----
> From: O'Malley, John [mailto:john.omalley@nortonrosefulbright.com]
> Sent: Monday, August 25, 2014 3:25 PM
> To: Hochner, David
> Cc: Longoria, Cristina C.
> Subject: RE: John Wayne Enterprises v. Duke University -- meet and
> confer/possible stipulation or ex parte proceeding
>
> David,
>
>
>
> I have reviewed the materials you sent.  I see no basis on which my firm should withdraw
from representing Duke Univeristy in this matter.  Fulbright & Jaworski has never represented
John Wayne Enterprises, the adverse party.  Mr. Woodbridge appears to be an investor in or
owner of an unidentified entity which, in turn, invested in another unidentified entity which
is presumably a licensee of, or in some other unstated relationship with, John Wayne
Enterprises.  Michael Wylie's email correctly sets forth the relationship between Norton Rose
Canada and Fulbright & Jaworski.  No confidential information has been or will be shared.
>
>
>
> We see no reason to delay the date for hearing on the motion to dismiss.  We reserve all
rights.
>
>
>
> Kind regards,
>
>
>
> John O'Malley
>

4

> 
> 
> _____
> From: Hochner, David [dhochner@rutan.com<mailto:dhochner@rutan.com>]
> Sent: Monday, August 25, 2014 1:54 PM
> To: O'Malley, John
> Cc: Longoria, Cristina C.
> Subject: John Wayne Enterprises v. Duke University -- meet and
> confer/possible stipulation or ex parte proceeding
> 
> Dear John:
> 
> It has been a couple of days since I have heard from you.  You had indicated in the email
you sent to me on Saturday morning that you were prepared to meet and confer, but I have
heard nothing further since I sent an email to you on Saturday afternoon.  I realize you are
out of the country until tomorrow night, but I had the impression from what you said that you
nevertheless would be in a position to meet and confer.  I also note that Cristina Longoria's
name is on the pleadings along with yours, and I have heard nothing from her, either.
> 
> I also had asked about entering into an agreement on the timing of your motion to dismiss
and our motion to disqualify.  Here is what I had written in my previous email:
> 
> 
> "On a related subject, in our view any motion to disqualify which we file should be heard
before the hearing on your motion to dismiss, which is set for hearing on September 8.  Do
you concur?  Will you continue the hearing date on the motion to dismiss in order to allow
time for our motion to be filed, for you to file opposition, for us to file a reply, and then
for the motion to heard prior to the hearing on the motion to dismiss?  We of course could
enter a stipulation to this effect.  We would rather not seek ex parte relief over the
schedule for the two motions for a number of reasons, including that I believe the court
would appreciate it if we could work this out ourselves without bothering the court with
needing to seek ex parte relief."
> 
> Can you or someone at your firm work with me to submit a stipulation to the court on this?
I would like to see a stipulation submitted to the court either today or at the latest
tomorrow.  Otherwise I will plan to move forward with seeking ex parte relief.
> 
> I look forward to hearing something soon on this from you or someone else at your firm.
> 
> David
> 
> David H. Hochner<http://www.rutan.com/David-Hochner>
> 
> Rutan & Tucker, LLP
> 611 Anton Boulevard, 14th Floor
> Costa Mesa, CA 92626
> (714) 662-4606 (direct)
> 
> dhochner@rutan.com<mailto:dhochner@rutan.com<mailto:dhochner@rutan.com
> <mailto:dhochner@rutan.com>>
> www.rutan.com<http://www.rutan.com<http://www.rutan.com<http://www.rut
> an.com>>
> RUTAN
> 
> _____
> Privileged And Confidential Communication.

> This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.
>
> CONFIDENTIALITY NOTICE:  This email, including any attachments, is confidential and may be privileged.  If you are not the intended recipient please notify the sender immediately, and please delete it; you should not copy it or use it for any purpose or disclose its contents to any other person.  Norton Rose Fulbright entities reserve the right to monitor all email communications through their networks.
>
> Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa (incorporated as Deneys Reitz Inc) and Fulbright & Jaworski LLP, each of which is a separate legal entity, are members of Norton Rose Fulbright Verein, a Swiss Verein.  Details of each entity, with certain regulatory information, are at nortonrosefulbright.com<http://nortonrosefulbright.com>.  Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients.
>
> CONFIDENTIALITY NOTICE:  This email, including any attachments, is confidential and may be privileged.  If you are not the intended recipient please notify the sender immediately, and please delete it; you should not copy it or use it for any purpose or disclose its contents to any other person.  Norton Rose Fulbright entities reserve the right to monitor all email communications through their networks.
>
> Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa (incorporated as Deneys Reitz Inc) and Fulbright & Jaworski LLP, each of which is a separate legal entity, are members of Norton Rose Fulbright Verein, a Swiss Verein.  Details of each entity, with certain regulatory information, are at nortonrosefulbright.com.  Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients.
>
>

CONFIDENTIALITY NOTICE:  This email, including any attachments, is confidential and may be privileged.  If you are not the intended recipient please notify the sender immediately, and please delete it; you should not copy it or use it for any purpose or disclose its contents to any other person.  Norton Rose Fulbright entities reserve the right to monitor all email communications through their networks.

Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa (incorporated as Deneys Reitz Inc) and Fulbright & Jaworski LLP, each of which is a separate legal entity, are members of Norton Rose Fulbright Verein, a Swiss Verein.  Details of each entity, with certain regulatory information, are at nortonrosefulbright.com.  Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients.

CONFIDENTIALITY NOTICE:  This email, including any attachments, is confidential and may be privileged.  If you are not the intended recipient please notify the sender immediately, and please delete it; you should not copy it or use it for any purpose or disclose its contents to any other person.  Norton Rose Fulbright entities reserve the right to monitor all email communications through their networks.

Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa (incorporated as Deneys Reitz Inc) and Fulbright &

Exhibit 1, Page 20

Jaworski LLP, each of which is a separate legal entity, are members of Norton Rose Fulbright Verein, a Swiss Verein.  Details of each entity, with certain regulatory information, are at nortonrosefulbright.com.  Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients.

Exhibit 1, Page 21

**Hochner, David**

| | |
|---|---|
| **From:** | Hochner, David |
| **Sent:** | Tuesday, August 26, 2014 4:39 PM |
| **To:** | 'O'Malley, John'; Longoria, Cristina C. |
| **Subject:** | John Wayne Enterprises v. Duke University -- Ex parte application re motion to disqualify |

Hello John and Cristina.

We are planning to file our ex parte application this afternoon.  Pursuant to Judge Carter's procedures, please be advised that any opposition that you intend to file to the ex parte application should be filed within 24 hours after you are served with the application.

Please let me know if you have any questions or comments about this.

David

**David H. Hochner**
Rutan & Tucker, LLP
611 Anton Boulevard, 14th Floor
Costa Mesa, CA 92626
(714) 662-4606 (direct)
dhochner@rutan.com
www.rutan.com
# RUTAN

Privileged And Confidential Communication.
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

Exhibit 1, Page 22