JOHN A. O'MALLEY (BAR NO. 101181)
john.omalley@nortonrosefulbright.com
CRISTINA C. LONGORIA (BAR NO. 295612)
cristina.longoria@nortonrosefulbright.com
**FULBRIGHT & JAWORSKI LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494

Attorneys for Defendant
DUKE UNIVERSITY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JOHN WAYNE ENTERPRISES, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DUKE UNIVERSITY, a North Carolina corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.: SACV14-01020 DOC (ANx)<br><br>**DEFENDANT DUKE UNIVERSITY'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE THE HEARING ON DEFENDANT'S MOTION TO DISMISS**<br><br>Hearing Date: None<br>Hearing Time: None<br><br>(Hon. David O. Carter) |

40938274.3

## I.  INTRODUCTION

The Court should deny Plaintiff's belated and unsupported request for ex parte relief.  The motion to dismiss is fully briefed and ready to be argued, if oral argument is even necessary.  The request to delay hearing and the attempt to disqualify Duke's counsel are obvious ploys designed to delay a ruling on Duke's motion to dismiss so that the Trademark Trial and Appeal Board might first rule on Plaintiff's motion to suspend proceedings.  Delaying the hearing based on Plaintiff's yet-to-be-drafted disqualification motion would be futile.  Plaintiff has no standing because Plaintiff threatens disqualification based on undefined interests of a non-party.  Plaintiff's improper request for relief should be denied.

## II.  ARGUMENT AND AUTHORITIES

### A.  Plaintiff Has Not Satisfied Its Burden in Seeking Ex Parte Relief

"Ex parte motions are rarely justified[.]"  *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995).  Further,

> [a]n ex parte motion should never be submitted by itself. It must always be accompanied by a separate proposed motion for the ultimate relief the party is seeking.

*Id.* at 492.  Ex parte relief also requires a showing of irreparable harm or "irreparable prejudice" if the underlying motion is heard according to regular motion procedures (*id.*),[1] which is difficult, if not impossible, to assess in the absence of the underlying motion.  The application here not only fails to include such a motion, it fails to make any showing of irreparable harm.

Plaintiff John Wayne Enterprises, LLC ("Plaintiff") seeks to have a disqualification motion it has yet to draft and file heard before the fully-briefed motion to dismiss, a motion that does not even require oral argument.  In

---

[1] *See also ESG Capital Partners LP v. Stratos*, No. 2:13-cv-01639-ODW(SHx), 2014 U.S. Dist. LEXIS 65738, at *4 (C.D. Cal. May 8, 2014).

1 conclusory fashion, Plaintiff claims that it will be irreparably harmed if the motion to dismiss is heard first without identifying how or why this is so or what the irreparable harm is. Remarkably, Plaintiff also fails to include in its papers the email received by Plaintiff's counsel dispelling any claim of conflict. *See* Exhibit A.

Plaintiff takes the position that the disqualification motion must be heard first based on unspecified "policy considerations" underlying California Rule of Court 3-310. This position is not only unsupported, it makes no sense. The pending motion to dismiss concerns personal jurisdiction and venue, that is, Defendant Duke University's ("Duke") lack of contacts with the forum. If the case is dismissed, any disqualification becomes essentially moot.

Plaintiff's bare-bones application does not satisfy its burden for obtaining ex parte relief, and it should be denied.

### B. **Plaintiff Lacks Standing to Seek Disqualification of Duke's Counsel**

Delaying the motion to dismiss hearing also would be futile because Plaintiff lacks standing to seek disqualification of Duke's counsel. It is a bedrock principle of federal jurisprudence that litigants generally lack standing to raise the rights of others. *See, e.g.*, *Colyer v. Smith*, 50 F. Supp. 2d 966, 968 (C.D. Cal. 1999). In line with this principle, standing to bring a disqualification motion based on a conflict of interest generally is limited to clients or former clients.[2] *Id.* at 971-73 (plaintiff lacked standing to disqualify opposing counsel based on counsel's alleged breach of duties to a third party).

---

[2] While courts have recognized a narrow exception to the principle that only clients have standing to bring a disqualification motion (*see id.* at 971–72), Plaintiff has not attempted to show that any exception applies here and instead merely points to the "policy considerations" behind the conflicts rule. But a generalized interest in the administration of justice is insufficient to demonstrate a personal stake in a disqualification motion. *Id.* at 973.

Here, instead of establishing any conflict, Plaintiff states that it seeks to disqualify Duke's counsel of choice due to vague "adverse interests" and points to its counsel's posturing in emails. Plaintiff fails to inform the Court that the alleged interests at issue are those of a non-party, Jayson Woodbridge, who appears to be an investor in another non-party, according to the snippets of emails attached to Plaintiff's application for relief.[3] Plaintiff's counsel does not purport to represent this non-party. And there is no contention or proof that Plaintiff John Wayne Enterprises is or ever was a client of Fulbright & Jaworski LLP. Plaintiff has no standing to seek disqualification.

### C. **Plaintiff Has Unreasonably Delayed Bringing This Application**

The attachments to Plaintiff's applications make clear that Plaintiff's counsel was claiming a conflict existed as of August 12, 2014. Plaintiff does not explain why it waited two weeks to rush into court seeking extraordinary relief, thus belying any claim of irreparable injury.

## III. **CONCLUSION**

For the reasons explained in Duke's Motion to Dismiss, this case fails for lack of personal jurisdiction and improper venue. Plaintiff is wasting the Court's time and the parties' resources with its improper attempts at disqualification. Duke respectfully requests that the Court deny Plaintiff's request for ex parte relief accordingly and allow the pending motion to dismiss to proceed in the ordinary course.

---

[3] To the extent Plaintiff or counsel's emails insinuate that there was a sharing of confidences between Norton Rose Fulbright Canada LLP (counsel for Mr. Woodbridge) and Fulbright & Jaworski LLP (Duke's counsel), this is categorically incorrect. There has been and will be no sharing of confidences. *See* Exhibit A.

| | |
|---|---|
| 1  Dated: August 27, 2014 | JOHN A. O'MALLEY |
| 2 | CRISTINA C. LONGORIA |
|   | **FULBRIGHT & JAWORSKI LLP** |

5   By /s/ John A. O'Malley
        JOHN A. O'MALLEY
6       Attorneys for Defendant
        DUKE UNIVERSITY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

REDACTED

-----Original Message-----
From: Wylie, Michael
Sent: August 21, 2014 10:36 AM
To: 'Howell, Rich'
Cc: Rakochey, Rob
Subject: FW: Partnership Agreements

Dear Rich,

I'm a member of the Norton Rose Fulbright Canada (NRFC) Ethics and Conflicts of Interest Committee. Rob forwarded to me your e-mail of August 13, below. Rob and I also discussed the concerns that you've raised with him. We can assure you that any confidential information that Rob has is protected.

Norton Rose Fulbright is structured as a Swiss Verein. Each member firm of the Verein provides legal services in particular jurisdictions and is subject to the laws and professional regulations of the particular country or countries in which it operates. Fulbright & Jaworski and NRFC are both member firms of Norton Rose Fulbright Verein and, along with the other member firms, work together in providing service to our clients in the various jurisdictions in which we operate. At the same time, Fulbright & Jaworski and NRFC are separate legal entities, each with its own administrative systems.

This structure impacts how information is dealt with. We do not share privileged information between member firms, unless member firms are retained by and working together for a client on the same matter. Apart from that, any sharing of information is limited to the business of the member firms, e.g. for purposes of checking conflicts or marketing.

NRFC represents Jayson Woodbridge in his individual capacity. We understand that Mr. Woodbridge is not a party in the proceedings between John Wayne Enterprises and Duke University. No one from Fulbright & Jaworski has access to any files or information in the possession of NRFC on Mr. Woodbridge and the businesses in which he has an interest (Woodbridge Businesses), and similarly no one from NRFC has access to any files or information in the possession of Fulbright & Jaworski on Duke University. The professional responsibilities of NRFC to Mr. Woodbridge, as an existing client of NRFC, prohibit NRFC from sharing with the attorneys at Fulbright & Jaworski involved with the John Wayne Enterprises/Duke University matter any information relating to Mr. Woodbridge and the Woodbridge Businesses which may be prejudicial to Mr. Woodbridge and the Woodbridge Businesses. Accordingly, there is no risk to Mr. Woodbridge or the Woodbridge Businesses arising from the relationship between NRFC and Fulbright & Jaworski. Rob confirms he has had no communications with anyone at Fulbright & Jaworski relating to the John Wayne Enterprises/Duke University

matter, nor will he in the future. Rob was not aware of the involvement of Fulbright & Jaworski in the matter until August 12, when Mr. Woodbridge mentioned it to him, followed shortly thereafter by your first email to Rob.

I trust this addresses the concerns that you have raised. However, if you continue to have a concern, it may be best to raise it directly with John O'Malley at Fulbright & Jaworski.

Best regards,

Mike

Michael Wylie | Senior Partner
Norton Rose Fulbright Canada LLP S.E.N.C.R.L., s.r.l.
400 3rd Avenue SW, Suite 3700, Calgary Alberta T2P 4H2 Canada
T: +1 403.267.9467 | F: +1 403.264.5973 michael.wylie@nortonrosefulbright.com

# **PROOF OF SERVICE**

I, Mylene Ruiz, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071.

On August 27, 2014, I electronically filed the following document(s):

**DEFENDANT DUKE UNIVERSITY'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE THE HEARING ON DEFENDANT'S MOTION TO DISMISS**

with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to the following:

Richard K. Howell
Ronald P. Oines
Kathryn Domin
Jeffrey B. Fohrer
Rutan & Tucker, LLP
611 Anton Boulevard,
Fourteenth Floor
Costa Mesa, California 92626-1931
Phone: 714-641-5100
Fax: 714-546-9035
Email: rhowell@rutan.com
roines@rutan.com
kdomin@rutan.com
jfohrer@rutan.com

*Attorneys for Plaintiff John Wayne Enterprises, LLC*

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 27, 2014, at Los Angeles, California.

/s/ Mylene Ruiz
Mylene Ruiz