**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1020-DOC (ANx)                    Date: August 28, 2014

Title: JOHN WAYNE ENTERPRISES, LLC V. DUKE UNIVERSITY, ET AL.

PRESENT:     HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**  **ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE HEARING ON DEFENDANT'S MOTION TO DISMISS [18]**

Before the Court is Plaintiff's Ex Parte Application to Continue the Hearing on Defendant's Motion to Dismiss to Enable the Court First to Hear Plaintiff's Motion to Disqualify Defendant's Counsel (Dkt. 18). Having considered the application and Defendant's opposition (Dkt. 19), the Court DENIES the application.

Ex parte applications are proper only when "the evidence [] show[s] the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Here, Plaintiff seeks a continuance of the hearing in order for Plaintiff to file a motion to disqualify Defendant's counsel based on representation of adverse interests in violation of California Rule of Court 3-310 and in order for the Court to hear that motion before hearing the motion to dismiss. Plaintiff has not adequately described how it would be harmed by having the motion to dismiss heard before its motion for disqualification. Given that Plaintiff may not even have standing to raise a motion for disqualification,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1020-DOC (ANx)                          Date: August 28, 2014

                                                                                                                 Page 2

*Colyer v. Smith*, 50 F. Supp. 2d 966 (1999), this Court is unpersuaded that Plaintiff would be irreparably prejudiced if the motion to dismiss hearing is held before the motion for disqualification hearing.

       Therefore, Plaintiff's ex parte application is DENIED.

       The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                                           Initials of Deputy Clerk: jcb