1  Richard K. Howell (State Bar No. 144241)
   rhowell@rutan.com
2  Ronald P. Oines (State Bar No. 145016)
   roines@rutan.com
3  Jeffrey B. Fohrer (State Bar No. 251308)
   jfohrer@rutan.com
4  David H. Hochner (State Bar No. 105835)
   dhochner@rutan.com
5  RUTAN & TUCKER, LLP
   611 Anton Boulevard, Fourteenth Floor
6  Costa Mesa, California 92626-1931
   Telephone: 714-641-5100
7  Facsimile: 714-546-9035

8  Attorneys for Plaintiff
   JOHN WAYNE ENTERPRISES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| JOHN WAYNE ENTERPRISES, LLC, a California limited liability company, | Case No. SACV 14-01020 DOC (ANx) |
|---|---|
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT'S COUNSEL** |
| vs. | |
| DUKE UNIVERSITY, a North Carolina corporation; and DOES 1 through 10, | [Notice of Motion; Declarations of Jayson Woodbridge and David H. Hochner filed concurrently] |
| Defendants. | Date: September 29, 2014<br>Time: 8:30 a.m.<br>Courtroom: 9D |
| | Honorable David. O. Carter |
Rutan & Tucker, LLP
attorneys at law

088/029179-0011
7402350.1 a08/29/14

Case No. SACV 14-01020 DOC (ANx)
MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO DISQUALIFY

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................. 1

    A. The Fulbright Firm .................................................................................... 3

    B. John Wayne Enterprises, Monument Valley Distillers and Jayson Woodbridge ................................................................................. 3

    C. State Law Applies to Questions Relating to Conflicts of Interest and Disqualification of Attorneys ................................................ 5

    D. California Rule of Professional Conduct 3-310 ....................................... 6

II. NORTON ROSE FULBRIGHT AND FULBRIGHT & JAWORSKI SHOULD BE TREATED AS PART OF THE SAME LEGAL PRACTICE FOR PURPOSES OF RULE 3-310 AND THE INSTANT MOTION ............................................................................... 7

III. PLAINTIFF HAS PROPER STANDING TO SEEK TO DISQUALIFY DEFENDANT'S LITIGATION COUNSEL ....................... 10

IV. MR. RAKOCHEY'S KNOWLEDGE IS IMPUTED TO ALL ATTORNEYS IN THE FULBRIGHT FIRM'S LEGAL PRACTICE ............................................................................................................ 12

V. THE DEFAULT RULE FOR DISQUALIFICATION SHOULD BE APPLIED IN THIS CASE ............................................................................. 13

VI. CONCLUSION ..................................................................................................... 14

Rutan & Tucker, LLP
attorneys at law

088/029179-0011
7402350.1 a08/29/14

-i-

Case No. SACV 14-01020 DOC (ANx)
MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO DISQUALIFY

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Concat LP v. Unilever, PLC,*
   350 F. Supp. 2d 796 (N.D. Cal. 2004) .......................................................... 10, 11

*Decaview Distrib. Co. v. Decaview Asia Corp.,*
   2000 U.S. Dist. LEXIS 16534 (N.D. Cal. Aug. 14, 2000) ................................ 11

*Dimenco v. SEIU,*
   2011 U.S. Dist. LEXIS 4068 (N.D. Cal. Jan. 14, 2011) .................................... 11

*In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.,*
   658 F.2d 1355 (9th Cir. 1981) ............................................................................ 10

*TransPerfect Global, Inc. v. MotionPoint Corp.,*
   2012 U.S. Dist. LEXIS 85649 (N.D. Cal. June 20, 2012) ........................... 10, 11

*Trone v. Smith,*
   621 F.2d 994 (9th Cir. 1980) .............................................................................. 10

**CALIFORNIA CASES**

*Blue Water Sunset, LLC v. Markowitz,*
   192 Cal. App. 4th 477 (2011) ............................................................................. 13

*City and County of San Francisco v. Cobra Solutions, Inc.*
   38 Cal. 4th 839 (2006) ........................................................................................ 12

*Flatt v. Superior Court,*
   9 Cal. 4th 275 (1994) .................................................................................... 13, 14

*Fremont Indemn. Co. v. Fremont Gen. Corp.,*
   143 Cal. App. 4th 50 (2006) ............................................................................... 12

*Henriksen v. Great American Savings & Loan,*
   11 Cal. App. 4th 109 (1992) ............................................................................... 12

*Metro-Goldwyn-Mayer, Inc. v. Tracinda Corp.,*
   36 Cal. App. 4th 1832 (1995) ............................................................................. 14

*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.,*
   20 Cal. 4th 1135 (1999) ................................................................................ 13, 14

Rutan & Tucker, LLP
attorneys at law

088/029179-0011
7402350.1 a08/29/14

-ii-

Case No. SACV 14-01020 DOC (ANx)
MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO DISQUALIFY

| | Page(s) |

**CALIFORNIA CASES (CONT.)**

*Rosenfeld Constr. Co. v. Superior Court,*
    235 Cal. App. 3d 566 (1991) .................................................................................. 12

**RULES**

California Rules of Professional Conduct
    Rule 3-310 ............................................................................................................. 1, 6, 7

Local Rules
    Rule 83-3 ....................................................................................................................... 5
    Rule 83-3.1.2 ................................................................................................................. 5

**TREATISES**

*Black's Law Dictionary Free Online Legal Dictionary 2nd Ed.* ................................. 7

Rutan & Tucker, LLP
attorneys at law

088/029179-0011
7402350.1 a08/29/14

-iii-

Case No. SACV 14-01020 DOC (ANx)
MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO DISQUALIFY

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

The question presented by this motion is whether defendant's litigation counsel Fulbright & Jaworski should be disqualified from serving as defendant's counsel in this case based on California Rule of Professional Conduct 3-310, which is entitled "Avoiding the Representation of Adverse Interests." Plaintiff's counsel asked Fulbright & Jaworski to withdraw, but it refused. (Hochner Decl., ¶ 8.)

Fulbright & Jaworski is part of the legal practice known as Norton Rose Fulbright. When Fulbright & Jaworski and Norton Rose combined in 2013, Norton Rose added "Fulbright" to its name to become Norton Rose Fulbright. (*Id.*, ¶ 2.) (When Fulbright & Jaworski and Norton Rose Fulbright are referred to together in this Memorandum, they will be referred to as the "Fulbright Firm.")

Norton Rose Fulbright is counsel to Jayson Woodbridge and his various business interests. Mr. Woodbridge is a member of Monument Valley Distillers, LLC, which is plaintiff John Wayne Enterprises' licensee for the Duke Kentucky Straight Bourbon Whiskey which is the subject of this action. Mr. Woodbridge's attorney at Norton Rose Fulbright is Robert Rakochey. Mr. Woodbridge has provided confidential information to Mr. Rakochey, and Mr. Rakochey has rendered legal services to Mr. Woodbridge, in connection with the very issues in dispute between John Wayne Enterprises and Duke University in this case, including discussing litigation strategy for this matter with him. (Woodbridge Decl., ¶¶ 2-5.) Mr. Rakochey also is the executor of Mr. Woodbridge's estate. (Id., ¶ 1.)

Norton Rose Fulbright does not deny it received confidential information from Mr. Woodbridge which is related to the issues in dispute in this case. Rather, Norton Rose Fulbright is saying that Mr. Woodbridge's confidential information is safe with them and that it will not be shared with Fulbright & Jaworski because they are separate legal entities that do not share confidential information with one another. (Hochner Decl., ¶ 9.) This of course ignores the well-settled principle that

Rutan & Tucker, LLP
attorneys at law
088/029179-0011
7402350.1 a08/29/14
-1-
Case No. SACV 14-01020 DOC (ANx)
MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO DISQUALIFY

confidential information received by one attorney in a legal practice is imputed to the other attorneys in the practice.

That fact that Mr. Woodbridge and John Wayne Enterprises are so connected in this dispute and that John Wayne Enterprises is a nominal plaintiff and Monument Valley Distillers is the real party in interest is underscored by Mr. Rakochey's Facebook page. (See Exhibit 5 to the accompanying Hochner Declaration.) Mr. Rakochey states on his Facebook page that he is confident in John Wayne Enterprises' ultimate success in its dispute with defendant and that he wants to provide "some perspective on the matter from John Wayne Enterprises." Although Mr. Rakochey has been solely Mr. Woodbridge's counsel, Mr. Rakochey nevertheless felt he had sufficient confidential information and a sufficient understanding of the dispute from Mr. Woodbridge to present it <u>from John Wayne Enterprises' perspective</u> rather than merely from Mr. Woodbridge's or Monument Valley Distillers' perspective.

There was a great deal of fanfare when the Fulbright Firm was formed. News releases issued by Norton Rose and Fulbright & Jaworski in connection with their merger touted the worldwide reach of their combined legal practice and the exceptional legal services the firm would be providing to its clients. (Hochner Decl., ¶ 2.) The Fulbright Firm promised it would provide "seamless" legal services flowing from each of their member firms to the others. (*Id.*) In a later release, the managing partner of Norton Rose Fulbright Canada stated, "The US and Canada have the largest trading relationship in the world. Our Canadian clients now have new north/south access to the Americas <u>seamlessly</u> with lawyers who are based in each country's key markets." (*Id*; emphasis added.) But now when it comes to conflicts of interest and confidential information, the Fulbright Firm claims each of its member firms has an extensive system of impenetrable seams around it which completely insulates each firm from potential conflicts that might exist with clients of other member firms. The Fulbright Firm thus wants all the benefits of combining

Rutan & Tucker, LLP
attorneys at law

088/029179-0011
7402350.1 a08/29/14

-2-

Case No. SACV 14-01020 DOC (ANx)
MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO DISQUALIFY

its member firms and wants to market itself as a behemoth of exceptional "seamless" legal services but is unwilling to accept the accompanying burdens of the merger.

### A. The Fulbright Firm.

The law practice Norton Rose is based in London. Norton Rose merged with the American law practice Fulbright & Jaworski in June 2013. The name of the practice now is Norton Rose Fulbright although the American branch still refers to itself as Fulbright & Jaworski. Norton Rose Fulbright has a Canadian branch which refers to itself as Norton Rose Fulbright Canada. (Hochner Decl., ¶ 2.)

With Norton Rose and Fulbright & Jaworski combining operations, the Fulbright Firm became one of the top ten legal practices in the world, with 3,800 attorneys. (*Id.*)

Fulbright & Jaworski's argument that it is not subject to the same ethical rules as other law practices is nothing more than an attempt to exalt form over substance. The confidential information Mr. Woodbridge provided to Norton Rose Fulbright should be imputed to the other attorneys in the practice, including defendant's litigation counsel, just as it would be in any other case where different offices of the same legal practice would be precluded from carrying on an adverse representation.

### B. John Wayne Enterprises, Monument Valley Distillers and Jayson Woodbridge.

Although John Wayne Enterprises is the nominal plaintiff in this case, this is really Monument Valley Distillers' lawsuit and it truly is the real party in interest for the reasons reflected in the accompanying declaration of Jayson Woodbridge:

- The product at issue in this case – Duke Kentucky Straight Bourbon Whiskey – is not a product of plaintiff John Wayne Enterprises but, rather, of Monument Valley Distillers by way of an exclusive license agreement between Monument Valley Distillers and John Wayne Enterprises, which owns the Duke mark. Monument Valley Distillers

Rutan & Tucker, LLP
attorneys at law

088/029179-0011
7402350.1 a08/29/14

-3-

Case No. SACV 14-01020 DOC (ANx)
MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO DISQUALIFY

thus is directly involved in the current litigation between John Wayne Enterprises and Duke University. (Woodbridge Decl., ¶ 3.)

- Mr. Woodbridge owns a 27.5% interest in Monument Valley Distillers. (*Id.*)
- Although John Wayne Enterprises is the named plaintiff in this action, Monument Valley Distillers is the entity which truly is at risk in this litigation by virtue of a defense and indemnity agreement between John Wayne Enterprises and Monument Valley Distillers. (*Id.*)
- Mr. Woodbridge is paying to fund the litigation between John Wayne Enterprises and Duke University. (*Id.*)

Mr. Woodbridge's declaration reflects that he provided confidential information to Mr. Rakochey at Norton Rose Fulbright in connection with the instant dispute between John Wayne Enterprises and Duke University and that Mr. Rakochey provided legal services to Mr. Woodbridge in connection with this dispute:

- Mr. Woodbridge's legal relationship with Mr. Rakochey has encompassed matters related to the pending dispute between John Wayne Enterprises and Duke University, and they have had extensive confidential discussions regarding all aspects of the trademark dispute with Duke University. (Woodbridge Decl., ¶ 2.)
- Mr. Woodbridge has had hundreds of discussions with Mr. Rakochey about his business interests in the alcoholic beverage industry, the dispute between John Wayne Enterprises and Duke University, and litigation strategy for the dispute between John Wayne Enterprises and Duke University. (*Id.*, ¶ 4.)
- Mr. Rakochey assisted Mr. Woodbridge in formulating the defense to Duke University's position that Monument Valley Distillers' Duke Kentucky Straight Bourbon Whiskey will dilute Duke University's

Rutan & Tucker, LLP
attorneys at law
088/029179-0011
7402350.1 a08/29/14
-4-
Case No. SACV 14-01020 DOC (ANx)
MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO DISQUALIFY

marks and cause confusion. (*Id.*)

- Mr. Woodbridge has made decisions in the instant case based on Mr. Rakochey's assessment of the strengths and weaknesses of the parties' respective positions in the case. (*Id.*)
- Mr. Woodbridge's discussions with Mr. Rakochey regarding Duke University's position in this trademark dispute go back to 2013, long before Fulbright & Jaworski became counsel to Duke University earlier this month when it filed its motion to dismiss. (*Id.*)
- Mr. Woodbridge's discussions with Mr. Rakochey have assisted Mr. Woodbridge and Monument Valley Distillers in developing litigation strategy for this case. (*Id.*)
- Mr. Rakochey has been a key person in guiding Mr. Woodbridge's legal strategy in the dispute with Duke University. (*Id.*)
- Mr. Woodbridge never would have authorized his legal counsel at Rutan & Tucker to send documents to Mr. Rakochey related to Monument Valley Distillers and other companies if he knew Mr. Rakochey's firm would become adverse to him by representing Duke University in this litigation. (*Id.*, ¶ 6.)

Mr. Woodbridge thus provided confidential information to Mr. Rakochey in connection with issues which lie at the heart of the dispute between John Wayne Enterprises and Duke University and received extensive legal advice from Mr. Rakochey in connection with the dispute.

C. **State Law Applies to Questions Relating to Conflicts of Interest and Disqualification of Attorneys.**

Pursuant to Local Rule 83-3, the Central District has adopted the Rules of Professional Conduct of the State Bar of California. California law thus applies when it comes to matters of conflicts of interest and disqualification. Central District of California Local Rule 83-3.1.2 states:

Rutan & Tucker, LLP
attorneys at law

088/029179-0011
7402350.1 a08/29/14

-5-

Case No. SACV 14-01020 DOC (ANx)
MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO DISQUALIFY

"In order to maintain the effective administration of justice and the integrity of the Court, each attorney shall be familiar with and comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and the decisions of any court applicable thereto. These statutes, rules and decisions are hereby adopted as the standards of professional conduct, and any breach or violation thereof may be the basis for the imposition of discipline. The Model Rules of Professional Conduct of the American Bar Association may be considered as guidance."

D.  **California Rule of Professional Conduct 3-310.**

Rule 3-310 is entitled "Avoiding the Representation of Adverse Interests." Two sections of Rule 3-310 are implicated in defendant's counsel's representation of Duke University in this case:

- Rule 3-310(C) states, "A member shall not, without the informed written consent of each client: . . . (3) Represent a client in a matter and at the same time in a separate matter accept as a client a person or entity whose interest in the first matter is adverse to the client in the first matter." Mr. Woodbridge sought legal advice from Mr. Rakochey and Mr. Rakochey rendered legal services to Mr. Woodbridge in connection with matters in which Duke University's interests are directly adverse to Mr. Woodbridge's interests.

- Rule 3-310(E) states, "A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment."

Mr. Woodbridge shared confidential information with Mr. Rakochey

Rutan & Tucker, LLP
attorneys at law
088/029179-0011
7402350.1 a08/29/14
-6-
Case No. SACV 14-01020 DOC (ANx)
MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO DISQUALIFY

    which Duke University very well could benefit from in its litigation with John Wayne Enterprises. Under the legal principles discussed below which are applied in the context of evaluating conflicts of interest, this confidential information is imputed to all other attorneys in the practice.

  Even aside from the separate basis for disqualification based on confidential information, the Fulbright Firm is acting adversely to Mr. Woodbridge's interests by representing defendant in this case.

## II. <u>NORTON ROSE FULBRIGHT AND FULBRIGHT & JAWORSKI SHOULD BE TREATED AS PART OF THE SAME LEGAL PRACTICE FOR PURPOSES OF RULE 3-310 AND THE INSTANT MOTION.</u>

  Norton Rose Fulbright and Fulbright & Jaworski clearly are part of the same legal practice as they themselves expressly acknowledged in news releases issued at the time of their merger. (Hochner Decl., ¶ 2.) As to their union, Norton Rose Fulbright and Fulbright & Jaworski said they were "combining" operations without saying much about the actual form their "combination" would take. As far as a "business combination" is concerned, Black's Law Dictionary states: "Consolidation or amalgamation is the act of merging many things into one. In business, it often refers to the mergers and acquisitions of many smaller companies into much larger ones." (*Black's Law Dictionary Free Online Legal Dictionary 2nd Ed.*) At least some news accounts issued at the time of the combination referred to it as a "merger" and referred to the combined practice as a "firm." (Hochner Decl., ¶ 3.)

  Norton Rose Fulbright is asserting the position that each member firm is a distinct legal entity that should be treated as a wholly independent company. As explained by one of Norton Rose Fulbright's attorneys:

    "Norton Rose Fulbright is structured as a Swiss Verein. Each member firm of the Verein provides legal services in particular jurisdictions and is subject to

Rutan & Tucker, LLP
attorneys at law

088/029179-0011
7402350.1 a08/29/14

-7-

Case No. SACV 14-01020 DOC (ANx)
MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO DISQUALIFY

1  the laws and professional regulations of the particular country or countries in
2  which it operates. Fulbright & Jaworski and NRFC are both member firms of
3  Norton Rose Fulbright Verein and, along with the other member firms, work
4  together in providing service to our clients in the various jurisdictions in
5  which we operate. At the same time, Fulbright & Jaworski and NRFC are
6  separate legal entities, each with its own administrative systems." (Hochner
7  Decl., ¶ 9.)
8  Norton Rose Fulbright's attorney further explained:
9  "This structure impacts how information is dealt with. We do not share
10  privileged information between member firms, unless member firms are
11  retained by and working together for a client on the same matter. Apart from
12  that, any sharing of information is limited to the business of the member
13  firms, e.g. for purposes of checking conflicts or marketing." (*Id.*)
14  What Norton Rose Fulbright loses sight of here is that confidential
15  information could flow from one firm in the verein to another firm just as easily as it
16  could flow between any two other offices in the same legal practice. Norton Rose
17  stated in one of its news releases issued at the time of the merger that, "The U. S.
18  legal market is the largest in the world and our combination will create a truly global
19  practice with significant depth of expertise in the world's principal business and
20  financial centres." (Hochner Decl., ¶ 2.) The chair of Fulbright & Jaworski's
21  Executive Committee was quoted in the news release as saying, "Fulbright's
22  combination with Norton Rose will expand our global platform and enable us to
23  provide an even broader range of services to our clients. We will be an international
24  leader in providing <u>seamless</u> and superior client service." (*Id.*; emphasis added.)
25  When it served its interests, the Fulbright Firm was happy to tout the seamless
26  nature of the relationship between its member firms, but now when it comes to a
27  conflict of interest issue, they hypocritically contend there are impenetrable seals
28  between the different practices.

Rutan & Tucker, LLP
attorneys at law

088/029179-0011
7402350.1 a08/29/14

-8-

Case No. SACV 14-01020 DOC (ANx)
MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO DISQUALIFY

1   The news release issued by Fulbright & Jaworski contained the same
2 statement about "seamless" legal services. It also quoted a consultant as saying,
3 "This is a market-changing combination. The combined firm's strength and depth is
4 something that others will try hard to emulate. But, as a first mover, it will be a hard
5 act to follow." (Hochner Decl., ¶ 2.) The news release quoted another consultant as
6 saying, "After the combination, there will be less than a handful of law firms with
7 global reach, depth and breadth of this quality." (*Id.*) Thus, two consultants whose
8 comments Fulbright & Jaworski chose to include in its own news release referred to
9 the combination as a "firm." The fact that Norton Rose Fulbright refers to the
10 combination as a "legal practice" rather than a "firm" is a distinction without a
11 difference, particularly when it gladly allowed consultants to refer to the legal
12 practice as a firm in its own news release.
13   In a later news release, the managing partner of Norton Rose Fulbright
14 Canada stated, "The US and Canada have the largest trading relationship in the
15 world. Our Canadian clients now have new north/south access to the Americas
16 <u>seamlessly</u> with lawyers who are based in each country's key markets." (Hochner
17 Decl., ¶ 2; emphasis added.)
18   In googling "Fulbright & Jaworski," the first item that appears is "Fulbright &
19 Jaworski LLP" with a web address "nortonrosefulbright.com/us." (Hochner Decl.,
20 ¶ 4.) Defendant's counsel thus is representing to the world through its website that
21 it is part of Norton Rose Fulbright.
22   The email addresses of attorneys at Fulbright & Jaworski and Norton Rose
23 Fulbright are structured in the same manner. The format in each instance is
24 Name@nortonrosefulbright.com. Defendant's lead litigation counsel is John
25 O'Malley. His email address is john.o'malley@nortonrosefulbright.com. The email
26 address of Mr. Rakochey at Norton Rose Fulbright is
27 Rob.Rakochey@nortonrosefulbright.com. (Hochner Decl., ¶ 5.) Just as their
28 websites do, these email addresses constitute a representation that Fulbright &

Rutan & Tucker, LLP
attorneys at law

088/029179-0011
7402350.1 a08/29/14

-9-

Case No. SACV 14-01020 DOC (ANx)
MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO DISQUALIFY

Jaworski and Norton Rose Fulbright are part of the same legal practice. Indeed, they acknowledge they are, and it is only because of the "verein" form of corporate organization that they claim they are exempt from the California Rules of Professional Conduct that all other attorneys perforce must follow.

The district court has the "primary responsibility" of controlling the conduct of lawyers practicing before it." *Trone v. Smith*, 621 F.2d 994, 999 (9th Cir. 1980). The court can disqualify an attorney "if their conduct actually interferes with the integrity of the court, or actually produces an appearance of impropriety." *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 658 F.2d 1355, 1361 (9th Cir. 1981). Under the conflict of interest rules, even a mere appearance of impropriety thus should result in disqualification.

### III. PLAINTIFF HAS PROPER STANDING TO SEEK TO DISQUALIFY DEFENDANT'S LITIGATION COUNSEL.

Although John Wayne Enterprises does not have a traditional attorney-client relationship with the Fulbright Firm, federal law establishes that it has Article III standing to seek the firm's disqualification. "[C]ourts have found that non-client litigants may have standing to move for disqualification of counsel in cases where they have a sufficient 'personal stake' in the motion because 'the ethical breach so infects the litigation in which disqualification is sought that it impacts the moving party's interest in a just and lawful determination of [its] claims.'" *Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 818 (N.D. Cal. 2004) (citing *Colyer v. Smith*, 50 F. Supp. 2d 966, 971 (C.D. Cal. 1999); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)) This rule is invoked "'where particular facts have established that the party seeking disqualification [has] a personal stake beyond the general interest in the fair administration of justice.'" *TransPerfect Global, Inc. v. MotionPoint Corp.*, 2012 U.S. Dist. LEXIS 85649, at *22 (N.D. Cal. June 20, 2012) (quoting *S.E.C. v. King Chuen Tang*, 831 F. Supp. 2d 1130, 1143 (N. D. Cal. 2011))
/ / /

Rutan & Tucker, LLP
attorneys at law

088/029179-0011
7402350.1 a08/29/14

-10-

Case No. SACV 14-01020 DOC (ANx)
MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO DISQUALIFY

In *Concat*, a non-client company, Concat, sought to disqualify a law firm based on its current representation of an individual for his estate planning needs. *See Concat*, 350 F. Supp. 2d at 800-03. The Court found that the individual's ownership and management interest in Concat – including owning a 24% limited partnership interest, which is similar to Mr. Woodbridge's 27.5% membership interest – satisfied Article III's requirements. The court thus concluded that the company had standing to pursue disqualification, and the court granted the disqualification motion. *Id.* at 822. The decision in *Concat* is consistent with a body of authority in this circuit granting disqualification motions of non-client parties. *See, e.g., Decaview Distrib. Co. v. Decaview Asia Corp.*, 2000 U.S. Dist. LEXIS 16534, at *9 (N.D. Cal. Aug. 14, 2000); *Dimenco v. SEIU*, 2011 U.S. Dist. LEXIS 4068, at *9 (N.D. Cal. Jan. 14, 2011); *TransPerfect Global, Inc.*, 2012 U.S. Dist. LEXIS 85649, at *21.

In this case just as in *Concat*, defendant's counsel's ethical conflict impacts plaintiff's interest "in a just and lawful determination" of its lawsuit. *See Concat*, 350 F. Supp. 2d at 818. As established by Mr. Woodbridge's declaration, Norton Rose Fulbright obtained confidential information which is "inextricably intertwined with the business and financial matters" of John Wayne Enterprises, including matters that go to the heart of John Wayne Enterprises' litigation strategy against defendant. *See id.* at 819. The fact that the Fulbright Firm potentially now may use this information to plaintiff's detriment gives plaintiff a personal stake in disqualifying defendant's counsel which extends beyond a general interest in the firm's adherence to ethical rules and which goes to the merits of its lawsuit. As a result, plaintiff has standing to seek disqualification of defendant's litigation counsel on its own behalf and in its own right.

///

///

///

Rutan & Tucker, LLP
attorneys at law
088/029179-0011
7402350.1 a08/29/14
-11-
Case No. SACV 14-01020 DOC (ANx)
MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO DISQUALIFY

## IV. MR. RAKOCHEY'S KNOWLEDGE IS IMPUTED TO ALL ATTORNEYS IN THE FULBRIGHT FIRM'S LEGAL PRACTICE.

"Although the rules governing the ethical duties that an attorney owes to clients are set out in the California Rules of Professional Conduct, those rules do not address when an attorney's personal conflict will be imputed to the attorney's law firm resulting in its vicarious disqualification. Vicarious disqualification rules are a product of decisional law." (*Henriksen v. Great American Savings & Loan*, 11 Cal. App. 4th 109, 114 (1992))

An attorney's individual conflict of interest is imputed to the other attorneys in the practice because "'attorneys, working together and practicing law in a professional association, share each other's, and their clients', confidential information.'" *City and County of San Francisco v. Cobra Solutions, Inc.* 38 Cal. 4th 839, 848 (2006) (quoting *People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.,* 20 Cal. 4th 1135, 1153-1154 (1999); see also *Rosenfeld Constr. Co. v. Superior Court*, 235 Cal. App. 3d 566, 573 (1991) ("It has long been recognized . . . that knowledge by any member of a law firm is knowledge by all of the attorneys in the firm, partners as well as associates."). Under this rule, a particular attorney's disqualification is imputed to all other attorneys in the legal practice. The vicarious disqualification rule is based on the recognition that access to confidential information is presumed, and in such instances disqualification is mandatory. (*See Fremont Indemn. Co. v. Fremont Gen. Corp.*, 143 Cal. App. 4th 50, 67 (2006))

In light of the fact Mr. Rakochey has been advising Mr. Woodbridge on matters related to the instant litigation from even before the instant lawsuit was filed, if Norton Rose Fulbright and Fulbright & Jaworski are part of the same legal practice, then the same legal practice is representing both Mr. Woodbridge and Duke University. In that event, they are incontrovertibly adverse to one another, and defendant's counsel therefore should be disqualified.

Rutan & Tucker, LLP
attorneys at law

088/029179-0011
7402350.1 a08/29/14

-12-

Case No. SACV 14-01020 DOC (ANx)
MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO DISQUALIFY

## V. THE DEFAULT RULE FOR DISQUALIFICATION SHOULD BE APPLIED IN THIS CASE.

The default rule for a concurrent conflict is strict and requires automatic disqualification in nearly every case. As noted by the court in *Blue Water Sunset, LLC v. Markowitz*, 192 Cal. App. 4th 477, 487 (2011), "If an attorney simultaneously represents two clients with adverse interests, automatic disqualification is the rule in all but a few instances." Here, Duke University's and Mr. Woodbridge's interests clearly are adverse to one another.

The rule of automatic disqualification was applied in *SpeeDee Oil*, 20 Cal. 4th at 1147, where the Court noted that in those instances where an attorney represents "clients whose interests are directly adverse in the same litigation . . . the rule of automatic disqualification applies." Likewise, the Court in *Flatt v. Superior Court*, 9 Cal. 4th 275, 284 (1994) noted that, "[T]he rule of disqualification in simultaneous representation cases is a *per se* or 'automatic' one" in "all but a few instances."

Although Mr. Woodbridge is not expressly a party in the instant litigation, his interests in this litigation are the same as a party's, and there is absolutely no doubt that Duke University and Mr. Woodbridge have directly adverse interests. Unless defendant's counsel is disqualified, Mr. Woodbridge will see attorneys from the firm he believed was his firm at the trial of this matter trying to destroy his investment and his interest in the Duke Bourbon Whiskey which Monument Valley Distillers has brought to market through its license agreement with John Wayne Enterprises.

California case law heavily emphasizes the importance of the policy considerations underlying the automatic disqualification rule. The California Supreme Court has stated that the duty of loyalty is crucial to "avoid undermining public confidence in the legal profession and the judicial process." *SpeeDee Oil*, 20 Cal. 4th at 1146. Regardless of the intention or motivation of the lawyers involved, protecting a client's expectation of undivided loyalty is the paramount concern.

Rutan & Tucker, LLP
attorneys at law

088/029179-0011
7402350.1 a08/29/14

-13-

Case No. SACV 14-01020 DOC (ANx)
MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO DISQUALIFY

1  *Flatt*, 9 Cal. 4th at 289 ("The rule is designed not alone to prevent the dishonest practitioner from fraudulent conduct, but as well to preclude the honest practitioner from putting himself in a position where he may be required to choose between conflicting duties, or be led to attempt to reconcile conflicting interests.")

The duty of loyalty is crucial when an attorney is actively engaged in litigation with a firm client because "[a] client who learns that his or her lawyer is also representing a litigation adversary . . . cannot long be expected to sustain the level of confidence and trust in counsel that is one of the foundations of the professional relationship." *Metro-Goldwyn-Mayer, Inc. v. Tracinda Corp.*, 36 Cal. App. 4th 1832, 1840 (1995).

Even when balancing the various factors in determining whether to grant a motion to disqualify, "[t]he paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar." *SpeeDee Oil*, 20 Cal. 4th at 1145.

## VI. CONCLUSION.

For the foregoing reasons, plaintiff John Wayne Enterprises respectfully requests that its motion be granted and that defendant's litigation counsel be disqualified from representing Duke University in this action.

Dated: August 29, 2014

RUTAN & TUCKER, LLP

By: /s/ *David H. Hochner*
David H. Hochner
Attorneys for Plaintiff
JOHN WAYNE ENTERPRISES, LLC

Rutan & Tucker, LLP
attorneys at law

088/029179-0011
7402350.1 a08/29/14

-14-

Case No. SACV 14-01020 DOC (ANx)
MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO DISQUALIFY