1  JOHN A. O'MALLEY (BAR NO. 101181)
   john.omalley@nortonrosefulbright.com
2  CRISTINA C. LONGORIA (BAR NO. 295612)
   cristina.longoria@nortonrosefulbright.com
3  **FULBRIGHT & JAWORSKI LLP**
   555 South Flower Street
4  Forty-First Floor
   Los Angeles, California 90071
5  Telephone: (213) 892-9200
   Facsimile: (213) 892-9494
6
   Attorneys for Defendant
7  DUKE UNIVERSITY

8

9                  UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11                      SOUTHERN DIVISION

12

13  JOHN WAYNE ENTERPRISES, LLC,      Case No.: SACV14-01020 DOC (ANx)
    a California limited liability company,
14                                     **DEFENDANT DUKE
                Plaintiff,             UNIVERSITY'S OPPOSITION TO
15                                     PLAINTIFF'S MOTION TO
           v.                          DISQUALIFY DEFENDANT'S
16                                     COUNSEL**
    DUKE UNIVERSITY, a North Carolina
17  corporation; and DOES 1 through 10,   Hearing Date: September 29, 2014
                                          Hearing Time: 8:30 a.m.
18              Defendants.
                                       (Hon. David O. Carter)
19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................ 1

II.   BACKGROUND CONCERNING THE ENTITIES, INDIVIDUALS
      AND RELATIONSHIPS AT ISSUE .......................................................... 2

III.  ARGUMENT AND AUTHORITIES ......................................................... 5

      A.    Plaintiff Lacks Standing to Seek Disqualification of Duke's
            Counsel ............................................................................................ 5

      B.    Plaintiff Has Not Satisfied Its Burden of Showing That
            Disqualification Is Required ............................................................ 9

            1.    There Is No Conflict Because There Is No Basis for
                  Imputation or Proof of Shared Information ........................... 10

            2.    An "Appearance of Impropriety" Is Not a Separate Basis
                  for Disqualification .............................................................. 12

      C.    Plaintiff's Motion May Be Moot ................................................... 13

IV.   CONCLUSION ........................................................................................ 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abassi v. BAE Sys. Info. & Elec. Sys. Integration*,
   No. 10cv1745 BEN (AJB), 2011 U.S. Dist. LEXIS 22410
   (S.D. Cal. Mar. 7, 2011) ........................................................................ 6

*Adams v. Aerojet-General Corp.*,
   86 Cal. App. 4th 1324 (App. Ct. 2001) ............................................... 12

*Addam v. Superior Court*,
   116 Cal. App. 4th 368 (App. Ct. 2004) .......................................... 12, 13

*Baugh v. Garl*,
   137 Cal. App. 4th 737 (App. Ct. 2006) ................................................. 9

*City & County of San Francisco v. Cobra Solutions, Inc.*,
   38 Cal. 4th 839 (2006) ...................................................... 9, 10, 11, 12

*Colyer v. Smith*,
   50 F. Supp. 2d 966 (C.D. Cal. 1999) ............................................ 5, 6, 9

*Concat LP v. Unilever, PLC*,
   350 F. Supp. 2d 796 (N.D. Cal. 2004) ............................................. 7, 9

*Corns v. Laborers Int'l Union of N. Am.*,
   No. 09-CV-4403 YGR, 2014 U.S. Dist. LEXIS 44996
   (N.D. Cal. Mar. 31, 2014) ..................................................................... 5

*In re County of Los Angeles*,
   223 F.3d 990 (9th Cir. 2000) .............................................................. 12

*Decaview Distrib. Co. v. Decaview Asia Corp.*,
   No. C 99-02555 MJJ (ME), 2000 U.S. Dist. LEXIS 16534
   (N.D. Cal. Aug. 14, 2000) ..................................................................... 7

*Dimenco v. SEIU*,
   No: C 10-03112 SBA, 2011 U.S. Dist. LEXIS 4068,
   (N.D. Cal. Jan. 4, 2011) ....................................................................... 7

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Great Lakes Const., Inc. v. Burman*,
  186 Cal. App. 4th 1347 (App. Ct. 2010) ...................................................... 5

*Hetos Invs., Ltd. v. Kurtin*,
  110 Cal. App. 4th 36 (App. Ct. 2003) ................................................ 9, 11, 12

*Kasza v. Browner*,
  133 F.3d 1159 (9th Cir. 1998) ................................................................ 5

*Kirk v. First Am. Title Ins. Co.*,
  183 Cal. App. 4th 776 (App. Ct. 2010) ............................................ 10, 11, 12

*In re Marvel*,
  251 B.R. 869 (N.D. Cal. 2000) .............................................................. 9

*In re McKinney Ranch Assocs.*,
  62 B.R. 249 (C.D. Cal. 1986) .............................................................. 12

*O'Shea v. Epson Am., Inc.*,
  No. CV 09-8063 PSG, 2010 U.S. Dist. LEXIS 62809
  (C.D. Cal. June 4, 2010) ................................................................... 9

*Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*,
  760 F.2d 1045 (9th Cir. 1985) ............................................................. 9

*In re Petroleum Products Antitrust Litigation*,
  658 F.2d 1355 (9th Cir. 1981) ............................................................ 12

*Sepehry-Fard v. Countrywide Home Loans, Inc.*,
  No. 13-cv-05769-BLF, 2014 U.S. Dist. LEXIS 81160
  (N.D. Cal. June 13, 2014) ................................................................. 13

*Simonca v. Mukasey*,
  No. CIV. S-08-1453 FCD GGH, 2008 U.S. Dist. LEXIS 101969
  (E.D. Cal. Nov. 25, 2008) ................................................................ 6, 9

*TransPerfect Global, Inc. v. MotionPoint Corp.*,
  No. C-10-02590 CW (JCS), 2012 U.S. Dist. LEXIS 85649
  (N.D. Cal. June 20, 2012) ................................................................. 7

DOCUMENT PREPARED ON RECYCLED PAPER

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT'S COUNSEL

SACV14-01020 DOC (ANX)

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Turner v. Smith*,
  No. C 11-05176 CRB, 2013 U.S. Dist. LEXIS 53639
  (N.D. Cal. Apr. 15, 2013) ................................................................. 14

*U.S. v. Walker River Irrigation Dist.*,
  No. 3:73-CV-127-ECR (RAM), 2006 U.S. Dist. LEXIS 95342
  (D. Nev. Mar. 10, 2006) .................................................................. 13

*UMG Recordings, Inc. v. Myspace, Inc.*,
  526 F. Supp. 2d 1046 (C.D. Cal. 2007) .............................................. 9

**Rules and Statutes**

CAL. R. PROF. CONDUCT 1-100(A) ......................................................... 10

CAL. R. PROF. CONDUCT 1-100(B)(1) ..................................................... 10

CAL. R. PROF. CONDUCT 1-100(C) ......................................................... 11

CAL. R. PROF. CONDUCT 3-310(C) ......................................................... 11

CAL. R. PROF. CONDUCT 3-310(E) ......................................................... 11

L.R. 83-3.1.2 ....................................................................................... 11

**Other Authorities**

LACBA Formal Opinion No. 501, p. 4 (1999) ...................................... 12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.   __INTRODUCTION__

This is a trademark action involving two, and only two, parties: Plaintiff John Wayne Enterprises, LLC ("Plaintiff") and Duke University ("Duke").  When it filed this action, Plaintiff represented to the Court (and Duke) that the only interested parties were it and Duke.  (Dkt. 2.)  In its opposition to Duke's motion to dismiss, Plaintiff argued that the Court should not make it try this case somewhere else because, although it holds all the rights at issue, it is a small, local company with limited resources.  (Dkt. 15, pp. 1, 10.)  Until now, Plaintiff identified itself as the only stakeholder.

Now we hear a different story.  For purposes of seeking disqualification, Plaintiff, the alleged intellectual property rights-owner, says it is a mere nominal plaintiff, that it owns a portion of another company (Monument Valley Distillers, LLC) which, in turn, is partially owned by an individual foreign investor (Jayson Woodbridge).  But these facts do not support disqualification.  Plaintiff is the only party opposing Duke in this action and seeking disqualification of Duke's counsel, and Plaintiff does not have standing to do so.  Any attenuated connection Mr. Woodbridge—a non-party minority investor in yet another non-party—might have to this dispute does not empower Plaintiff to seek disqualification here.

It is conceded and undisputed that Duke's counsel, Fulbright & Jaworski LLP, has never represented John Wayne Enterprises, LLC (the only adverse party here) or Jayson Woodbridge or Monument Valley Distillers.  There is no evidence that confidential information was ever shared between Mr. Woodbridge's Calgary counsel at Norton Rose Fulbright Canada LLP and Duke's counsel at Fulbright & Jaworski LLP, and California law does not permit any imputation or presumption of shared information here.

Lastly, should the Court grant the pending motion to dismiss, Plaintiff's motion to disqualify would become moot.

DOCUMENT PREPARED
ON RECYCLED PAPER

## II.  BACKGROUND CONCERNING THE ENTITIES, INDIVIDUALS AND RELATIONSHIPS AT ISSUE

Though Plaintiff tries mightily to blur the distinctions between it and other entities and individuals (and their respective counsel[1]) to strengthen its argument for disqualification, Plaintiff cannot through obfuscation overcome the fact that 1) there is no conflict here, and 2) it lacks standing to pursue disqualification of Duke's counsel.  As the pleadings in this case make plain, there are two parties to this action, Plaintiff John Wayne Enterprises, LLC and Duke.  Plaintiff is represented in this action by Rutan & Tucker, LLP.  Duke is represented in this action by Fulbright & Jaworski LLP ("Fulbright & Jaworski"), as the pleadings also make plain.  (*See also* Declaration of Stephen M. McNabb ("McNabb Decl.") ¶ 2.) Fulbright & Jaworski has never represented Plaintiff, as Plaintiff begrudgingly, if misleadingly, concedes.   (*Id.* ¶ 3; Dkt. 21-1, p. 10 ("Although John Wayne Enterprises does not have a traditional attorney-client relationship with the Fulbright Firm, . . . .")).

Plaintiff seeks to disqualify Duke's counsel based on alleged interests of Jayson Woodbridge, who is neither a party to this action nor a party to Plaintiff's Motion.  (*See* Dkt. 1; Dkt. 21.)  Mr. Woodbridge is said to be an investor in Monument Valley Distillers, LLC ("MVD"), which apparently is a licensee of Plaintiff. (Dkt. 21-10, ¶ 3.)  There is no contention that Mr. Woodbridge or MVD is an owner of John Wayne Enterprises, LLC.  (*See id.*)  Fulbright & Jaworski has never represented Mr. Woodbridge or MVD.  (McNabb Decl. ¶ 4.)

Mr. Woodbridge's declaration states that he is a client of Robert Rakochey, who is an attorney at "Norton Rose Fulbright."  (Dkt. 21-10, ¶ 1.)  Mr. Rakochey is an attorney with Norton Rose Fulbright Canada LLP ("NRFC").  (McNabb Decl.

---

[1] Plaintiff seeks to disqualify "Fulbright & Jaworski" in its motion (Dkt. 21, p. 1), yet purposefully conflates the names of the entities at issue in referring to "the Fulbright Firm" throughout its supporting memorandum.

¶ 5.)  NRFC represents Mr. Woodbridge in his individual capacity.[2]  (Dkt. 21-8, p. 2.)  Mr. Rakochey is neither employed by nor a partner of Fulbright & Jaworski. (McNabb Decl. ¶ 5.)

Fulbright & Jaworski and NRFC are distinct legal entities.  (*Id.* ¶ 6.)  Both are member firms of Norton Rose Fulbright Verein, a Swiss Verein.  (*Id.* ¶¶ 7, 9.) The Norton Rose Fulbright Verein does not provide legal services and is not authorized to do so.  (*Id.* ¶ 8.)  Instead, each member firm of the Verein provides legal services to its clients in particular jurisdictions and is subject to the laws and professional regulations of the particular country or countries in which it operates. (*Id.*)  Member firms, including specifically Fulbright & Jaworski and NRFC, do not share profits, expenses, or liabilities.  (*Id.* ¶ 9.)  The articles establishing the Verein pursuant to the Swiss Civil Code provide that member firms do not share profits, expenses, or liabilities.  (*Id.*)  Thus, despite Plaintiff's bald assertions to the contrary, Fulbright & Jaworski LLP did not merge with NRFC or any other firm when it became a part of the Verein.[3]  (*Id.* ¶¶ 7, 9.)

Members of the Verein are transparent about this structure.  The signature portion of Duke's counsel's email, which appears in Exhibit 7 to Mr. Hochner's declaration, states very clearly:

> Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton
> Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa
> (incorporated as Deneys Reitz Inc) and Fulbright & Jaworski LLP,

---

[2] Nowhere does Mr. Woodbridge or anyone else state what he has been billed by NRFC for any alleged work done on his behalf.

[3] Plaintiff relies on the declaration of one of its lawyers, David Hochner, to establish the legal relations at issue.  Of course, Mr. Hochner has no personal knowledge of these relations; he misreads the cherry-picked releases attached to his declaration; he improperly relies on hearsay "news accounts" mischaracterizing the combination as a "merger"; and he conveniently ignores the notices in the emails to him regarding the precise nature and relationship of the Norton Rose Fulbright Verein and member firms.  (*See* Dkt. 21-9, p. 6.)

DOCUMENT PREPARED
ON RECYCLED PAPER

1  each of which is a separate legal entity, are members of Norton Rose
2  Fulbright Verein, a Swiss Verein. Details of each entity, with certain
3  regulatory information, are at nortonrosefulbright.com. Norton Rose
4  Fulbright Verein helps coordinate the activities of the members but
5  does not itself provide legal services to clients.

6  (Dkt. 21-9, p. 6.)  A nearly-identical notice appears on the "About us" page of the
7  Verein website, on member firm letterhead, on their form engagement letters, and
8  on attorneys' business cards.[4]  The letterhead, engagement letters, and business
9  cards also note that "Fulbright & Jaworski LLP is a limited liability partnership
10 registered under the laws of Texas."[5]  The website contains a more complete
11 description of the legal arrangements and member firms through the "Legal
12 notices" link at the bottom of most screens.[6]  The form engagement letters make
13 clear that the particular member firm involved (*e.g.*, Fulbright & Jaworski LLP)
14 will represent the client in connection with a particular matter, and there is a
15 separate section entitled "Who Will Provide the Legal Services" that confirms this.[7]
16 Thus, through at least the website, email, letterhead, form engagement letters, and
17 business cards, the member firms are transparent that they are separate entities and
18 provide legal services as separate entities.

19     Importantly, member firms do not share privileged information with other
20 member firms unless they are retained by and working together for a client on the
21 same matter.  (McNabb Decl. ¶ 10.)  The form retention letters inform clients of
22 this.  (*Id.*)  Any other sharing of information is limited to the business of the
23 member firms, *e.g.*, for purposes of checking conflicts or marketing.  (*Id.*)  Indeed,

---

25 [4] *See* http://www.nortonrosefulbright.com/about-us/; (McNabb Decl. ¶ 14.)
26 [5] (McNabb Decl. ¶ 14.)
27 [6] *See* http://www.nortonrosefulbright.com/legal-notices-and-disclaimers/.
28 [7] (McNabb Decl. ¶ 15.)

DOCUMENT PREPARED
ON RECYCLED PAPER

1    member firms do not have access to each other's client files.  (*Id.* ¶ 11.)

2         In short, while Mr. Woodbridge may be a client of NRFC, he is not a client

3    of Fulbright & Jaworski and never has been.  Similarly, neither Plaintiff nor MVD

4    (the other non-party now alleged to have an interest here) has ever been a client of

5    Fulbright & Jaworski.

6    **III.   ARGUMENT AND AUTHORITIES**

7         **A.   Plaintiff Lacks Standing to Seek Disqualification of Duke's**

8              **Counsel**

9         In federal court, the general rule is that standing to bring a disqualification

10   motion based on a conflict of interest is limited to clients or former clients.  *See*

11   *Colyer v. Smith*, 50 F. Supp. 2d 966, 971 (C.D. Cal. 1999) ("Generally, only the

12   former or current client will have [a personal stake in the motion to disqualify

13   sufficient to satisfy the 'irreducible constitutional minimum' of Article III] in a

14   conflict of interest dispute."); *see also Kasza v. Browner*, 133 F.3d 1159, 1171 (9th

15   Cir. 1998)  ("As a general rule, courts do not disqualify an attorney on the grounds

16   of conflict of interest unless the former client moves for disqualification.") (internal

17   quotation marks and citations omitted), *cert. denied*, 525 U.S. 967 (1998).

18        District courts in this Circuit recognize a very limited exception to the

19   principle that only clients have standing:[8]  A non-client may have standing to seek

20   disqualification only where it has a sufficient "personal stake" in the motion

21   because "the ethical breach so infects the litigation in which disqualification is

22   sought that it impacts the moving party's interest in a just and lawful determination

23   of her claims."  *Colyer*, 50 F. Supp. 2d at 971-72; *see also Great Lakes Const.*, 186

24   Cal. App. 4th at 1358 (applying *Colyer* and stating: "the nonclient must meet

25

26   ─────────────────
     [8] However, "[m]ore recent California authority has rejected this exception as a

27   minority view."  *Corns v. Laborers Int'l Union of N. Am.*, No. 09-CV-4403 YGR,
     2014 U.S. Dist. LEXIS 44996, at *8 n. 3 (N.D. Cal. Mar. 31, 2014) (citing *Great*

28   *Lakes Const., Inc. v. Burman*, 186 Cal. App. 4th 1347, 1356-57 (App. Ct. 2010)).

DOCUMENT PREPARED
ON RECYCLED PAPER

40955580.7                                    - 5 -
─────────────────────────────────────────────
DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT'S COUNSEL
                                                         SACV14-01020 DOC (ANX)

stringent standing requirements, that is, harm arising from a legally cognizable interest which is concrete and particularized, not hypothetical"). "[T]he exception is reserved for an ethical breach that is so 'manifest and glaring' that it 'obstructs the orderly administration of justice.'" *Abassi v. BAE Sys. Info. & Elec. Sys. Integration*, No. 10cv1745 BEN (AJB), 2011 U.S. Dist. LEXIS 22410, at *5 (S.D. Cal. Mar. 7, 2011) (quoting *Colyer*, 50 F. Supp. 2d at 972). To come within the exception and satisfy the constitutional requirement of an "injury in fact," the non-client must demonstrate how counsel's continuation in the case actually will damage the proceedings and <u>its</u> rights. *See Colyer*, 50 F. Supp. 2d at 973; *Simonca v. Mukasey*, No. CIV. S-08-1453 FCD GGH, 2008 U.S. Dist. LEXIS 101969, at *10 (E.D. Cal. Nov. 25, 2008) (explaining that "the moving party must demonstrate how opposing counsel's representation in the case causes the *movant* injury" and that "[i]t is not sufficient that the party moving for disqualification shows that the lawyer's client may be injured by his counsel's continued involvement in the case"). Plaintiff has failed to carry its burden and demonstrate that it has standing to seek disqualification here.

Plaintiff is the only party moving to disqualify Duke's counsel. It is undisputed that Plaintiff is not and never was a client of Duke's counsel, Fulbright & Jaworski. (Dkt. 21-1, p. 10; McNabb Decl. ¶ 3.) Accordingly, Plaintiff seeks to disqualify Duke's counsel based on alleged interests of Jayson Woodbridge, a non-party, and his claim that confidential information concerning this litigation was imparted to his counsel, Mr. Rakochey. But as discussed above, Mr. Rakochey is a lawyer with NRFC, which is separate from Duke's counsel in this litigation, Fulbright & Jaworski.[9] (McNabb Decl. ¶¶ 5-11.)

Plaintiff, the licensor of the marks at issue, claims that it may seek disqualification because it is really a nominal party and because a person who is not

---

[9] *See supra* pp. 2-4.

DOCUMENT PREPARED
ON RECYCLED PAPER

its owner but rather is an owner of a licensee may seek disqualification based on information that is only described in the vaguest of terms. But Article III standing does not stretch this far, and none of the cases Plaintiff cites signal otherwise.[10] Plaintiff is really asking the Court to make new law and extend the limited principle of non-client standing to another degree of separation.

Further, Plaintiff's claim that it is merely a nominal party is disingenuous. This case is about intellectual property rights. Plaintiff is seeking to assert its own intellectual property rights through this case. (Dkt. 1, ¶¶ 27, 37, 40.) Plaintiff made no mention of Mr. Woodbridge in its complaint and filed a Notice of Interested Parties with the Court certifying that it and Duke were the only parties that "may have a pecuniary interest in the outcome of this case." (Dkt. 2.)

Plaintiff claims the possibility that "the Fulbright Firm" may use to its detriment unspecified confidential information[11] means it has a personal stake here.

---

[10] *See TransPerfect Global, Inc. v. MotionPoint Corp.*, No. C-10-02590 CW (JCS), 2012 U.S. Dist. LEXIS 85649, at *21, 27 (N.D. Cal. June 20, 2012) (non-client closely-held S-corporation had standing because counsel represented the corporation's two co-owners, co-CEOs and only board members); *Dimenco v. SEIU*, No: C 10-03112 SBA, 2011 U.S. Dist. LEXIS 4068, at *11-12 (N.D. Cal. Jan. 4, 2011) (defendants had standing by virtue of Labor-Management Reporting and Disclosure Act, which provided that union members filing a dissolution suit do so "*in a representative capacity on behalf of the local union*," so the union's and the defendant trustees' interests must be considered); *Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 818-19 (N.D. Cal. 2004) (non-client Concat had standing due to client's ownership and management interest in Concat and due to fact that the client was a percipient witness to key facts in the litigation); *Decaview Distrib. Co. v. Decaview Asia Corp.*, No. C 99-02555 MJJ (ME), 2000 U.S. Dist. LEXIS 16534, at *9-10, 30-34 (N.D. Cal. Aug. 14, 2000) (non-client parent company had standing as the client subsidiary's majority shareholder; parent maintained significant control over subsidiary's financial operations; and because counsel was obliged to obtain parent's consent before representing subsidiary and its director, counsel was assumed to have known about the parent's significant role in the subsidiary's operations and its expectation that confidences would be protected).

[11] The slim details Mr. Woodbridge reveals in his declaration regarding his dealings with Mr. Rakochey do not allow the Court or Fulbright & Jaworski to test the claim

- 7 -

DOCUMENT PREPARED
ON RECYCLED PAPER

But this theoretical possibility does not establish standing because it is, in fact, nonexistent.  Duke's counsel, Fulbright & Jaworski, does not have any confidential information concerning Plaintiff, Mr. Woodbridge, or MVD, and it does not have access to any such information.  (McNabb Decl. ¶¶ 10-12; *see also* Declaration of John A. O'Malley ("O'Malley Decl.") ¶ 3.)  Counsel made this clear to Plaintiff in the opposition to Plaintiff's ex parte application (Dkt. 19, p. 4), and NRFC made this clear to Plaintiff's counsel a week earlier.[12]  Specifically, no one from Fulbright & Jaworski LLP has access to any files or confidential information in the possession of NRFC on Mr. Woodbridge and the businesses in which he has an interest, and no one from NRFC has access to any files or confidential information in the possession of Fulbright & Jaworski on Duke.   (McNabb Decl. ¶ 11.) Moreover, the professional responsibilities of NRFC to Mr. Woodbridge prohibit NRFC from sharing with attorneys at Fulbright & Jaworski any information relating to Mr. Woodbridge and his businesses which may be prejudicial to him or those businesses.  (Dkt. 21-8, p. 2.)  Further, as NRFC confirmed to Plaintiff's counsel, Mr. Rakochey has had no communications with anyone at Fulbright & Jaworski relating to this matter, nor will he in the future.  (*Id.*; O'Malley Decl. ¶ 4.)

Because any confidential information in the possession of NRFC is completely protected, there is no risk to Mr. Woodbridge, his businesses, or Plaintiff arising from the relationship between NRFC and Fulbright & Jaworski.  (*See* Dkt. 21-8, p. 2.)  This reality means the alleged conflict fails to "rise to the

_____

that confidential information concerning this litigation in fact was shared with Mr. Rakochey or learn what the alleged confidential information is.   Fulbright & Jaworski has not sought a declaration from Mr. Rakochey regarding his communications with Mr. Woodbridge and does not want to become knowledgeable about any confidential information Mr. Rakochey may have.

[12] See the August 21, 2014, email from Michael Wylie to Plaintiff's counsel, which is attached as Exhibit A to Duke's opposition and as Exhibit 6 to Mr. Hochner's declaration.  (Dkt. 19, p. 7-8; Dkt. 21-8, p. 2.)

DOCUMENT PREPARED
ON RECYCLED PAPER

1  level where it infects the proceedings and threatens [Plaintiff's] individual right to a

2  just determination of [its] claims."  *See Colyer*, 50 F. Supp. 2d at 973; *see also*

3  *Simonca*, 2008 U.S. Dist. LEXIS 101969, at *16 (potential injury of a speculative

4  nature is insufficient for non-client standing).

5       Article III requires more than just aligned interests, it requires that <u>the</u>

6  <u>movant</u> (not a third party) have an "injury in fact" causally related to the conduct in

7  issue.  *See Colyer*, 50 F. Supp. 2d at 968, 972.  Plaintiff has failed to show that it

8  has suffered any injury and has failed to show that it has standing to seek

9  disqualification of Duke's counsel.

10      **B.**    <u>**Plaintiff Has Not Satisfied Its Burden of Showing That**</u>

11         <u>**Disqualification Is Required**</u>

12       In seeking disqualification, the moving party bears the burden of

13  demonstrating that disqualification is required.  *City & County of San Francisco v.*

14  *Cobra Solutions, Inc.*, 38 Cal. 4th 839, 847 (2006).  This burden is heavy, as courts

15  recognize that disqualification is a "drastic measure" that is disfavored.  *Concat*,

16  350 F. Supp. 2d at 814; *In re Marvel*, 251 B.R. 869, 871 (N.D. Cal. 2000).

17  Accordingly, requests for disqualification must be subjected to "particularly strict

18  judicial scrutiny," and disqualification is proper only when such remedy is

19  "absolutely necessary."  *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d

20  1045, 1050 (9th Cir. 1985); *O'Shea v. Epson Am., Inc.*, No. CV 09-8063 PSG

21  (CWx), 2010 U.S. Dist. LEXIS 62809, at *5 (C.D. Cal. June 4, 2010); *Concat*, 350

22  F. Supp. 2d at 814.

23       Moreover, courts have discretion to decline to disqualify counsel even when

24  counsel has engaged in a conflicted representation.  *UMG Recordings, Inc. v.*

25  *Myspace, Inc.*, 526 F. Supp. 2d 1046, 1062-63 (C.D. Cal. 2007).  If an alleged

26  ethical transgression is unlikely to have a substantial continuing effect on future

27  judicial proceedings, disqualification is not appropriate.  *Id.* at 1064; *Baugh v. Garl*,

28  137 Cal. App. 4th 737, 744 (App. Ct. 2006); *Hetos Invs., Ltd. v. Kurtin*, 110 Cal.

App. 4th 36, 48 (App. Ct. 2003).  Courts are to take a "case by case" approach in assessing disqualification.  *Kirk v. First Am. Title Ins. Co.*, 183 Cal. App. 4th 776, 793-95, 800 (App. Ct. 2010).  They must also take into consideration the non-moving party's right to counsel of choice.  *Id.* at 807, 809; *Cobra Solutions*, 38 Cal. 4th at 846, 851.

As discussed below, the facts here demonstrate that there is no conflict. Plaintiff has failed to carry its burden and has failed to demonstrate that disqualification is absolutely necessary here.

### 1.     There Is No Conflict Because There Is No Basis for Imputation or Proof of Shared Information

Plaintiff argues that Duke's counsel believes it is exempt from the California Rules of Professional Conduct because it is part of a Swiss Verein.  Not so.  The Rules, which were adopted by the Board of Governors of the State Bar of California and approved by the Supreme Court of California (CAL. R. PROF. CONDUCT 1-100(A)), define a "Law Firm" for purposes of the Rules. Rule 1-100(B)(1) provides:

"Law Firm" means:

(a) two or more lawyers whose activities constitute the practice of law, and who share its profits, expenses, and liabilities; or

(b) a law corporation which employs more than one lawyer; or

(c) a division, department, office, or group within a business entity, which includes more than one lawyer who performs legal services for the business entity; or

(d) a publicly funded entity which employs more than one lawyer to perform legal services.

CAL. R. PROF. CONDUCT 1-100(B)(1).  The Discussion to the rule, which provides authoritative interpretive guidance, explains: "Law firm, as defined by subparagraph (B)(1), ***is not intended to include an association of lawyers who do***

DOCUMENT PREPARED
ON RECYCLED PAPER

1  ***not share profits, expenses, and liabilities***."  *Id.* at Discussion (emphasis added).[13]

2  As explained above and in the declaration of Mr. McNabb, Fulbright & Jaworski

3  and NRFC do not share profits, expenses, or liabilities.  (McNabb Decl. ¶ 9.)  Thus,

4  there is no basis to impute any confidential information supposedly provided to Mr.

5  Rakochey at NRFC in Calgary to Mr. O'Malley at Fulbright & Jaworski in Los

6  Angeles.[14]   The safeguards in place—in particular, segregated client files—

7  reinforce this conclusion.  (*See id.* ¶¶ 10-11); *Kirk*, 183 Cal. App. 4th at 815

8  ("When considering vicarious disqualification of a firm based on the presence of a

9  tainted attorney, the issue is whether there is a likelihood that other attorneys at the

10  firm may receive and use the information possessed by the tainted attorney in the

11  pending action.").  And since there is no proof whatsoever that such information

12  was ever shared, and all the proof is to the contrary, there is no conflict, no rule

13  violation, and no basis for disqualification.

14        Specifically, Fulbright & Jaworski has never represented Mr. Woodbridge

15  (or Plaintiff or MVD), so it could not have violated Rule 3-310(C) or (E).  Nor has

16  Fulbright & Jaworski "obtained confidential information" of Mr. Woodbridge (or

17  Plaintiff or MVD) such that it could violate Rule 3-310(E).  California case law

18  (and federal courts interpreting this law) extends imputation to a conflicted lawyer's

19

20  [13] According to Rule 1-100(C), the comments contained in the Discussions of the
21  rules "are intended to provide guidance for interpreting the rules and practicing in
22  compliance with them."  CAL. R. PROF. CONDUCT 1-100(C).

23  [14] As Plaintiff notes, the Central District of California has adopted the Rules of
   Professional Conduct of the State Bar of California as the standards of professional
24  conduct (*see* L.R. 83-3.1.2), so there is no room to argue that any other law applies.
   *See also Cobra Solutions*, 38 Cal. 4th at 852 (ABA Model rules only serve as
25  guidelines "absent on-point California authority or a conflicting state public
   policy"); *Hetos Invs.*, 110 Cal. App. 4th at 46 ("[T]he ABA Model Rules of
26  Professional Conduct . . . do not establish ethical standards in California, as they
   have not been adopted in California and have no legal force of their own.") (internal
27  quotation marks and citation omitted).

28

DOCUMENT PREPARED
ON RECYCLED PAPER

1   law firm, not a vague "legal practice."[15]

2        Fulbright & Jaworski represents Duke.  (McNabb Decl. ¶¶ 2, 13.)  It does not

3   represent Plaintiff, Mr. Woodbridge, or MVD and has never represented any of

4   them.  (*Id.* ¶¶ 3-4.)  In light of California's rules, the fact that NRFC represents

5   Woodbridge is irrelevant.  And the precise nature or subject of Mr. Rakochey's

6   advice is irrelevant.  There simply is no conflict here.

7             **2.  An "Appearance of Impropriety" Is Not a Separate Basis for**

8                  **Disqualification**

9        Contrary to what Plaintiff states in its motion, disqualification cannot be

10  premised on a mere "appearance of impropriety."  First, the case Plaintiff cites for

11  this proposition, *In re Petroleum Products Antitrust Litigation*, 658 F.2d 1355 (9th

12  Cir. 1981), was based on a prior local rule that is no longer in force.  *See In re*

13  *McKinney Ranch Assocs.*, 62 B.R. 249, 258 n. 12 (C.D. Cal. 1986).  Second, courts

14  construing California law have consistently held that an appearance of impropriety

15  is not itself an independent basis for disqualification.  *See, e.g.*, *Addam v. Superior*

16  *Court*, 116 Cal. App. 4th 368, 372 (App. Ct. 2004) (an appearance of impropriety

17  by itself does not support a lawyer's disqualification); *Hetos Invs.*, 110 Cal. App.

18
19  [15] *See Cobra Solutions*, 38 Cal. 4th at 847-48 ("Normally, an attorney's conflict is
20  imputed to the law firm as a whole[.]"); *In re County of Los Angeles*, 223 F.3d 990,
    996 (9th Cir. 2000) (applying California law and stating: "The vicarious
21  disqualification of an entire firm can work harsh and unjust results, particularly in
    today's legal world where lawyers change associations more freely than in the
22  past."); *Kirk*, 183 Cal. App. 4th at 814 ("[W]hen a tainted attorney moves from one
    private law firm to another, the law gives rise to a rebuttable presumption of
23  imputed knowledge to the law firm, which may be rebutted by evidence of effective
24  ethical screening."); *Adams v. Aerojet-General Corp.*, 86 Cal. App. 4th 1324, 1333
    (App. Ct. 2001) ("[W]here the attorney is disqualified from representation due to an
25  ethical conflict, the disqualification extends to the entire firm at least where an
    effective ethical screen has not been established.") (citations omitted); LACBA
26  Formal Opinion No. 501, p. 4 (1999) ("The imputed knowledge rule presumes that
27  confidential information possessed by one lawyer in a law firm is also possessed by
    all the other lawyers in that law firm.").
28

4th at 40, 47 ("Appearance of impropriety is not the test for disqualification of counsel in California.").

Here, though Plaintiff distorts the facts to attempt to create an appearance of impropriety, even this is missing.  Duke's counsel has shown that 1) it has never represented Plaintiff, Mr. Woodbridge, or MVD, so there is no basis for a conflict of interest, and 2) it has not obtained confidential information concerning Plaintiff, Mr. Woodbridge, or MVD.  (McNabb Decl. ¶¶ 3-4, 12; O'Malley Decl. ¶ 3.)  Moreover, the structure of the Norton Rose Fulbright Verein and the ethical rules that bind the attorneys at issue assure that there will be no disclosure of confidential information to Duke's counsel.  (McNabb Decl. ¶¶ 10-11; Dkt. 21-8, p. 2.); *see also U.S. v. Walker River Irrigation Dist.*, No. 3:73-CV-127-ECR (RAM), 2006 U.S. Dist. LEXIS 95342, at *22 (D. Nev. Mar. 10, 2006) ("Courts 'must assume that an attorney will observe his responsibilities to the legal system, as well as to his client[,]' *Geders v. United States, 425 U.S. 80, 93, 96 S. Ct. 1330, 47 L. Ed. 2d 592 (1976)* (Marshall, J., concurring), unless there is evidence to the contrary[.]"); *Addam*, 116 Cal. App. 4th at 372 (court should start with the presumption that, unless proven otherwise, lawyers will behave in an ethical manner).  Accordingly, there is no possibility that Mr. Rakochey's involvement with Mr. Woodbridge will have any effect on proceedings in this case, no plausible claim of prejudice, and no basis for disqualification here.

## C.  Plaintiff's Motion May Be Moot

Disqualification is a remedy designed to prevent continued misconduct, not to be used where all subject conduct occurred in the past, since there is then no future remedial purpose.  Should the Court grant Duke's motion to dismiss, the motion to disqualify should be denied as moot.  *See Sepehry-Fard v. Countrywide Home Loans, Inc.*, No. 13-cv-05769-BLF, 2014 U.S. Dist. LEXIS 81160, at *19-20 (N.D. Cal. June 13, 2014) (denying motion to disqualify defendants' counsel as moot where complaint was dismissed due to lack of subject matter jurisdiction);

*Turner v. Smith*, No. C 11-05176 CRB, 2013 U.S. Dist. LEXIS 53639, at *17-18 (N.D. Cal. Apr. 15, 2013) (denying motion to disqualify defendants' counsel as moot where complaint was dismissed in its entirety without leave to amend).  There is no way any alleged conflict or confidential information could have "infected" these proceedings because the motion to dismiss simply addresses venue and Duke's contacts with the forum.

## IV.   <u>CONCLUSION</u>

For the reasons stated herein, Plaintiff's Motion should be denied.


Dated:  September 8, 2014                    JOHN A. O'MALLEY
                                                              CRISTINA C. LONGORIA
                                                              **FULBRIGHT & JAWORSKI LLP**



                                                              By  /s/ John A. O'Malley
                                                              JOHN A. O'MALLEY
                                                              Attorneys for Defendant
                                                              DUKE UNIVERSITY

DOCUMENT PREPARED
ON RECYCLED PAPER