JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1020-DOC (ANx)                    Date: September 30, 2014

Title: JOHN WAYNE ENTERPRISES, LLC V. DUKE UNIVERSITY ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** ORDER GRANTING MOTION TO DISMISS [10]; VACATING MOTION TO DISQUALIFY DEFENDANT'S COUNSEL AS MOOT [21]

Before the Court is Defendant's Motion to Dismiss (Dkt. 10). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the Motion ("Mot."), Opposition ("Opp'n") (Dkt. 15) and Reply (Dkt. 16), the Court GRANTS Defendant's Motion to Dismiss. Consequently, the Court VACATES as moot Plaintiff's Motion to Disqualify Defendant's Counsel (Dkt. 21).

I.  **BACKGROUND**

John Wayne Enterprises, LLC ("JWE") is a company based in in Newport Beach, California that owns the rights to John "Duke" Wayne's name, image, likeness, etc. Complaint ("Compl.") ¶ 3; Opp'n at 1. Duke University ("Duke") is a non-profit research and educational institution located in Durham, North Carolina. Declaration of Kate S. Hendricks ("Hendricks Decl.") ¶ 2. JWE and Duke have been involved in numerous proceedings before the U.S. Patent and Trademark Office's Trademark Trial and Appeal Board ("TTAB") in connection with certain marks each of the parties has sought to register. *See* Declaration of Susan Freya Olive ("Olive Decl.") ¶¶ 2–3. This action arises out of JWE's attempts to register the nickname "Duke," along with John Wayne's image

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-01020-DOC (ANx)                                        Date: September 30, 2014
                                                                                                                                                                      Page 2

and likeness, in connection with the sale of high end alcoholic beverages. *Id.* Though the parties are involved in adversary proceedings before the TTAB in Alexandria, Virginia, JWE recently filed a motion to suspend proceedings there pending conclusion of the matter currently before the Court. *See* Olive Decl. ¶¶ 5, 9.

On July 3, 2014, JWE filed this action seeking judicial determination that its registration and use of certain marks (1) are not likely to cause confusion with and/or violate any of Duke's valid trademarks and (2) do not dilute any of Duke's valid trademarks. *See* Compl. ¶¶ 35–40. Duke filed this Motion on August 7, 2014, alleging that JWE's Complaint should be dismissed for lack of personal jurisdiction and improper venue. Mot. at 1. JWE concedes that Duke has an insufficient number of connections with the state of California to enable the Court to exercise general personal jurisdiction over it. *See* Opp'n at 12; Hendricks Decl. ¶¶ 11–17. However, JWE contends (1) the Court has specific personal jurisdiction over Duke and (2) venue is therefore proper. Opp'n at 5.

While JWE may have a compelling argument against the scope of Duke's trademarks, this matter should not be addressed in the Central District of California for the reasons discussed below.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to dismiss an action as to him or herself because a court lacks personal jurisdiction over him or her. Fed. R. Civ. P. 12(b)(2). Where there is no federal statute controlling the Court's exercise of personal jurisdiction, federal courts must look to the forum state's jurisdictional statute to determine whether it is proper to assert personal jurisdiction. *Id.* The California long-arm statute provides that "[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10. Thus, the court's jurisdictional analysis under California law and federal due process is the same. *Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909, 919 (9th Cir. 2011); *Yahoo! Inc. v. La Ligue Control Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006).

For a court to exercise personal jurisdiction over a nonresident defendant, the defendant must have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The plaintiff bears the burden of showing that the court has personal jurisdiction over the defendants. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). "[T]his demonstration requires that

Case 8:14-cv-01020-DOC-AN Document 31 Filed 09/30/14 Page 3 of 7 Page ID #:365

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-01020-DOC (ANx)            Date: September 30, 2014

Page 3

the plaintiff make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Id*. (quotations omitted). "The plaintiff cannot simply rest on the bare allegations of its complaint, but uncontroverted allegations in the complaint must be taken as true." *Mavrix Photo, Inc. v. Brand Techs., Inc*., 647 F.3d 1218, 1223 (9th Cir. 2011) (quotations omitted). In assessing whether a defendant has minimum contacts with the forum state, courts may consider evidence presented in affidavits and declarations in determining personal jurisdiction. *Doe v. Unocal Corp*., 248 F.3d 915, 922 (9th Cir. 2001).

### III. DISCUSSION

#### A. The Court Does Not Have Personal Jurisdiction Over Duke University.

Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either "specific or case-linked jurisdiction" or "general or all-purpose jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). JWE concedes the Central District of California does not have general jurisdiction over Duke. *See* Opp'n at 12. Therefore, the Court only addresses whether it may exercise specific jurisdiction over Duke.

Generally, courts may assert specific jurisdiction over a claim for relief that arises out of the defendant's forum-related activities. *Rano v. Sipa Press, Inc*., 987 F.2d 580, 588 (9th Cir. 1993). The Ninth Circuit has established a three-part test for determining whether a court may exercise specific jurisdiction:

> (1) the defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;
>
> (2) the claim must arise out of or result from the defendant's forum-related activities; and
>
> (3) exercise of jurisdiction must be reasonable.

*Id*.; *see also Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475–76 (1985).

#### 1. Purposeful Direction

The first part of the specific jurisdiction test is divided into two distinct concepts: "purposeful direction," and "purposeful availment." *Fiore v. Walden*, 657 F.3d 838, 848

(9th Cir. 2011); *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 801 (9th Cir. 2004). In non-contract cases, the Ninth Circuit typically inquires "whether a defendant '*purposefully direct[s]* his activities' at the forum state, applying an 'effects test' that focuses on the forum in which the defendant's actions were felt [and] whether or not the actions themselves occurred within the forum." *Yahoo! Inc*., 433 F.3d at 1206 (quoting *Schwarzenegger*, 374 F.3d at 803) (emphasis added). Evidence of purposeful direction "generally consists of action taking place *outside* the forum that is directed at the forum." *Pebble Beach*, 453 F.3d at 1155 (emphasis added).The "effects test," stemming from the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984), is satisfied if the defendant has "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002); *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting *Yahoo!*, 433 F.3d at 1206).

### a. Intentional Acts

The first prong of the "effects test" requires that Duke acted intentionally. *See Dole Food*, 303 F.3d at 1111. Courts in the Ninth Circuit "construe 'intent' in the context of the 'intentional act' test as referring to an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Schwarzenegger*, 374 F.3d at 806. By filing an opposition to JWE's application, Duke expressly intended to impede JWE's ability to register certain trademarks with the TTAB. Therefore, Duke committed an intentional act within the meaning of the test identified in *Dole*. Because it is clear that JWE has sufficiently alleged that Duke acted intentionally, we move to the "express aiming" requirement.

### b. Expressly Aimed at the Forum State

The second prong of the "effects test" requires that Duke acted in a way that was wrongful and expressly aimed at affecting California. *See Dole Food*, 303 F.3d at 1111. Under *Walden v. Fiore*, 134 S. Ct. 1115, 1122-23 (2014), the Court's analysis must take into consideration Duke's contacts with California, not simply the effects of JWE's contacts with persons who reside in California. In *Walden*, petitioner, "a Georgia police officer working as a deputized Drug Enforcement Administration agent at a Georgia airport[,] searched respondents and seized a large amount of cash." *Id.* at 1117. Shortly thereafter, respondents sued petitioner in the U.S. District Court for the District of Nevada alleging that the seizure violated their Fourth Amendment rights. *Id.* The Court found that "[p]etitioner's actions in Georgia did not create sufficient contacts with

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-01020-DOC (ANx)                                Date: September 30, 2014

                                                                                                                                        Page 5

Nevada simply because he allegedly directed his conduct at plaintiffs whom he knew had Nevada connections." *Id.* at 1125. In doing so, the Court rejected the Ninth Circuit's then-existing view that knowledge of a plaintiff's forum connections – combined with foreseeable effects in that forum – are enough to constitute "minimum contacts." *See id.* at 1123 ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the "random, fortuitous, or attenuated" contacts he makes by interacting with other persons affiliated with the State.").

In this case, Duke was aware of JWE's presence in California and understood that any consequence of filing an opposition to JWE's trademark application would therefore be felt in California. *See* Reply at 5, n.3. However, under *Walden*, Duke's opposition to JWE's trademark application must specifically connect Duke to California, and it is not enough that Duke simply knew JWE had California connections. 134 S. Ct. at 1124–26. Accordingly, Plaintiff has failed to show how Duke purposefully directed its conduct at California by filing an opposition to JWE's trademark application in Virginia.

### c. Harm Likely to Be Suffered in Forum State

The third prong of the "effects test" requires that Duke acted in a way that caused harm it knew JWE would likely suffer in California. *See Dole Food*, 303 F.3d at 1111. JWE alleges Duke filed an opposition with the TTAB "knowing that the effect of the opposition would be to 'blunt' JWE's ability to conduct its business in California." Opp'n at 3–4. However, JWE fails to support these allegations with facts sufficient for the Court to find in its favor. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007) (holding that a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); *Maya v. Centex Corp.*, 658 F.3d 1060, 1067-68 (9th Cir. 2011) ("the complaint cannot survive a motion to dismiss unless it alleges facts that plausibly (not merely conceivably) entitle plaintiff to relief.").

Moreover, the harm JWE complains of is also entirely distinct from the harm in the published case on which it primarily relies, *Yahoo!*, and from the harm in a majority of cases in the Ninth Circuit. *See, e.g., CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1079 (9th Cir. 2011) (alleging *economic harm* based on misappropriation/loss of a "competitive edge in the market") (emphasis added); *Yahoo!*, 433 F.3d at 1210 (finding harm where a company would be forced to *perform significant acts* in California and pay increasing penalties should plaintiff fail to perform certain tasks) (emphasis added); *Schwarzenegger*, 374 F.3d 797, 800 (alleging *economic harm* to preexisting rights based on the unauthorized use of images) (emphasis added); *Dole Food*, 303 F.3d at 1112 (alleging *economic harm* based on a fraudulently induced payment for "all of the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 14-01020-DOC (ANx) | Date: September 30, 2014 |
| | Page 6 |

costs associated with the warehousing space and lease agreement") (emphasis added); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998) (alleging *economic harm* to preexisting rights based on trademark violations) (emphasis added). If Duke prevails, the effect of the opposition would simply mean that JWE's proposed marks are not registered. In such a situation, JWE will not incur significant financial costs, or like in *Yahoo!*, be forced to change its regular course of business by performing significant acts in California. *See* 433 F.3d at 1210. And apart from an unpublished case in Nebraska, there is no basis for JWE's contention that a defendant's actions to protect its intellectual property rights in an administrative proceeding constitute the type of harm contemplated under the "effects test." *See Buck's, Inc. v. Buc-ee's, Ltd.*, 2009 U.S. Dist. LEXIS 53861 (relying on an analysis that simply focused on whether the acts were "performed for the very purpose of having their consequences felt in the forum state.").

Accordingly, Duke has not purposefully directed activities at the forum state and has not availed itself of the protections of that state's laws.

### 2. Arising Out of Forum–Related Activities

The second part of the specific jurisdiction test requires that the claim arise out of the defendant's forum-related activities. *Dole Food*, 303 F.3d at 1111. The Court employs a "but for" test to make this determination. *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1131–32 (9th Cir. 2003) (citing *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995)). While it is true that "but for" Duke's opposition to JWE's trademark application JWE would not have instigated this action, the claims must arise out of Duke's contacts *with California*. *See CollegeSource, Inc.*, 653 F.3d at 1079 (finding that claims must arise out of defendant's activities with the forum-state); *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 864 (9th Cir. 2003) (clarifying that "the specific jurisdiction test asks whether the claim arises out of or results from the Defendants' forum-related activities."). As discussed above, Duke's opposition to JWE's trademark application does not sufficiently relate and therefore give rise to its contacts with California.

### 3. Reasonableness

Since JWE has failed to show that Duke purposefully established minimum contacts with California, it is unnecessary to address whether the Court's jurisdiction would be reasonable.

Accordingly, the Court concludes that it lacks personal jurisdiction over Duke University for this case.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-01020-DOC (ANx)                               Date: September 30, 2014

                                                                                                                Page 7

### B. Venue is Improper

Under 28 U.S.C. § 1391(b), venue is proper in a judicial district only where: (1) "any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "any defendant is subject to the court's personal jurisdiction" if "there is no district in which an action may otherwise be brought as provided in this section."

For venue purposes, a defendant "resides" in any state where it is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(c)(2). Since the Court does not have personal jurisdiction over Duke, it does not "reside" in California within the meaning of 28 U.S.C. § 1391(c)(2). Similarly, since the Middle District of North Carolina has personal jurisdiction over Duke, subsection (b)(3) does not apply. *See* Hendricks Decl. ¶ 2.

Lastly, venue is improper because, under subsection (b)(2), a "substantial part of the events" did not occur within the Central District of California. *See* Olive Decl. ¶ 5 (the parties are involved in "opposition proceedings before the TTAB *in Alexandria, Virginia*"). Likewise, JWE's claims against Duke did not arise out of Duke's contacts with California for the reasons discussed above. And while venue can also be established where "a substantial part" of the property at issue is located, the term "property" refers to physical property. *See Samuel G. Keywell Co. v. Weinstein*, CIV. A. HAR-91-659, 1991 WL 149894 (D. Md. July 31, 1991) ("the *physical presence* of property can ground venue when the property is the very subject of the suit, even if the conduct that made the claim with respect to that property actionable took place elsewhere.") (emphasis added). Accordingly, venue is improper for the reasons stated above.

### IV. DISPOSITION

For the reasons stated above, the Court GRANTS Defendant's Motion to Dismiss for lack of personal jurisdiction and improper venue, and DISMISSES this action WITHOUT PREJUDICE. The Court VACATES as moot Plaintiff's Motion to Disqualify Defendant's Counsel.

The Clerk shall serve this minute order on the parties. The Clerk is instructed to close this case.